USDC SCAN INDEX SHEET










KAJ   8/21/06   9:26
3:06-CV-01682   MARKETING INFO V. BOARD OF TRUSTEES
*1*
*CMP.*

```
Gregory P. Goonan (Cal. Bar #119821)
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088

Attorneys for Plaintiff
Marketing Information Masters, Inc.
```

FILED

06 AUG 18 PM 4:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marketing Information Masters, Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>The Board of Trustees of the California State University System, a public entity acting through its subdivision San Diego State University; and Robert A. Rauch, an individual,<br><br>Defendants. | Case No. '06CV 1682 JAH JMA<br><br>COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT, CONVERSION, MISAPPROPRIATION, AND UNFAIR BUSINESS PRACTICES<br><br>JURY TRIAL DEMANDED |

Plaintiff Marketing Information Masters, Inc. ("Plaintiff") alleges as follows for its complaint:

## NATURE OF ACTION

1. This is an action for copyright infringement, conversion, misappropriation and unfair business practices under federal and California law.

2. Plaintiff is a corporation owned by an individual named Michael Casinelli. Plaintiff is in the business of performing marketing research studies for a variety of clients. Among the marketing research studies performed by Plaintiff are studies to evaluate the economic

COMPLAINT
- 1 -

ORIGINAL

impact of public events, including without limitation sporting events, on defined geographic regions.

3. Among the prominent sporting events that have been held for a number of years in the San Diego geographic region is a post-season college football bowl game called the Holiday Bowl, which is produced by a non-profit organization tasked with the job of organizing, promoting and administering the bowl game.

4. For a number of years, Mr. Casinelli was associated with committees and boards of the Holiday Bowl. As a result, for several years, Mr. Casinelli arranged to have Plaintiff perform studies of the economic impact that the Holiday Bowl had on the San Diego community. The results of the studies conducted by Plaintiff were memorialized in written reports, which are protected from copying and plagiarism under the copyright laws of the United States.

5. Because of Mr. Casinelli's association with the Holiday Bowl, Plaintiff charged the Holiday Bowl a fee for its work and for the use of its copyrighted written reports that was far below the market rate that an entity like the Holiday Bowl organization ordinarily would pay for the preparation and use of economic impact studies like those prepared for the Holiday Bowl by Plaintiff.

6. The last economic impact study prepared by Plaintiff for the Holiday Bowl organization assessed the impact of the 2003 Holiday Bowl on the San Diego community. The results of such study were memorialized in a written report (the "2003 Economic Impact Report") protected under the United States copyright laws. Plaintiff delivered the 2003 Economic Impact Report to the Holiday Bowl organization in or about February 2004.

7. After delivering the 2003 Economic Impact Report to the Holiday Bowl organization, Plaintiff decided that it could and would no longer charge below-market rates for the preparation of economic impact studies for the Holiday Bowl. Consequently, Mr. Casinelli informed the executives of the Holiday Bowl organization that the Holiday Bowl would need to pay a market rate for Plaintiff's economic impact studies from and after the 2003 study.

8. The Holiday Bowl organization was not willing to pay market rates to Plaintiff for Plaintiff's economic impact studies. Instead, the Holiday Bowl contracted with the Center for

Hospitality and Tourism Research at San Diego State University (the "SDSU Center for Hospitality and Tourism Research") conduct the economic impact study for the 2004 Holiday Bowl.

9. Defendant Robert A. Rauch was the director of the SDSU Center for Hospitality and Tourism Research at all relevant times and was the leader of the 2004 economic impact research study for the Holiday Bowl.

10. Unfortunately, however, Mr. Rauch and the SDSU Center for Hospitality and Tourism Research did not generate their own original work product in connection with the 2004 economic impact research study for the Holiday Bowl. Instead, Mr. Rauch and the SDSU Center for Hospitality and Tourism Research obtained a copy of Plaintiff's copyrighted 2003 Economic Impact Report and blatantly copied and plagiarized Plaintiff's copyrighted 2003 Economic Impact Report to prepare a written report for the Holiday Bowl about the purported economic impact of the 2004 Holiday Bowl on the San Diego community.

11. To make matters worse, the data and statistics presented by Mr. Rauch and the SDSU Center for Hospitality and Tourism Research were false, distorted and over-inflated, and did not accurately reflect the true economic impact of the 2004 Holiday Bowl on the San Diego community. Such falsification and distortion of the economic data was caused in large part by the fact that Mr. Rauch and the SDSU Center for Hospitality and Tourism Research simply copied Plaintiff's 2003 Economic Impact Report rather than independently performing a legitimate economic impact study and then independently writing a report about such study.

12. In doing the acts and things described in this complaint, Mr. Rauch and the SDSU Center for Hospitality and Tourism Research are guilty of infringing Plaintiff's copyright rights, and also are guilty of conversion and unfair business practices under California law. Indeed, Plaintiff is informed and believes and on that basis alleges that San Diego State University conducted its own internal investigation after learning about the wrongful conduct of Mr. Rauch and the SDSU Center for Hospitality and Tourism Research, and itself concluded that Mr. Rauch and the SDSU Center for Hospitality and Tourism Research were guilty of plagiarizing Plaintiff's 2003 Economic Impact Report.

13.  Plaintiff brings this action to secure the following relief under federal and California law: (1) injunctive relief prohibiting Defendants, and anyone else acting in concert and/or participation with Defendants, from continuing to infringe or otherwise use Plaintiff's copyrighted materials, specifically the 2003 Economic Impact Report; (2) and monetary damages for Defendants' past and continuing infringement of Plaintiff's copyrights, conversion, misappropriation, and unfair business practices, including without limitation disgorgement of all profit and gain that Defendants, and each of them, have achieved from their wrongful acts.

## JURISDICTION AND VENUE

14.  This Court has jurisdiction over this matter pursuant to (i) 28 U.S.C. § 1331 (action arising under the laws of the United States); (ii) 28 U.S.C. § 1338(a) (action arising under copyright law); (iii) 28 U.S.C. §1338(b) (claims for unfair competition joined with claims under the copyright law); and (iv) principles of pendant jurisdiction.

15.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b,c) and 28 U.S.C. § 1400(a).

16.  Plaintiff has complied with all requirements of California Government Code § 945.4 and 15 U.S.C. §§ 410 and 411.

## THE PARTIES

17.  Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business in El Cajon, California.

18.  Defendant The Board of Trustees of the California State University System is a public entity of unknown form which did business in San Diego, California by operating the university campus of San Diego State University. Defendant The Board of Trustees of the California State University System is referred to herein as "San Diego State University."

19.  Plaintiff is informed and believes and on that basis alleges that the SDSU Center for Hospitality and Tourism Research discussed herein was a program, subdivision and/or entity of unknown form managed and controlled by San Diego State University.

20.  Defendant Robert A. Rauch is an individual who resides and works in San Diego, California. Mr. Rauch was affiliated with The SDSU Center for Hospitality and Tourism

Research at all relevant times, but Plaintiff does not know whether Mr. Rauch was an employee of San Diego State University or an outside consultant with whom San Diego State University contracted to perform services for and on behalf of San Diego State University and the SDSU Center for Hospitality and Tourism Research.

21. Plaintiff sues Mr. Rauch both in his individual capacity as well as in his capacity as a public employee to the extent that Mr. Rauch was in fact an employee of San Diego State University. Mr. Rauch engaged in the wrongful acts alleged herein both in his individual capacity and in his capacity as a public employee to the extent Mr. Rauch was an employee of San Diego State University.

22. San Diego State University and Mr. Rauch are sometimes collectively referred to herein as "Defendants."

23. Plaintiff is informed and believes and on that basis alleges that each defendant was acting as the agent, servant, contractor, employee, principal, employer and/or co-conspirator of each remaining defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, servitude and employment, and/or in furtherance of such conspiracy, and with the knowledge, consent and ratification of each co-defendant. At all pertinent times, the officers, directors and/or managing agents authorized or ratified the wrongful acts alleged herein, and/or were personally responsible for these acts.

## BACKGROUND FACTS

24. The present lawsuit is based upon plagiarism, conversion and misappropriation by San Diego State University and Mr. Rauch of Plaintiff's 2003 Economic Impact Report and other proprietary information and intellectual property, and the falsification and distortion of the study results and data presented in the 2004 economic impact report prepared by Defendants.

25. As already described, Plaintiff is in the business of market analysis. For several years prior to 2004, Plaintiff was awarded a contract by the organization that coordinated and put on the Holiday Bowl (a post season college football game) to conduct studies about the economic impact of the Holiday Bowl on the San Diego economy.

26. The Holiday Bowl organization used Plaintiff's studies for a variety of purposes,

COMPLAINT
- 5 -

including without limitation marketing and publicity. The Holiday Bowl also used the economic impact studies performed by Plaintiff to obtain large grants of public funds from the City of San Diego, the County of San Diego, and the San Diego Unified Port District.

27. Plaintiff's study methodology, results, findings and conclusions, explanation and commentary on such results, findings and conclusions, and other insights were documented in written reports prepared by Plaintiff for the Holiday Bowl. Each report prepared by Plaintiff is a separate work protected by the copyright laws of the United States, and Plaintiff owns the copyright rights in each of such reports.

28. Consequently, none of the written reports could be copied, reproduced, distributed, transferred or sold without Plaintiff's permission and consent. Likewise, derivative works could not be prepared based upon Plaintiff's reports without Plaintiff's permission and consent.

29. The work at issue in this case is the economic impact report prepared by Plaintiff in 2004 regarding the economic impact of the 2003 Holiday Bowl on the San Diego community. Such report is referred to herein as Plaintiff's "2003 Economic Impact Report."

30. Prior to 2004, the Holiday Bowl committee paid Plaintiff the sum of $15,000.00 per year to perform economic impact studies for the Holiday Bowl. The $15,000.00 sum charged by Plaintiff was far below the market value for studies like Plaintiff's economic impact studies.

31. In negotiations for the contract for the 2004 study, Plaintiff advised the Holiday Bowl organization that it could no longer perform the economic impact study for the $15,000.00 sum that it previously charged. Instead, Plaintiff advised the Holiday Bowl organization that it would have to charge the Holiday Bowl the market rate for its work.

32. The Holiday Bowl organization refused to enter into a contract to pay Plaintiff a market rate for its work. Instead, the Holiday Bowl organization contracted with San Diego State University to perform an economic impact study for the Holiday Bowl for 2004 and for two additional years.

33. Mr. Rauch was the director of SDSU's Hospitality and Tourism Research function and oversaw the preparation of the 2004 study and report by San Diego State University.

34. In or about November 2003, Mr. Rauch contacted Mr. Casinelli (Plaintiff's owner

and principal) and asked Casinelli to serve as a consultant to Mr. Rauch and SDSU in connection with the preparation of the 2004 economic impact report. Mr. Rauch asked Mr. Casinelli to serve as a consultant because, according to Mr. Rauch, he did not know how to do the economic impact study and Mr. Rauch knew Plaintiff and Mr. Casinelli were experienced in performing such studies. Mr. Casinelli refused Mr. Rauch's offer.

35. After his conversation with Mr. Rauch, Mr. Casinelli contacted the executive director of the Holiday Bowl and expressly warned him that neither San Diego State University nor Mr. Rauch should be given access to the questionnaires and/or the work papers from the previous studies performed by Plaintiff because such materials were Plaintiff's proprietary information and intellectual property which neither San Diego State University nor Mr. Rauch had any right to access or use.

36. Notwithstanding the forgoing, and even though Plaintiff's 2003 Economic Impact Report was protected by copyright, SDSU and Mr. Rauch simply copied and plagiarized substantial portions of Plaintiff's 2003 Economic Impact Report and other proprietary information and intellectual property, substituting different data, to prepare the 2004 SDSU economic impact report instead of creating their own original report.

37. In copying and plagiarizing Plaintiff's 2003 Economic Impact Report, Mr. Rauch and San Diego State University for the most part did not even bother to re-type the 2003 Economic Impact Report. Instead, they simply scanned the report into a word processing program and then changed some of the data.

38. In other cases, San Diego State University and Mr. Rauch copied and/or arranged to have others under their management and control copy, verbatim and/or in substantial portion relevant materials from the 2003 Economic Impact Report and Plaintiff's other proprietary information and intellectual property.

39. The data and statistics presented by Mr. Rauch and the SDSU Center for Hospitality and Tourism Research were false, distorted and over-inflated, and did not accurately reflect the true economic impact of the 2004 Holiday Bowl on the San Diego community. Such falsification and distortion of the economic data was caused in large part by the fact that Mr.

Rauch and the SDSU Center for Hospitality and Tourism Research simply copied Plaintiff's 2003 Economic Impact Report rather than independently performing a legitimate economic impact study and then independently writing a report about such study.

40. By doing the wrongful acts alleged herein, Defendants infringed Plaintiff's copyrights, misappropriated, converted and plagiarized Plaintiff's property, and committed unfair business practices.

41. Mr. Rauch has admitted to Mr. Casinelli and the media that Defendant in fact copied and plagiarized Plaintiff's property.

42. Moreover, Plaintiff is informed and believes and on that basis alleges that San Diego State University conducted an internal investigation about Defendants' wrongful acts and concluded that plagiarism had in fact occurred.

43. Plaintiff is informed and believes and on that basis alleges that the Holiday Bowl used the 2004 economic impact report to obtain substantial governmental grants from a number of sources, including without limitation, the City of San Diego, the County of San Diego and the San Diego Unified Port District.

44. Plaintiff is informed and believes and on that basis alleges that both Mr. Rauch and San Diego State University have actively advertised and promoted their involvement in and preparation of the 2004 economic impact study for the Holiday Bowl and, as a result of such promotional activities, have generated contracts for further and additional work and corresponding revenues and profits.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement)

45. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 44 of this Complaint as though set forth in full.

46. At all relevant times, Plaintiff has been the proprietor and owner of all right, title, and interest in and to all copyright rights in the 2003 Economic Impact Report.

47. The 2003 Economic Impact Report is protected against copying and infringement under the copyright laws of the United States.

48. In doing the acts and things alleged herein, Defendants have knowingly and willfully copied protected elements of the 2003 Economic Impact Report and/or have prepared derivative works derived from the protected elements of the 2003 Economic Impact Report.

49. Defendants' copying and misuse of Plaintiff's copyrighted materials has been done, and is being done, without the consent or permission of Plaintiff.

50. The actions of Defendants as alleged herein have infringed and continue to infringe Plaintiff's copyright rights in the 2003 Economic Impact Report.

51. Defendant Rauch has personally infringed Plaintiff's copyright rights in the 2003 Economic Impact Report. Defendant Rauch also has contributed to and/or aided and abetted San Diego State University's infringement of Plaintiff's copyright rights as alleged herein.

52. Defendants' infringement of Plaintiff's copyright rights was and is a willful, knowing and deliberate infringement.

53. Plaintiff is informed and believes, and on that basis alleges, that it has lost and will continue to lose revenues and has sustained and will continue to sustain damages due to the actions of Defendants. Defendants' wrongful conduct also has deprived and will continue to deprive Plaintiff of opportunities for expanding its business and goodwill.

54. Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement as alleged herein, in an amount according to proof at trial.

55. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and profit from Plaintiff's copyrighted materials and works derived from such copyrighted materials.

56. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff already has suffered irreparable damage. Plaintiff has no remedy at law and will continue suffer irreparable injury unless Defendants are restrained and enjoined from further infringement of Plaintiff's copyright rights.

## SECOND CLAIM FOR RELIEF

(Conversion)

57. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 56 of this Complaint as though set forth in full.

58. Plaintiff is the owner of the all tangible materials and intangible ideas (the "Property") created and generated by Plaintiff in connection with Plaintiff's work in doing the various economic impact studies and reports for the Holiday Bowl including, without limitation, the questionnaires and work papers generated by Plaintiff in connection with such work.

59. By engaging in the wrongful acts alleged herein, Defendants have interfered with Plaintiff's right, title and interest in and to the Property.

60. The wrongful acts of Defendants as alleged herein constitute conversion of the Property under California law.

61. As a direct, proximate, and legal result of Defendants' conversion as alleged herein, Plaintiff has suffered, continues to suffer, and in the future will suffer, actual, consequential and incidental damages in an amount according to proof at trial.

62. Defendants, and each of them, did the acts and things alleged deliberately, maliciously, with intent to injure and oppress Plaintiff, and in conscious disregard of the rights of Plaintiff. Moreover, the conduct of Defendants, and each of them, constitutes fraudulent, malicious, oppressive and/or despicable conduct. Plaintiff therefore is entitled to punitive and exemplary damages against Defendants, and each of them, in an amount sufficient to punish and deter Defendants, according to proof at trial.

## THIRD CLAIM FOR RELIEF

(Misappropriation)

63. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 62 of this Complaint as though set forth in full.

64. That portion of the Property not expressly incorporated into the economic impact reports prepared by Plaintiff constitutes confidential, proprietary and trade secret information owned by Plaintiff.

65. Such information derives economic value from not being known to the public and/or Plaintiff's competitors.

66. Such information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

67. Plaintiff is informed and believes and on that basis alleges that Defendants used Plaintiff's confidential and proprietary information and trade secrets in connection with Defendants' activities as alleged herein, and specifically but without limitation Defendants' work on and preparation of the 2004 economic impact report.

68. The actions of Defendants as alleged herein constitute the misappropriation of Plaintiff's confidential and proprietary information and trade secrets in violation of the Uniform Trade Secrets Act, California Civil Code § 3426 *et seq.*

69. As a direct, proximate, and legal result of Defendants' wrongful acts as alleged herein, Plaintiff has suffered, continues to suffer, and in the future will suffer, actual, consequential and incidental damages in an amount according to proof at trial.

70. Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of misappropriation as alleged herein, in an amount according to proof at trial.

71. Defendants did the acts and things alleged deliberately, maliciously, with intent to injure and oppress Plaintiff, and in conscious disregard of the rights of Plaintiff. Moreover, the conduct of Defendants constitutes oppressive and/or despicable conduct. Plaintiff therefore is entitled to punitive and exemplary damages against Defendants in an amount sufficient to punish and deter Defendants, according to proof at trial.

72. Plaintiff is informed and believes and on that basis alleges that Defendants will continue to misuse and misappropriate Plaintiff's proprietary and confidential information and trade secrets unless Defendants are restrained and enjoined by the Court. If Defendants are not restrained and enjoined by the Court, Plaintiff will suffer great and irreparable harm, for which money damages will not afford adequate relief because money damages cannot and will not compensate Plaintiff for such injury to its business and goodwill.

73. Plaintiff is entitled to an award of attorneys fees pursuant to Section 3426.4 of the California Civil Code.

## FOURTH CLAIM FOR RELIEF

(Unfair Business Practices)

74. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 73 of this Complaint as though set forth in full.

75. This is a cause of action for unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*

76. California Business & Professions Code section 17200 provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

77. By and through their conduct as alleged herein, Defendants have engaged in activities which constitute unlawful and unfair business practices prohibited by Business & Professions Code section 17200 *et seq.*

78. As a result of their unlawful and unfair business practices in violation of Business and Professions Code section 17200, Defendants have received and continues to receive unearned commercial benefits at the expense of Plaintiff and the public.

79. The acts and conduct alleged herein are unlawful, unfair, deceptive, and/or misleading and constitute a violation of Business & Professions Code section 17200 *et seq.*

80. The unlawful and unfair business practices of Defendants as alleged herein present a continuing threat to members of the public.

81. As a direct and legal result of their unlawful and unfair business practices as described herein, Defendants have been and will be unjustly enriched by the receipt of substantial sums of money which are ill-gotten gains and profits.

82. Pursuant to California Business and Professions Code sections 17203 and 17204, Plaintiff seeks an order of this court: (i) compelling Defendants to make restitution to Plaintiff for all funds unlawfully and unfairly obtained by Defendants as a result of their violations of California Business and Professions Code section 17200 *et seq.* and/or disgorge all profits

received as a result of the violations; and (ii) declaring that Defendants have violated the provisions of California Business & Professions Code sections 17200 *et seq*.

83. In prosecuting this cause of action for the enforcement of important rights affecting the public interest, Plaintiffs seek to recover attorneys' fees under section 1021.5 of the Code of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an injunction restraining and enjoining Defendants, and their agents, servants, employees, affiliates, and all others in active concert or participation with them from (1) directly or indirectly infringing Plaintiff's copyright rights in the 2003 Economic Impact Report; and (ii) from further acts of unfair competition as alleged herein.

2. For an order requiring Defendants to destroy immediately any and all tangible materials in Defendants' possession, custody or control shown by the evidence to infringe Plaintiff's copyright rights.

3. For an order finding that, by the acts complained of herein, Defendants have engaged in unfair business practices, in violation of California Business and Professions Code §§ 17200 et seq.

4. That judgment be entered for Plaintiff and against Defendants, and each of them, for the actual damages suffered by Plaintiff in an amount according to proof at trial as a result of Defendants' wrongful acts as alleged herein.

5. That judgment be entered for Plaintiff and against Defendants, and each of them, for the amount of profits earned by Defendants, and each of them, in an amount according to proof at trial as a result of Defendants' wrongful acts as alleged herein.

6. For an award of punitive and exemplary damages in an amount to be proven at trial in an amount sufficient to punish and deter Defendants.

7. For an award of attorneys' fees to the maximum extent permitted by law.

8. For costs of suit incurred herein; and

9. For such other and further relief permitted by law that the Court may deem just and proper.

DATED: August 18, 2006

THE AFFINITY LAW GROUP APC

By: _____
Gregory P. Goonan
Attorneys for Plaintiff
Marketing Information Masters, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Marketing Information Masters, Inc. hereby demands a trial by jury.

DATED: August 18, 2006  THE AFFINITY LAW GROUP APC

By: _____
Gregory P. Goonan
Attorneys for Plaintiff
Marketing Information Masters, Inc.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
06 AUG 18 PM 4:37
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY PDC DEPUTY

## I. (a) PLAINTIFFS
Marketing Information Masters, Inc.

(b) County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory P. Goonan, The Affinity Law Group APC, 600 West Broadway, Ste 400, San Diego, CA 92101, 619-702-4335

## DEFENDANTS
The Board of Trustees of the California State University System; Robert A. Rauch

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'06CV 1682  JAH JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Copyright Act  17 USC §101 et seq;  28:1331

Brief description of cause:
copyright infringement, conversion, misappropriation, unfair business practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 08/18/2006
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE



**ORIGINAL**

AO 121 (6/90)

| TO: Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>06cv1682-JAH(JMA) | DATE FILED<br>08/18/06 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900 |
| PLAINTIFF<br>Marketing Information Masters, Inc. | | DEFENDANT<br>The Board of Trustees of the CA State University System, et al |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights
Copy 3 - Upon termination of action, mail this copy to Register of Copyrights  Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal
Copy 5 - Case file copy