**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN PINK, SB# 179685
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030
Email: pink@lbbslaw.com

Attorneys for Defendant The Board of Trustees
of the California State University

FILED
2006 SEP 14 PM 3: 35
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

MARKETING INFORMATION MASTERS, INC., a California corporation,

    Plaintiff,

v.

THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, WHICH IS THE STATE OF CALIFORNIA ACTING IN ITS HIGHER EDUCATION CAPACITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, A PUBLIC ENTITY ACTING THROUGH ITS SUBDIVISION SAN DIEGO STATE UNIVERSITY); and ROBERT A. RAUCH, an individual,

    Defendants.

CASE NO. 06CV1682 JAH/JMA

THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6); DECLARATION OF JONATHAN S. PINK

[FILED CONCURRENTLY WITH NOTICE OF MOTION]

ACTION FILED: August 18, 2006

Hearing Date: November 16, 2006
Time: ~~10:30~~ 3:00 P.M
Dept: 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Marketing Information Masters, Inc. ("MIM") is a company that specializes in market research and analysis. (Complaint, ¶ 2). For several years prior to 2003, the Pacific Life Holiday Bowl (the "PLHB") retained MIM to conduct

4824-2131-8401.1

-1-



studies assessing the economic impact of the annual Holiday Bowl on San Diego's economy. (Complaint, ¶ 4). PLHB paid MIM $15,000 for each such survey.

In November 2004, MIM informed PLHB that it could not prepare the 2004 report for this same price. (Complaint, ¶ 7). MIM stated it would have to charge PLHB the "market rate" for all future surveys. (Complaint, ¶ 2). This translated to a three-fold increase in price. Given that increase, PLHB elected *not* to engage MIM to prepare the 2004 report. Rather, PLHB hired San Diego State University's ("SDSU") Center for Hospitality and Tourism Research ("CHTR") to create the 2004 report (the "2004 Survey").[1] (Complaint, ¶ 8). CHTR and PLHB entered into a written contract, pursuant to which CHTR was to reference "previous Holiday Bowl reports" when analyzing "the total economic impact of the Holiday Bowl" on San Diego.

CHTR completed the 2004 Survey in May 2005 under the direction of professor Robert Rauch. Shortly after CHTR presented its report to PLHB, MIM's principal, Michael Casinelli, contacted SDSU and alleged that Mr. Rauch had copied large textual portions from MIM's 2003 Holiday Bowl survey (the "2003 Survey"). SDSU launched an internal academic inquiry, and ultimately issued two formal letters of reprimand to Mr. Rauch. Those letters stated that Mr. Rauch's had violated the academic standards expected of university employees by "plagiarizing" portions of MIM's 2003 survey. Based on the forgoing, MIM filed the instant lawsuit against Mr. Rauch and The Board of Trustees of the California State University (the "Trustees").

However, as set forth in detail below, established statutory and black letter law preclude MIM's complaint and justify a dismissal pursuant to FRCP 12(b)(1) and 12(b)(6).

---

[1] Like MIM, CHTR specializes in conducting business and economic analyses.

## II. THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO FRCP 12(b)(1) BECAUSE IT LACKS SUBJECT MATTER JURISDICTION.

Federal Rule of Civil Procedure 12(b) provides that a motion for lack of subject matter jurisdiction over the subject matter of the lawsuit "shall be made before pleading if a further pleading is permitted." F.R.Civ.P. 12(b)(1). Here, as set forth in detail below, this Court does not have subject matter jurisdiction over MIM's claims because plaintiff failed to register the copyright in the work at issue.

### A. This Court Does Not Have Subject Matter Jurisdiction Over MIM's Claim for Copyright Infringement.

An action for copyright infringement may **not** be brought until the plaintiff has registered the work at issue with the Copyright Office. 17 U.S.C. § 411(a). Specifically, § 411(a) provides that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." This statute makes clear that a precondition to conferring subject matter jurisdiction on the district courts over copyright claims is that the work at issue first be registered. *Brush Creek Media vs. Boujaklian*, WL 1906620 (N.D.Cal 2002); *see also Ryan v. Carl Corp.*, WL 320817, *2 (N.D. Cal. 1998).

In *Brush Creek*, the Court evaluated the statutory language of § 411(a) and the holding in *Ryan v. Carl Corp..* Based on that evaluation, it concluded that courts lack subject matter jurisdiction over copyright claims in the absence of a copyright certificate. In reaching this holding, the Court expressly stated that subject matter jurisdiction is lacking where the plaintiff has only applied for, but has not yet secured, a copyright certificate. *Brush Creek, supra*, at *3. That ruling is consistent with the import of § 410(a), which mandates that the Register of Copyrights determine whether material contains copyrightable subject matter and whether all other requirements of the Copyright Act have been met before issuing a copyright

1 certificate. *Id.*

2 Here, MIM commenced this litigation prior to obtaining a certificate of copyright registration in the 2003 Survey. Under the plain language of 17 USC § 411(a) – and the holding in *Brush Creek* – this deprives MIM of its right to maintain the instant action for infringement. Accordingly, this Court must dismiss MIM's copyright claim pursuant to FRCP 12(b)(1).

### B. This Court Lacks Subject Matter Jurisdiction over MIM's State Law Claims and Thus Must Dismiss Them.

In addition to a claim for copyright infringement, MIM asserts three state law claims pursuant to the principles of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).[2/] However, absent the federal jurisdiction conferred by plaintiff's copyright claim, this Court lacks the jurisdictional basis the hear those state law claims. Because MIM lacks the right to assert a copyright claim pursuant to 17 U.S.C. § 411(a), there is no basis for this Court to exercise supplemental jurisdiction over MIM's state law claims. *See* 28 USC § 1367(c)(3) (court may refuse to exercise jurisdiction when the claim providing original jurisdiction has been dismissed). As such, this Court should dismiss those claims pursuant to FRCP Rule 12(b)(1).

### III. ASSUMING *ARGUENDO* THIS COURT HAS SUBJECT MATTER JURISDICTION OVER MIM'S COPYRIGHT CLAIM, IT SHOULD NEVERTHELESS DISMISS THAT CLAIM PURSUANT TO FRCP 12(b)(6) ON THE BASIS OF STATE SOVEREIGN IMMUNITY.

Federal Rule of Civil Procedure 12(b)(6) allows for summary dismissal where the plaintiff is legally precluded from stating a claim for which relief may be granted. F.R.Civ.P. 12(b)(6). That is precisely the case here because the Trustees are entitled to a sovereign immunity as a matter of law.

---

[2/] 28 USC § 1331 provides for original jurisdiction related to claims brought under Federal Law. This is the only basis of subject matter jurisdiction expressly alleged.

4824-2131-8401.1
-4-

Notwithstanding § 511 of the Copyright Act, which may be read to permit a copyright infringement action against any "State, any instrumentality of a State, and any officer or employee of a State," the Eleventh Amendment of the United States Constitution precludes a copyright infringement action against a state in federal court. Specifically, the Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1995) (the Eleventh Amendment shields states from suits based on alleged copyright infringement).

In *Seminole Tribe*, the Supreme Court held that Congress may not abrogate state sovereign immunity pursuant to its powers enumerated in Article I of the Constitution. 517 U.S. at 47. As the power of Congress to legislate in the copyright arena is founded in Article I of the Constitution, the *Seminole* Court made clear that, despite a possible contrary Congressional intent, Congress may not abrogate state sovereign immunity with respect to copyright infringement actions. *Id.* Pursuant to this principle, lower federal courts have consistently held that the Eleventh Amendment bars actions for copyright infringement against states and state agencies. *Chavez v. Arte Public Press*, 139 F.3d 504, 508 (5th Cir. 1998) ("Article I cannot be used to circumvent the constitutional limitations placed on federal jurisdiction"); *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 281(5th Cir. 2000) (sovereign immunity under the Copyright Act may not be sustained under the Commerce Clause or Patent Clause).

While the Ninth Circuit has not ruled directly on this point with respect to copyright infringement, it has nonetheless reached a holding that is contextually consistent with *Seminole, Chavez v. Arte Public Press*, and *Rodriguez v. Texas Commission on the Arts*. Specifically, in *New Star Lasers, Inc., v. Regents of the University of California*, 63 F.Supp. 2d 1240 (E.D. Cal. 1999), the Ninth Circuit held

1 – in the context of a patent infringement action – that the states' sovereign immunity
2 may not be abrogated pursuant to Congress's powers under Article I of the
3 Constitution. *New Star*, 63 F.Supp. 2d at 1242. *New Star* is instructive here because
4 its ruling is founded on the same clause of Article I, section 8 in the United States
5 Constitution that grants Congress the power to legislate with respect to copyrights.
6 As such, the holding and reasoning in *New Star* apply, and should be regarded as
7 both instructional and authoritative with respect to the facts in this case. Based on
8 that holding, MIM's claims against the Trustees must fail. This is especially so
9 given well established case law that holds that the Trustees constitute an arm of the
10 state which is <u>entitled to lay claim to sovereign immunity</u>. *Jackson v. Hayakawa*,
11 682. F.2d 1344, 1350-51 (9th Cir. 1982). Thus, because sovereign immunity
12 precludes an action for copyright infringement against the Trustees for which relief
13 may be granted, MIM's claim must be dismissed pursuant to FRCP 12(b)(6).

### IV. MIM'S STATE LAW CLAIMS MUST BE DISMISSED PURSUANT TO FRCP 12(b)(6) BASED ON STATE SOVEREIGN IMMUNITY AND BECAUSE THEY ARE PREEMPTED BY THE COPYRIGHT ACT.

17 MIM asserts its state law claims pursuant to 28 U.S.C. § 1367(a). Assuming
18 *arguendo* this Court has original jurisdiction over the copyright claim, MIM's state
19 law claims must nonetheless be dismissed: (1) based on state sovereign immunity
20 and (2) because they are preempted by the Copyright Act.

#### A. 28 U.S.C. § 1367 Does Not Provide an Appropriate Basis to Assert State Law Claims Against the Trustees in this Court.

23 Supplemental state law claims under 28 U.S.C. § 1367 may not be levied
24 against a state in federal court. To this effect, the Ninth Circuit's decision in *Stanley*
25 *v. Trustees of the California State University*, 433 F.3d 1129 (9th Cir. 2006) is
26 dispositive. The issue in *Stanley* was whether Congress had abrogated sovereign
27 immunity by authorizing supplemental jurisdiction. In affirming the district court's
28 dismissal of Stanley's state law claims, the appellate court took note of the Supreme

THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)

Court's holding in *Kimel v. Fla. Bd. of Regents*, which provided that "'Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute.'" *Id.* at 1133 (quoting *Kimel*, 528 U.S. 62, 73 (2000)). The *Stanley* Court also looked to the language of the 28 U.S.C. § 1367 – which is silent as to sovereign immunity – to determine whether it subjected states to suit, and found that § 1367 was a "far cry from the unmistakably clear language required for abrogation." *Id.* at 1133. Finally, the Court looked to whether Congress had exercised any other power that would allow a state to be sued when enacting section 28 U.S.C. § 1367. It concluded that Congress had not, and thus held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims." *Stanley*, 433 F.3d at 1133-34.

As in *Stanley*, MIM asserts several state law claims pursuant to 28 U.S.C.§ 1367(a). However the Ninth Circuit has laid such claims to rest: according the holding in *Stanley*, it is <u>impermissible</u> to assert such claims against an arm of the state (*i.e.* the Trustees) pursuant to 28 U.S.C.§ 1367(a). Therefore, MIM's state law claims must be dismissed pursuant to FRCP 12(b)(6).

**B.    MIM's State Law Claims Are Preempted by the Copyright Act.**

In addition to the foregoing, MIM's state law claims also must be dismissed because they are preempted by § 301(a) of the Copyright Act. 17 U.S.C. § 301(a) provides, in pertinent part, that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . and come within the subject matter of copyright as specified by section 102 and 103 . . . are governed exclusively by this title. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state."

Here, MIM's state law claims for conversion and misappropriation fall within the purview of § 301 because, as alleged, they involve copyright subject matter as

-7-

defined by the Copyright Act.[2] Specifically, MIM's claims for conversion and misappropriation involve the interference (or misappropriation) of ideas contained in – or giving rise to – the 2003 Survey. For example, MIM's claim for conversion alleges that the Trustees "interfered with Plaintiff's....intangible ideas" by using the 2003 Survey to create the 2004 Survey. (Complaint, ¶ 58-59). MIM's misappropriation claim similarly alleges that, in creating the 2004 Survey, the Trustees misappropriated MIM's "confidential, proprietary, and trade secret information" that was not "expressly incorporated into the economic impact reports prepared by Plaintiff." (Complaint, ¶ 64).

These allegations are similar to those giving rise to the Fourth Circuit's ruling in *U.S. Ex rel. Berge vs. Trustees of the University of Alabama*, 104 F.3d 1453 (4th Cir.1997) (cited with approval in *Edemol Entertainment vs. 20th Television*, 48 USPQ 2d.1524, 1526 (C.D. Cal. 1998)). In *Berge*, the plaintiff alleged under state law that the defendants had unlawfully converted "ideas" from her doctoral dissertation. *Id.* at 1463. The Court held that "ideas," which are specifically excluded from Copyright Act protection under 17 U.S.C. § 102(a), nonetheless fall under the scope of copyright subject matter and are therefore "clearly preempted by Federal Copyright Law." *Id.*

The *Berg* Court dismissed plaintiff's argument to the contrary as resting "on a fallacious interpretation of the Copyright Act." 104 F.3d 1463. The Court said that even though the ideas embodied in a work covered by the Copyright Act fall outside copyright protection, they do not fall outside the Act's scope for preemption purposes. "[S]cope and protection are not synonyms. Moreover, the shadow actually cast by the Act's preemption is notably broader than the wing of its protection." *Id.*;

---

[2] MIM also asserts a state law claim pursuant to Business & Professions Code § 17200 *et seq*. Because that claim is wholly derivative of the other claims asserted, its viability depends on whether there exist any other claims on which to ground its support. As set forth below, MIM's state law claims fail because they are preempted by the Copyright Act. Thus, because MIM's § 17200 claim is parasitic in nature, it too must fail once the host claims are eliminated.

*see also Endemol, supra,* 48 USPQ 2d.at 1526 ("The Berge holding follows the purpose of § 301(a), which is designed to accomplish the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property by preempting other claims").

Here, as in *Berge*, MIM attempts to take two bites of the apple by alleging infringement of the expression contained in the 2003 Survey, and state law claims based on the theft of the ideas, text and concepts giving rise to that expression. Under the *Berge* holding, these allegations fall squarely within the ambit of the Copyright Act, and are thus preempted by 17 U.S.C. § 301(a). Accordingly, MIM's state law claims must be dismissed pursuant to FRCP 12(b)(6).

## V. CONCLUSION

Based on the foregoing, MIM's complaint should be dismissed in its entirety. It is worth noting that the Trustees made this fact clear to MIM's counsel on two occasions prior to filing the instant motion. (Pink Decl. ¶2.) Specifically, this motion is made following a telephone conference of counsel which took place on September 1, 2006, and a subsequent letter from the Trustees dated September 11, 2006. (Pink Decl. ¶3.) Given MIM's refusal to recognized established statutory and black letter law, however, the Trustees had no choice but to file this motion.

DATED: September 14, 2006    Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By_____
Jonathan Pink
Member of Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendant Board of Trustees of the California State University

# DECLARATION OF JONATHAN S. PINK

I, Jonathan S. Pink, declare as follows:

1. I am an attorney at law duly admitted to practice in all Courts of the State of California and am a partner the firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (the "Trustees"). I have personal knowledge of all the facts contained herein and, if called as a witness and sworn, could and would competently testify hereto.

2. On September 1, 2006, I telephonically met and conferred with plaintiff's counsel, Gregory P. Goonan regarding the Trustees' intention to file a motion to dismiss. I informed Mr. Goonan of the basis for the Trustees' position, which is the same basis as that set forth in the instant motion. Mr. Goonan indicated that he did not anticipate dismissing his client's case in light of the Trustee's pending motion.

3. On September 11, 2006, I sent Mr. Goonan a follow-up letter that detailed the Trustees' basis for the instant motion. I asked Mr. Goonan to contact me the following day if, based on that letter, he intended to dismiss his complaint. Despite that invitation, Mr. Goonan never contacted me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of September, 2006 at Costa Mesa, California.

*/s/ Jonathan Pink*

# CERTIFICATE OF SERVICE
Trustees adv. Marketing Information Masters, Inc.
USDC Southern, Case #06CV 1682 JAH/JMA (Our 24363.xx)

I hereby certify that a copy of the foregoing motion was this date served upon all counsel of record by placing a copy of the same in the Untied States mail, postage prepaid, and sent to their last known address as follows:

| | |
|---|---|
| Gregory P. Goonan, Esq.<br>The Affinity Law Group APC<br>600 West Broadway, Suite 400<br>San Diego, CA 92101 | Attorney for Plaintiff MARKETING INFORMATION MASTERS, INC.<br><br>Phone: 619.702.4335<br>Fax: 619.243-0088 |

Executed on September 14, 2006, at Costa Mesa, California.

_____
CAROLYN J. REYES

4824-2131-8401.1