**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN PINK, SB# 179685
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030
Email: pink@lbbslaw.com

Attorneys for Defendants, the Board of Trustees of the California State University, and Robert A. Rauch, an individual

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH, an individual, <br><br> Defendants. | CASE NO. 06CV 1682 JAH JMA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> **[FILED CONCURRENTLY WITH NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT]** <br><br> ACTION FILED: 08/18/2006 <br><br> Hearing Date: 05/05/2008 <br> Time: 2:30 p.m. <br> Dept.: 11 |

///
///
///
///
///
///
///

4340-2926-2082.1

Dockets.Justia.com

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Index of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   As this Court Previously Held, the Trustees and Professor Rauch (in His Official Capacity) Are Entitled to Immunity. . . . . . . . . . . . 3

    B.   Not a Question of Form Over Substance. . . . . . . . . . . . . . . . . . 4

    C.   Plaintiff's State Law Claims Against Professor Rauch Are Preempted by Federal Copyright Law. . . . . . . . . . . . . . . . . . . . . . 5

        1.   Plaintiff's claim for conversion must be dismissed as it falls within the purview of 17 U.S.C. § 301. . . . . . . . . . . . . 7

        2.   Plaintiff's misappropriation claim must be dismissed as it falls within the purview of 17 U.S.C. § 301. . . . . . . . . . . . 8

        3.   Plaintiff's unfair practices claim must be dismissed as it falls within the purview of 17 U.S.C. § 301. . . . . . . . . . . . . . . . . . 10

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

# **TABLE OF EXHIBITS**

Exhibit A:    Letter addressed to Jonathan Pink from Gregory P. Goonan dated February 26, 2008.

Exhibit B     Email to Jonathan Pink from Greg Goonan re Your Second Amended Complaint – Notice of Rule 11 Violation dated February 27, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Conley v. Gibson,*
    355 U.S. 41, 78 S.Ct. 99 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Creek Indians National Council v. Sinclair Prairie Oil Co.,*
    142 F.2d 842 (10th Cir.) *cert. denied,* 323 U.S. 781, 65 S.Ct. 269, 89 L.Ed. 624 (1944)  3, 4

*Data General Corp. v. Grumman System Support Corp.,*
    36 F.3d 1147 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Del Madera Properties v. Rhodes and Gardner, Inc.,*
    820 F.2d 973 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Edemol Entertainment vs. 20th Television,*
    48 U.S.P.Q.2d1524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. Ex rel. Berge vs. Trustees of the University of Alabama,*
    104 F.3d 1453 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Firoozye v. Earthlink Network,*
    153 F.Supp.2d 115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*G.S. Rasmussen & Associate v. Kalita Flying Service, Inc.,*
    958 F.2d 896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Lawlor v. National Screen Service Corp.,*
    349 U.S. 322, 75 S.Ct. 865 [99L.Ed. 1122] . . . . . . . . . . . . . . . . . . . 3

*Laws v. Sony Music Entertainment, Inc.,*
    448 F.3d 1134 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Navarro v. Block,*
    250 F.3d 729 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Robertson v. Dean Whitter Reynolds, Inc.,*
    749 F.2d 530 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Styskal v. Weld County Board of County Com'rs,*
    365 F.3d 855 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Summit Machine Tool Manufacturing Corp. v. Victor CNC System, Inc.,*
    7 F.3d 1434 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**State Cases**

*Balboa v. Trans Global,*
    218 Cal.App.3d 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brockley v. Moore,*
    107 Cal.App.4th 86 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT (CASE NO. 06CV 1682 JAH)

*Calfrancisco Investment Corp. vs. Vrionis*
    (1971) 14 Cal.App.3d 318 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oakdale Village Group v. Fong,*
    43 Cal.App.4th 543-44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zaslow v. Kroenert,*
    29 Cal.2d 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Federal Statutes

17 U.S.C. § 101 *et. seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17 U.S.C. § 101 *et. seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17 U.S.C. § 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

17 U.S.C. §103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

17 U.S.C. §106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*17 U.S.C. § 301* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 8, 10

Fed. R. Civ. P. 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. Rules Civ. Proc. Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## State Statutes

California Civil Code §3426.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Professions Code §17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA, 92626-1925
TELEPHONE (714) 545-9200

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

If this Motion feels like *déja vu*, it is because plaintiff's Second Amended Compliant ("SAC") is a near "carbon copy" of its recently dismissed First Amended Complaint ("FAC").

On February 5, 2008, this Court issued a ruling on Defendants' motion to dismiss the FAC. That ruling held that neither the Board of Trustees ("Trustees") nor Professor Robert A. Rauch *in his official capacity* could be held liable for copyright infringement, or for plaintiff's supplemental state claims based on conversion, misappropriation and unfair business practices. See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order"), pages 5 to 7, and 13. To this end, this Court dismissed with prejudice all claims asserted against the Trustees and Professor Rauch (in his official capacity). *Id.* at 13.

Despite that Order, the SAC asserts all the *same* claims – against all the *same* parties – as did the FAC. Indeed, the only difference between the FAC and the SAC is the latter's inclusion of approximately four insignificant paragraphs and several additional lines of text. Specifically, the only changes found in the SAC are:

> (1) SAC, page 5, line 25 (inclusion of words "confidential information" and "trade secrets";
>
> (2) SAC, page 9, lines 8-9 (inclusion of new paragraph 49);
>
> (3) SAC, page 10, lines 6-7 (inclusion of new paragraph 58);
>
> (4) SAC, page 10, lines 15-17 (inclusion of new text beginning with "questionnaire design strategies" and ending with "and other tangible");
>
> (5) SAC, page 10, lines 19-24 (inclusion of paragraph 61);
>
> (6) SAC, page 11, lines 1-3 (inclusion of paragraph 64);
>
> (7) SAC, page 11, lines 17-21 (inclusion of paragraph 68); and
>
> (8) SAC, page 11, line 27 through page 12, line 7 (new text in existing paragraph 71, and new paragraph 72 ).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT (CASE NO. 06CV 1682 JAH)

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1    Such pleading is especially egregious given that plaintiff's counsel

2    acknowledged, in written communication <u>subsequent</u> to plaintiff's filing of the SAC,

3    that plaintiff may <u>not</u> proceed with its claims against the Trustees or Professor Rauch

4    in his official capacity. (Pink Decl., ¶2, Exhibit "A" thereto.) So why are they

5    included in the SAC? Plaintiff's explanation is that they must "remain a part of the

6    operative pleading" to preserve plaintiff's rights on appeal. (*Id.*) This novel position

7    finds no support in any legal authority. Moreover, plaintiff rejected the authority

8    defendants provided with respect to their contention that the SAC was improper as

9    drafted.[1] (*See* Pink Decl., ¶3, Exhibit "B" thereto.)

10    Plaintiff will try to justify its pleading by accusing defendants of emphasizing

11    "form over substance." This Court should recognize that ruse for what it is. Strong

12    public policy and established federal law mandate that an operative pleading clearly

13    provide notice of the claims asserted, and the grounds upon which those claims rest.

14    It is not a question of "form over substance" for defendants to demand as much.

15    Moreover, anything less than such clarity needlessly increases the cost of this

16    litigation and impedes defendants' ability to mount a defense.

17    Finally, defendants bring this motion because as drafted plaintiff's state law

18    claims remain preempted by the Copyright Act.

19  **II.   FACTS**

20    Although this Court is well aware of the facts in this case, defendants

21    nonetheless summarize them here.

22    •    Plaintiff Marketing Information Masters, Inc. ("MIM") specializes in

23         market research and analysis. (SAC, ¶ 2.)

24    •    For several years, the Pacific Life Holiday Bowl (the "PLHB") retained

25         MIM to conduct studies assessing the economic impact of the annual

26         Holiday Bowl on the San Diego economy. (SAC, ¶ 4.)

27

28    [1]As a result, in addition to this motion, defendants have also served a Rule 11
sanctions motion. It is due to be filed with the Court on March 21, 2008.

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

- In November 2004, MIM informed PLHB that it could not prepare the 2004 report for the same price it had previously charged. Rather, MIM stated it would have to charge "market rate" for all future surveys. This translated to a three-fold increase in price. (SAC, ¶¶ 7, 8.)

- Rather than pay an increased rate, PLHB hired San Diego State University's ("SDSU") Center for Hospitality and Tourism Research ("CHTR") to create the 2004 report (the "2004 Survey"). (SAC, ¶ 8.)

- All the claims in this lawsuit arise out of the allegation that Professor Rauch and the CHTR simply copied Plaintiff's 2003 Holiday Bowl survey (the "2003 Survey") when creating the 2004 Survey. (SAC, ¶¶ 10, 11, 12, 24, 36 and 40.)

## III.  LEGAL ARGUMENT

### A.  As this Court Previously Held, the Trustees and Professor Rauch (in His Official Capacity) Are Entitled to Immunity.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To this end, Fed. R. Civ. P. 12(b)(6) allows for dismissal where the complaint lacks a cognizable legal theory. *Robertson v. Dean Whitter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Claims dismissed "with prejudice" may <u>not</u> be refiled in the court that dismissed them. *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855 (10th Cir. 2004); *see also Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955) (dismissal with prejudice amounts to a final judgment on the merits that bars a later suit on the same cause of action); *Creek Indians Natl. Council v. Sinclair Prairie Oil Co.*, 142 F.2d 842, 845 (10th Cir.) *cert. denied*, 323 U.S. 781, 65 S.Ct. 269, 89 L.Ed. 624 (1944) (same).

Here, on February 5, 2008, this Court dismissed with prejudice the Trustees and Professor Rauch (in his official capacity) from any further proceeding in this case. *See* Order, page 13. That ruling constituted a final adjudication as completely

as if this Court had entered such an order after trial. *See e.g. Creek Indians, supra,* 142 F.2d at 845. Despite that ruling, the SAC shamelessly asserts *all* the same claims – against *all* the same parties – as did the FAC. Such pleading is improper under the case law set forth above, and is a direct assault on this Court's express Order. Accordingly, defendants request (to the extent necessary) a further dismissal of all claims asserted against the Trustees and Professor Rauch in his official capacity. Defendants further request an order prohibiting plaintiff from including such allegations in any future complaint.

## B. Not a Question of Form Over Substance.

Plaintiff's reasserting of claims previously dismissed by this Court with prejudice is not an issue of "form over substance." The whole purpose of "notice pleading" is to provide the defendant with fair notice of what plaintiff's claim are, and the grounds on which the rest. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957); *see also* Fed. Rules Civ. Proc. Rule 8.

By serving an SAC that fails to differentiate between claims and parties that have been dismissed with prejudice, and those which remained viable, plaintiff has effectively turned Rule 8 on its head. For example, Paragraph 51 of the SAC states that "The actions of *Defendants* as alleged herein have infringed and continue to infringe Plaintiff's copyright rights. . . ." (SAC ¶51, emphasis added.) Paragraph 55 states that "Plaintiff is entitled to recover *from Defendants* the damages it has sustained . . . as a result of *Defendants' act of infringement.* . . ." (SAC ¶55, emphasis added.) Given that the Trustees and Professor Rauch (when acting in his official capacity) are immune to plaintiff's claims under the 11th Amendment, are defendants to presume that the above-quoted paragraphs – and similar ones – refer *only* to Professor Rauch in his *individual* capacity? Should defendants strike the word "Defendants" and insert the words "Professor Rauch in his individual capacity" throughout the SAC?

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA, 92626-1925
TELEPHONE (714) 545-9200

1    In a letter of February 26th, plaintiff's counsel attempted to clarify matters by

2 stating that SAC contains three categories of claims: those "against SDSU, claims

3 against Rauch in his official capacity, and claims against Rauch in his individual

4 capacity." (Exhibit "A.") Plaintiff's counsel further explained that plaintiff is only

5 pursuing the latter category at this time. (*Id.*) While this may provide some comfort,

6 it is of little help to the defendants when it comes to drafting an answer.

7    Defendants' Answer must respond to claims set forth in the SAC. The Answer

8 can do this only if the complaint intelligibly and accurately sets forth those claims

9 and the grounds upon which they rest. The SAC does not do this. It says nothing

10 about three categories of claims or about plaintiff's intent to pursue only *one* of those

11 categories. Rather, it is a near "carbon copy" of the FAC, alleging all the same

12 claims against all the same parties. The SAC provides no guidance whatsoever as to

13 which allegations require defendants' response and which they should ignore. This

14 is contrary to Rule 8 and the public policy underpinning that Rule for good reason: it

15 has created a pleading that is so muddled as to effectively deny the defendants "fair

16 notice" and the ability to draft a cogent Answer.

17    Plaintiff's failure to draft a cogent SAC is not a question "form over

18 substance." Also, it is not a problem of defendants' making. It is a problem that

19 plaintiff created without any legal justification or support. Accordingly, it is a

20 problem that plaintiff should be ordered to correct.

21    **C.    Plaintiff's State Law Claims Against Professor Rauch Are**

22         **Preempted by Federal Copyright Law.**

23    The rational that previously led this Court to dismiss plaintiff's state law

24 claims applies equally to the SAC. 17 U.S.C. § 301(a) provides, in pertinent part,

25 that "all legal or equitable rights that are equivalent to any of the exclusive rights

26 within the general scope of copyright as specified by section 106 . . . and come

27 within the subject matter of copyright as specified by section 102 and 103 . . . are

28 governed exclusively by this title. . . . [N]o person is entitled to any such right or

1   equivalent right in any such work under the common law or statutes of any state."

2   *See also G.S. Rasmussen & Assoc. v. Kalita Flying Services, Inc.*, 958 F.2d 896, 904

3   (9th Cir. 1992) ("copyright preemption is both explicit and broad", as the Copyright

4   Act provides the "sole remedy for . . . unsanctioned duplication").

5       The Ninth Circuit employs a two-part test for determining whether a claim is

6   preempted by the Copyright Act. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d

7   1134 (9th Cir. 2006). Specifically, it first determines whether the work in question

8   falls within the scope of 17 U.S.C. §§ 102, 103, and then determines whether the

9   specific state law rights asserted are equivalent to the rights protected under the

10  Copyright Act. *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973

11  (9th Cir. 1987) (overruled on other grounds).

12      With regards to the second element, courts typically analyze equivalency by

13  applying "a functional test" to determine whether the state law right at issue is

14  equivalent to the exclusive rights set forth in Section 106 of the Copyright Act. *Data*

15  *Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994).

16  Thus, equivalency exists if the right defined by state law is abridged by an act which

17  in, and of itself, would infringe one of the Section 106 exclusive rights. On the

18  other hand, if the state law claims contain an "extra element" that is not present in the

19  Copyright Act, and if that element <u>materially</u> changes the cause of action, the state

20  law claim will not be preempted. *Balboa v. Trans Global*, 218 Cal. App. 3d 1327;

21  *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1440 (9th Cir.

22  1993).

23      Here, plaintiff's state law claims for conversion, misappropriation and unfair

24  business practices all fall within the purview of § 301 because they involve copyright

25  subject matter and do not allege any "extra element" that materially changes them.

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1

### 1. Plaintiff's claim for conversion must be dismissed as it falls within the purview of 17 U.S.C. § 301.

In order to maintain a claim for conversion under California law, plaintiff must establish: (1) the plaintiff's ownership or right to possession of certain property; (2) the defendant's conversion of the property by a wrongful act or disposition of property rights; and (3) damages. *Oakdale Village Group v. Fong*, 43 Cal.App. 4th 543-44 (1996); *Zaslow v. Kroenert*, 29 Cal. 2d 541, 549 (1946) (conversion under California law, is "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein"). "[C]onversion actions seeking only damages for reproduction of the property– not return of the tangible property – are preempted by the Copyright Act." Order, page 12 (citing *Firoozye v. Earthlink Network*, 153 F. Supp.2d 115, 1130 (N.D. Cal. 2001)).

Here, plaintiff's conversion claim is founded on the allegations that plaintiff owns certain "tangible materials and intangible ideas," which defendants allegedly used to conduct their own "economic impact studies and surveys," thereby interfering "with Plaintiff's right, title and interest in and to this Property." (SAC ¶¶ 61, 62 - 63.)[2] These allegations fall squarely within the purview of 17 U.S.C. § 106(1) and (2). Section 106 provides that the "owner of a copyright under this title has the exclusive rights to do and authorize any of the following: (1) to *reproduce* the copyrighted work *in copies* . . . .[and] (2) to prepare *derivative works* based on the copyrighted work." *Id.* (emphasis added). Put into this context, plaintiff's conversion claim asserts that defendants violated plaintiff's exclusive right to reproduce copies of, and create derivative works based on, plaintiff's "Property." Such a claim – even if true – amounts to copyright infringement, pure and simple.

---

[2] As discussed in defendants' prior motion to dismiss, "ideas," which are specifically excluded from Copyright Act protection under 17 U.S.C. § 102(a), nonetheless fall under the scope of copyright subject matter and are therefore preempted by Federal Copyright Law." *U.S. Ex rel. Berge vs. Trustees of the University of Alabama*, 104 F.3d 1453 (4th Cir. 1997) (cited with approval in *Edemol Entertainment vs. 20th Television*, 48 USPQ 2d.1524, 1526 (C.D. Cal. 1998)).

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1      Moreover, plaintiff's conversion claim does not add any "extra element" to

2 that which is covered by the Copyright Act. This is because, as with the claim

3 contained in the FAC, the conversion claim in the SAC seeks only monetary

4 damages. As this Court already ruled, "conversion actions seeking only damages for

5 reproduction of the property– not return of the tangible property – are preempted by

6 the Copyright Act." Accordingly, because plaintiff's conversion claim asserts rights

7 that are equivalent to those protected under 17 U.S.C. § 101 *et. seq.*, that claim is

8 preempted under 17 U.S.C. § 301.[3/]

9          **2.**     ***Plaintiff's misappropriation claim must be dismissed as it falls***

10          ***within the purview of 17 U.S.C. § 301.***

11      The elements required to establish a cause of action for misappropriation

12 under California law include: (1) the existence of a trade secret; (2) disclosure under

13 circumstances imposing an obligation to maintain its secrecy, and (3) use or

14 disclosure to the owner's detriment. *Calfrancisco Investment Corp. vs. Vrionis*,

15 (1971) 14 Cal.App.3d 318. "Disclosure" means the "use of a trade secret . . . without

16 expressed or implied consent by a person who used improper means to acquire [it],

17 or . . . had reason to know that his or her knowledge of the secret was:

18 ―――――――――――

19     [3/]Plaintiff would have this Court believe that plaintiff's conversion claim is not
preempted pursuant to the Ninth Circuit's ruling in *G.S. Rasmussen & Assoc. v.*

20 *Kalita Flying Service, Inc.*, 958 F2d 896 (9th Cir. 1992). *Rasmussen* involved the
defendant's alleged conversion of an aeronautical engineer's Supplemental Type

21 Certificate ("STD"), a type of government issued license, to obtain an airworthiness
certificate for defendant's airplane design. *Id.* at 900. The court concluded that

22 defendant's copying of the STD was not preempted by the Copyright Act because
"Rasmussen complains not about the actual copying of the documents, but of their

23 use as a shortcut in obtaining a valuable government privilege – the right to modify
an airplane in a particular way without going to the trouble and expense of proving

24 that the modification meets FAA standards." *Id.* at 904. "Were Rasmussen
claiming an exclusive right to copy the manual, the drawings and plans or the STC

25 itself, his claim would surely be preempted by the Copyright Act." *Id.*

26     Here, plaintiff complains about the actual copying of the documents, not their
use as a "shortcut to obtaining a valuable . . . privilege" or property right. While

27 defendants are alleged to have used the "Property" to create "economic impact
studies and surveys," (SAC ¶ 61) this allegation distills to a claim of having copied

28 and distributed the 2003 Survey. Thus, even under the ruling in *Rasmussen*, this
claim is preempted by the Copyright Act. 958 F2d at 904.

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1          (i)   derived from or through a person who had utilized improper means

2          to inquire it;

3          (ii)   acquired under circumstances giving rise to a duty to maintain its

4          secrecy or limit its use; or

5          (iii) derived from or through a person who owed a duty to the person

6          seeking relief to maintain its secrecy or limit its use.

7 California Civil Code §3426.1(b).[4/]

8        Here, plaintiff's claim for misappropriation is founded on the assertion that

9 plaintiff owns the Property, that the Property consists of "confidential, proprietary

10 and trade secret information", which "Defendants used . . . to conduct multiple

11 economic impact studies and surveys." (SAC ¶ 68.) Again, put into the context of

12 17 U.S.C. § 106(1) and (2), such a pleading states little more than that defendants

13 violated plaintiff's right to reproduce copies and create derivative works of its

14 Property. Plaintiff seeks to avoid the obvious preemption problem this presents by

15 adding: "Defendants disclosed [the Property] to multiple third persons", thus

16 violating "the confidentiality and secrecy that protected Plaintiff's materials." (SAC

17 ¶ 72.)

18        This allegation, however, does not constitute the "extra element" necessary to

19 protect this claim from preemption. This is because while plaintiff asserts that

20 defendants violated the secrecy in the material, plaintiff does not alleged (nor could

21 it) that defendants were under any obligation to keep such material secret. That is,

22 plaintiff does not – and in good faith cannot – allege that defendants' publication of

23 the 2004 Survey was done in contravention of defendants obligation to maintain the

24 secrecy of any materials over which plaintiff claims trade secret protection. Absent

25 such a duty, plaintiff's misappropriation claim asserts rights that are equivalent to

26

27

---

28     [4/] *See also* Order, page 12, line 13 (the "tort of misappropriation under California law generally involves an issue of secrecy.").

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1 those protected under 17 U.S.C. § 101 *et. seq.* Accordingly, this claim is preempted

2 by § 301 of the Copyright Act and must be dismissed.

3                  **3.**     ***Plaintiff's unfair practices claim must be dismissed as it falls***

4                       ***within the purview of 17 U.S.C. § 301.***

5       California Business and Professions Code §17200 defines "unfair

6 competition" as any "unlawful, unfair or fraudulent business act or practice and

7 unfair, deceptive, untrue or misleading advertising...." *Id.* In essence, Section 17200

8 borrows standards of conduct from other statutes and plaintiff need only show the

9 violation of that borrowed law. *Brockley v. Moore*, 107 Cal. App.4th 86, 98 (2003).

10       Plaintiff's §17200 claim is entirely founded on the other claims asserted in the

11 SAC. Thus, to the extent defendants' alleged "unlawful, unfair or fraudulent

12 business practices" is founded on that conduct which is set forth in plaintiff's

13 copyright claim, there can be no real dispute that this claim is preempted by the

14 Copyright Act. Likewise, to the extent this Court finds that this claim is entirely

15 founded on plaintiff's other state law claims, if this Court likewise finds that those

16 state claims are preempted by 17 U.S.C. § 301, plaintiff's §17200 claim must fall

17 with them. In short, as set forth above, because plaintiff's claims for conversion and

18 misappropriation are preempted by § 301 of the Copyright Act, plaintiff's §17200

19 claim is *afortiori* likewise preempted.

20 **IV.**    **CONCLUSION**

21       Plaintiff has now had <u>three</u> bites at the apple, and has filed <u>three</u> defective

22 complaints. In light of this, defendants request that this Court not indulge plaintiff's

23 request for a *fourth* bite. Nonetheless, to the extent this Court believes yet another

24 amended is appropriate, defendants request that it issue an order: (1) requiring

25 plaintiff to remove from its complaint all previously dismissed parties and claims; (2)

26 ///

27 ///

28 ///

dismiss with prejudice plaintiff's state claims for conversion, misappropriation and unfair practices; and (3) for such other and further relief as the Court sees fit.

DATED: March 13, 2008        Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By
Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendants, the Board of
Trustees of the California State University, and
Robert A. Rauch, an individual

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

4840-2926-2082.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT (CASE NO. 06CV 1682 JAH)

# DECLARATION OF JONATHAN S. PINK

I, JONATHAN S. PINK, declare as follows:

1.     I am an attorney at law duly licensed to practice before all of the courts of the State of California and am partner in the law firm of Lewis Brisbois Bisgaard & Smith, LLP, counsel of record for Defendants the Board of Trustees of the California State University (the "Trustees), and Robert A. Rauch (collectively, "Defendants") in the above-entitled lawsuit.  As such, I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify to the below facts which are personally known to me.

2.     Attached hereto as Exhibit "A" is a true and correct copy of a letter I received from plaintiff's counsel, Greg Goonan, on February 26, 2008.  That letter was in response to one I sent to Mr. Goonan in which I stated that plaintiff's Second Amended Complaint ("SAC") was inappropriate as drafted, and should be withdrawn.

3.     Attached hereto as Exhibit "B" is a true and correct copy of an e-mail Mr. Goonan sent me on February 27, 2008.  In that e-mail, Mr. Goonan rejects the legal authority I provided him in support of defendants' position that the SAC was inappropriate as drafted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 13th day of March, 2008 at Costa Mesa, California.

Jonathan Pink

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT (CASE NO. 06CV 1682 JAH)

# THE AFFINITY LAW GROUP APC

BUSINESS AND INTELLECTUAL PROPERTY LAW MATTERS

LOS ANGELES OFFICE:
6080 CENTER DRIVE, 6TH FLOOR
LOS ANGELES, CA 90045
TEL: (310) 601-7663
FAX: (310) 694-9064.

600 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101-3352

AUTHOR DIRECT CONTACT:
GREGORY P. GOONAN

TELEPHONE: (619) 955-7708
FACSIMILE: (619) 243-0088

WWW.AFFINITY-LAW.COM

DIRECT TELEPHONE: (619) 702-4335
EMAIL: GGOONAN@AFFINITY-LAW.COM

FILE NO.

February 26, 2008

**VIA FACSIMILE** (714-850-1030)
**AND FIRST CLASS MAIL**

Jonathan Pink, Esq.
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626

Re: Casinelli v. SDSU

Dear Mr. Pink:

I send this letter in response to your letter to me dated February 26, 2008 and communicated via e-mail on such date. As a preliminary matter, I suggest that you adopt a more temperate tone in your future communications with me. I do not know who you think you are, but I certainly am not going to stand by and get lectured by you about our Rule 11 responsibilities or the meaning of the Court's February 5, 2008 Order.

I take my reputation quite seriously and will do whatever I must to protect it including responding strongly to any attempts by you to suggest that I have engaged in improper conduct. You can be assured that I am well acquainted with the requirements of Rule 11. In more than 22 years of practicing law, I have never been accused of even violating Rule 11, and certainly have never had any Rule 11 sanctions ordered against me. Moreover, contrary to your ridiculous suggestion, I did not "fail to read" or "simply chose to ignore" the Court's February 5 order. On the contrary, I read and studied the February 5 Order quite carefully and am well aware of what the Court ordered. Frankly, I find it hard to believe that you seriously made such an accusation and am not sure what you hope to accomplish with such a personal attack.

I assume you are knowledgeable about federal procedure, so you should know that there can only be one operative pleading in a particular case. The operative pleading now is the Second Amended Complaint. Such complaint contains three categories of claims: claims against SDSU, claims against Rauch in his official capacity, and claims against Rauch in his individual capacity.

The Court already has ruled that the claims against SDSU and Rauch in his official capacity are dismissed with prejudice so we acknowledge that those claims will not go forward. Instead, such claims will be resolved when final judgment is entered at the end of the case and SDSU and Rauch will not have to defend such claims given the February 5 Order.

But such claims must remain a part of the operative pleading until final judgment is in fact entered or the judgment will not make sense. You cannot have one judgment on the First Amended Compliant and a separate judgment on the Second Amended Complaint – there can only be one operative pleading and one judgment. Keeping the claims against SDSU and Rauch in his official capacity in the Second Amended Complaint also is necessary to facilitate the appellate review of the February 5 Order that make clear before the entry of final judgment. Indeed, as you note, we made sure the claims against SDSU and Rauch in his official capacity remained the same in the Second Amended Compliant. We did so to make sure we were in compliance with the February 5 Order. There is no need for me to "take a closer look" at the Court's Order.

The claims against Rauch in his individual capacity will go forward and will be litigated to conclusion notwithstanding your threats and absurd attempts at bullying. We have amended the complaint to include allegations in accordance with the Court's February 5 Order that make clear that Mr. Casinelli's claims against Rauch individually are not preempted. You may believe that such additional allegations are "insignificant" but please be assured that Mr. Casinelli does not share your cavalier attitude about copyright infringement and the theft of his ideas and materials by Rauch.

On the contrary, Mr. Casinelli views Rauch's theft and infringement to be quite serious, and intends to make sure he is held accountable for all losses suffered by Mr. Casinelli and all illegal gain by Rauch. Indeed, if you really believe that we face a "Sysiphisian task" of establishing claims against Rauch individually, it is you that either does not understand the law, have not been fully apprised of the facts by Rauch (or simply are choosing to ignore the facts), or needs to go back and take a closer look at the Court's February 5 Order and the cases cited therein.

You apparently are of the view that we had some obligation to delete all references to claims against SDSU and Rauch in his official capacity when we filed the Second Amended Complaint. As I explain above, that is not our understanding of the law or the proper procedure. But if you have any authority you want to cite to support your argument, we will consider it. Indeed, in the future, our communications will be more productive if you just calmly explain your position and cite whatever legal authority you believe may support your position instead of sending overheated letters like your February 26 letter.

But unless you can cite some legal authority that shows we adopted an incorrect strategy, we stand by the Second Amended Complaint. For the reasons I have explained herein, your accusation that we filed the Second Amended Complaint in violation of Rule 11 to harass your clients, needlessly increase the cost of this litigation, and/or to assert claims that are unwarranted by existing law is ridiculous. So, if you follow through on your threat to file a Rule 11 motion, it will be you who are wasting the Court's time and violating Rule 11.

Sincerely,



Gregory P. Goonan

Exhibit B
Page 17 of 20

**From:**      "Greg Goonan" <ggoonan@affinity-law.com>
**To:**        "'JONATHAN PINK'" <pink@lbbslaw.com>
**Date:**      2/27/2008 4:16 PM
**Subject:**   RE: Your Second Amended Complaint -- Notice of Rule 11 Violation

The problem with your analysis is that, at least in my view, we did not
"re-file" the same claims in a "later action." Let's say that the Court had
denied the motion to dismiss on preemption grounds so that we did not have
to file an amended complaint to provide further allegations in support of
the allegedly preempted claims. The first amended complaint then would be
the operative pleading. Such complaint would include the claims pleaded
against SDSU and Rauch in his official capacity even though the motion to
dismiss would have been granted as to such claims. At least in my
experience, we would not have had to file a new pleading that would have
deleted the claims that were dismissed. The present situation is no
different, and with respect it seems that your position is arguing form over
substance.

By my letter yesterday, I asked that you provide me with authority to
support your position. If your position is as clear as you think it is, I
would expect that you could cite me to a case that involves the same
situation here. But you have not done so. Having failed to cite the
authority I requested, I assume you were not able to find any such
authority. The cases you have cited only state general principles of law
and are of no help here.

Given your inability to find any on-point legal authority, I do not see how
you can claim a Rule 11 violation. If you follow through on your
ill-advised threat to file a Rule 11 motion, all you will be doing is
fighting a procedural battle that, while interesting, has no meaning here
for the reasons I articulated in my letter to you yesterday. And in filing
a Rule 11 motion, it will be you who is guilty of unnecessarily driving up
the legal fees in this case and making the Court decide an unnecessary
motion. Rest assured that we will vigorously oppose any Rule 11 motion you
may file and file a Rule 11 motion against you since your motion itself will
violate Rule 11. So I urge you to think carefully before filing your motion
because it is a serious proceeding that could have serious consequences.

Gregory P. Goonan
The Affinity Law Group APC
Business Law and Intellectual Property Matters
600 West Broadway, Suite 400
San Diego, CA  92101

direct dial:  619-702-4335
direct fax:  619-243-0088
www.affinity-law.com

-----Original Message-----
From: JONATHAN PINK [mailto:pink@lbbslaw.com]
Sent: Wednesday, February 27, 2008 3:57 PM
To: ggoonan@affinity-law.com
Subject: RE: Your Second Amended Complaint -- Notice of Rule 11 Violation

Mr. Goonan,

Exhibit B

Page 18 of 20

In further response to your letter of yesterday, and in light of the fact
that our forth coming Rule 11 motion -- and motion to dismiss -- with seek
significant sanctions, I feel obligated to provide you with the legal
authority you may have overlooked when deciding to include dismissed claims
and dismissed parties in plaintiff's Second Amended Complaint (SAC).

Well established federal law holds that a dismissal "with prejudice"
constitutes an adjudication on the merits as fully and completely as if the
order had been entered after trial. See, e.g. Creek Indians Natl Council v.
Sinclair Prairie Oil Co., 142 F.2d 842, 845 (10th Cir. 1944). Thus, where a
dismissal is with prejudice, the dismissed claims cannot be refiled in the
court that dismissed them. See Styskal v. Weld County Bd. of County Com'rs,
365 F. 3d 855 (10th Cir. 2004); see also Lawlor v. National Screen Service
Corp., 349 U.S. 322, 327 (1955) (dismissal of cause of action with prejudice
with prejudice amounts to a final judgment on the merits that bars a later
claim for the same cause of action). Finally, if the foregoing does not
convince you that your that plaintiff's SAC violates the Court's February
5th Order (and is thus a violation of FRCP Rule 11(b)), you may wish to
simply consult the definition of "dismissal with prejudice" in Blacks Law
Dictionary as it too support's Defendants' position.

In light of the foregoing, and as previously indicated, our Rule 11 motion
will be served by Friday absent your prior withdrawal of the SAC.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: 714.668.5589
Fax: 714.850.1030
Email: pink@lbbslaw.com
>>> "Greg Goonan" <ggoonan@affinity-law.com> 02/26/08 2:44 PM >>>
Response to your letter is attached. We have been trying to fax but your
fax machine is not answering.

---

From: JONATHAN PINK [mailto:PINK@lbbslaw.com]
Sent: Tuesday, February 26, 2008 12:50 PM
To: Greg Goonan
Subject: Your Second Amended Complaint -- Notice of Rule 11 Violation

Please see attached.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive
Suite 1400

Costa Mesa, California 92626
Telephone: 714.668.5589
Fax: 714.850.1030
Email: HYPERLINK "mailto:pink@lbbslaw.com"pink@lbbslaw.com


Named a Southern California Super Lawyer by the Editors of Los Angeles
Magazine

To read Mr. Pink's latest publications, please visit HYPERLINK
"http://californialawyermagazine.com/cle.cfm"http://californialawyermagazine
.com/cle.cfm and HYPERLINK
"http://www.ipfrontline.com/depts/article.asp?id=17554&deptid=7"http://www.i
pfrontline.com/depts/article.asp?id=17554&deptid=7


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1301 - Release Date: 2/27/2008
8:35 AM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1301 - Release Date: 2/27/2008
8:35 AM


Exhibit B

Page 20 of 20