**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN PINK, SB# 179685
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030
Email: pink@lbbslaw.com

Attorneys for Defendants, the Board of Trustees of the California State University, and Robert A. Rauch, an individual

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH, an individual,<br><br>Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF JONATHAN PINK IN SUPPORT OF SAME**<br><br>ACTION FILED:       08/18/06<br><br>Hearing Date:       TBD<br>Time:       TBD<br>Dept.:       11 |

COMES NOW Defendants, THE BOARD OF CALIFORNIA TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY ("Trustees") and ROBERT A. RAUCH acting within his official capacity ("Rauch"), by and through their attorneys of record, LEWIS BRISBOIS BISGAARD & SMITH, LLP, and hereby makes this Motion for Sanctions against plaintiff MARKETING INFORMATION MASTERS, INC. ("MIM" or "Plaintiff") and its counsel, Gregory P. Goonan under Rule 11 of the Federal Rules of Civil Procedure.

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1       This Motion is based on the memorandum and exhibits filed herewith, the

2   pleadings and papers on file in this matter, and any oral argument which the Court

3   may entertain at the hearing of this matter.

4   DATED:  February 29, 2008    Respectfully submitted,

6   **LEWIS BRISBOIS BISGAARD & SMITH LLP**

8   By _____

9   Jonathan Pink
    Lewis Brisbois Bisgaard & Smith LLP
    Attorneys for Defendants, the Board of
10  Trustees the Board of Trustees of the
    California State University, and Robert A.
11  Rauch, an individual

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

**MOTION FOR SANCTIONS UNDER
RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, plaintiff Marketing Information Masters, Inc. ("MIM" or "Plaintiff") sued the Board of Trustees of the California State University (the "Trustees") and their employee, San Diego State University (SDSU) professor Robert Rauch, for copyright infringement, conversion, misappropriation and unfair business practices. Each of these claims arose of MIM's allegation that Professor Rauch had copied large portions of MIM's 2003 Pacific Life Holiday Bowl report in creating SDSU's 2004 Holiday Bowl report.

In late 2006, Defendants filed a filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). Defendants asserted that Plaintiff's copyright claim was barred by the Eleventh Amendment, and Plaintiff's state law claims were preempted under 17 U.S.C. Section 303, the preemption section of the Copyright Act. Plaintiff opposed, arguing that the Copyright Remedy Clarification Act ("CRCA") expressly provided that "[a]ny State, instrumentality of a state... or employee of a State or instrumentality of a State... shall not be immune, under the Eleventh Amendment" to a suit for copyright infringement. 17 U.S.C. Section 511(a). Defendants took the position that the CRCA was an invalid exercise of Congress's power, and thus did not constitute a valid waiver of the Eleventh Amendment.

On February 5, 2008, this Court issued a ruling on Defendants' Motion. That ruling held that the Copyright Remedy Clarification Act ("CRCA") "is not a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment," concluding that neither a State, employee of a State (acting within his or her official capacity) nor instrumentality of a State can be held liable for copyright infringement. *See* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order"), pages 5 to 7.[1/] Accordingly, this Court ruled that "Defendant Board of

---

[1/]A true and correct copy of that Order accompanies this Motion as Exhibit "A." (*See* Pink Decl., ¶ 2; Exhibit "A" thereto.)

**MOTION FOR SANCTIONS UNDER**
**RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1   Trustees and Robert A. Rauch, in his official capacity, are entitled to immunity," and

2   dismissed all claims asserted against those parties with prejudice. *Id.* at pages 7 and

3   13.

4       With respect to the claims asserted against Mr. Rauch in his individual

5   capacity, this Court permitted MIM until February 25, 2008 to file a Second

6   Amended Complaint ("SAC") that complied with its February 5th Order.

7       On February 25, 2008, Plaintiff filed a SAC, but that SAC did not comply with

8   this Court's Order. This is because, despite the Court's express ruling, Plaintiff

9   asserted all the *same* claims against all the *same* parties as it had in the FAC. Indeed,

10  the only difference between the FAC and the SAC is the latter's inclusion of

11  approximately four insignificant paragraphs, and several additional lines of text in

12  previously existing paragraphs.[2]

13      Such pleading suggests either that Plaintiff's counsel, Greg Goonan, failed to

14  read this Court's Order, or that he simply chose to ignore the legal significance of a

15  dismissal with prejudice. In light of this, on February 26, 2008, Defendants sent Mr.

16  Goonan a written demand to immediately withdraw the SAC or face Rule 11

17  Sanctions. (Pink Decl., ¶ 3; Exhibit "B" thereto.) Mr. Goonan, responded that no

18  withdrawal was necessary. According to him, although the claims against the

19  Trustees and Mr. Rauch "will not go forward," they nonetheless "must remain a part

20  of the operative pleading until final judgment is in fact entered or the judgment will

21  not make sense." (Pink Decl., ¶ 4; Exhibit "C" thereto.) Mr. Goonan cited no

22  authority for his novel proposition.

23

24      [2]*See e.g.*: (1) SAC, page 5, line 25 (inclusion of words "confidential

25  information" and "trade secrets"; (2) SAC, page 9, lines 8-9 (inclusion of new
    paragraph 49); (3) SAC, page 10, lines 6-7 (inclusion of new paragraph 58); (4)

26  SAC, page 10, lines 15-17 (inclusion of new text beginning with "questionnaire
    design strategies" and ending with "and other tangible"); (4) SAC, page 10, lines 19-

27  24 (inclusion of paragraph 61); (5) SAC, page 11, lines 1-3 (inclusion of paragraph
    64); (6) SAC, page 11, lines 17-21 (inclusion of paragraph 68); and (7) SAC, page

28  11, line 27 through page 12, line 7 (inclusion of new text in previously existing
    paragraph 71, and inclusion of new paragraph 72 ).

4832-0540-4674.1                        -4-

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1    On February 27, 2008, Defendants again attempted to persuade Mr. Goonan

2  that the SAC must be withdrawn.  Specifically, Defendants provided Mr. Goonan

3  with legal authority for the proposition that it is inappropriate to refile claims against

4  parties which a court has expressly dismissed with prejudice.  (Pink Decl., ¶ 5;

5  Exhibit "D" thereto.)

6    Despite that authority, Mr. Goonan again dismissed Defendants' position

7  without legal support.  (Pink Decl., ¶ 6; Exhibit "E" thereto.)  Again, he simply

8  insisted that Plaintiff should not have to draft a new complaint as doing so would put

9  "form over substance."  (*Id.*)

10    The parties strongly disagree on this point.  Moreover, as discussed below, this

11  is not an issue of "form over substance."  It is an issue of complying with a court

12  order where strong public policy mandates that an operative pleading clearly provide

13  notice of the claims asserted, and the grounds for those claims.

14    Plaintiff's SAC flies in the face of this public policy.  It makes no effort to

15  differentiate between claims and parties that have been dismissed and those which

16  remain viable.  Even under the liberal pleading standards of Fed.RulesCiv.Proc. Rule

17  8, the practical effect of this is to deny Defendants the fair notice they are entitled to.

18  Such conduct is without legal justification, and serves only to increase the cost of

19  this litigation and impede the Defendants' ability to mount a defense.

20    Based on the foregoing, Defendants served this Motion on Plaintiff and Mr.

21  Goonan on February 29, 2008.  Absent Plaintiff's withdrawal of the SAC by March

22  21, 2008, or its ability to provide sound legal authority in support of its position,

23  Defendants will file this Motion twenty-one days after such service. (Pink Decl., ¶ 7.)

24  **II. LEGAL ARGUMENT**

25    **A.  Legal Standard**

26    Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

27    By presenting to the court . . . a pleading, written motion, or other paper, an

28    attorney or unrepresented party is certifying that to the best of the person's

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .

(1) it is not being presented for any improper purpose, such as to *harass*, cause unnecessary delay, or *needlessly increase the cost of litigation*;

(2) the claims, defenses or other legal contentions therein are *warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

FRCP 11(b) (emphasis added).

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *Simpson v. Lear Astronomics Corp.*, 77 F.3d 1170 (9th Cir. 1996). A frivolous filing is one that is "both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *citing Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*).

Here, as set forth below, Plaintiff's conduct falls squarely within the prohibition set forth in Rule 11.

**B. Plaintiff Violates Rule 11 by Filing a "Carbon Copy" of the Recently Dismissed First Amended Complaint.**

On February 5, 2008, this Court dismissed *with prejudice* all claims asserted against the Trustees and Mr. Rauch in his official capacity. This Court permitted Plaintiff until February 25, 2008 to file a SAC that complied with its Order. On February 25th, Plaintiff filed a SAC that was nothing more than a "carbon copy" of the FAC. Defendants contacted Mr. Goonan and insisted that such pleading must be withdrawn as it was improper, Mr. Goonan responded that no withdrawal would be forthcoming. (*See* Exhibit "C.")

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1  Mr. Goonan insisted (without any legal support) that it was proper for Plaintiff

2  to reassert claims against the Trustees and Mr. Rauch in his official capacity,

3  although "those claims will not go forward." *Id.* at page 2, ¶1. He argued that it was

4  necessary to keep such claims in the "operative pleading until final judgment is in

5  fact entered or the judgment will not make sense." *Id.* at page 2, ¶2.

6  Mr. Goonan's contention makes no sense. Nor is it warranted or supported by

7  existing law.[3/]

8  Well established Federal law holds that a dismissal "with prejudice"

9  constitutes an adjudication on the merits as fully and completely as if the order had

10  been entered after trial. *See Creek Indians Natl. Council v. Sinclair Prairie Oil Co.*,

11  142 F.2d 842, 845 (10th Cir.), *cert. denied*, 323 U.S. 781, 65 S.Ct. 269, 89 L.Ed. 624

12  (1944); *Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358, 362 (6th Cir. 1967);

13  *American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc.*, 379 F.2d 376, 378

14  (7th Cir. 1967); *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972); *Pfeiffer*

15  *Co. v. United States*, 385 F.Supp. 367, 371 (E.D.Mo.1974), *aff'd*, 518 F.2d 124 (8th

16  Cir. 1975).

17  Thus, where a dismissal is "with prejudice," the dismissed claims cannot be be

18  refiled in the court that dismissed them. *See Styskal v. Weld County Bd. of County*

19  *Com'rs*, 365 F.3d 855 (10th Cir. 2004); *see also Lawlor v. National Screen Service*

20  *Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955) (when a cause of

21  action is dismissed with prejudice, it amounts to a final judgment on the merits that

22  bars a later suit on the same cause of action).[4/]

23

24  [3/]The only "support" Mr. Goonan provided for this novel theory was his

25  statement that "You apparently are of the view that we had some obligation to delete
   all references to claims about SDSU and Rauch in his official capacity when we filed

26  the Second Amended Complaint. As I explained above, this is not our understanding
   of the law or the proper procedure." *See* Exhibit "C," page 2, ¶ 5; emphasis added.

27  [4/]See also Blacks Law Dictionary 469 (6th ed.1990) (defining "Dismissal with

28  prejudice" as a term "meaning an adjudication on the merits, and final disposition,
   barring the right to bring or maintain an action on the same claim or cause."

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

Mr. Goonan should have known this. At the very least he should have known to investigate his novel theory of civil procedure *prior* to filing the SAC. He has been practicing law for "more than 22 years," and is no novice. (Exhibit "C," at page 1, ¶2.) But he didn't research this issue prior to filing or after he received Defendants' February 26th demand for a withdrawal. In fact, even after Defendants contacted him a second time, on February 27, 2008, and provided him with the authority that held dismissed claims <u>cannot</u> be be refiled in the court that dismissed them, Mr. Goonan scoffed and said "At least in my experience, we would not have had to file a new pleading that would have deleted the claims that were dismissed." (*See* Exhibits "D" and "E.") This response strongly suggests that he *never* looked into the legality of his actions, even after this issue was called to his attention.

### C. Plaintiff's Conduct is Not an Issue of Form Over Substance.

Plaintiff's disregard for this Court's Order is not mere "form over substance." The whole purpose of "notice pleading" is to provide the defendant with fair notice of what plaintiff's claim are, and the grounds on which the rest. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957).

By resubmitting the FAC under the title "Second Amended Complaint," Plaintiff has turned this rule on its head. The SAC makes no effort to differentiate between those claims/parties that have been dismissed with prejudice, and those which remain viable.[5] Indeed, it is so muddled as to deny Defendants the fair notice they are entitled to even under the liberal standards of Fed. Rules Civ. Proc. Rule 8(a)(2).

---

[5] For example, Paragraph 51 of the SAC states that "The actions of Defendants as alleged herein have infringed and continue to infringe Plaintiff's copyright rights in the 2003 Economic Impact Report" and Paragraph 55 states that "Plaintiff is entitled to recover from Defendants the damages it has sustained . . . as a result of Defendants' act of infringement. . . ." Given that this Court has already ruled that the Trustees and Rauch are immune from claims for copyright infringement under the 11th Amendment, are Defendants to assume that theses paragraphs – and similar ones – refer only to Mr. Rauch in his *individual* capacity? Should Defendants strike "Defendants" and insert "Defendant" throughout the SAC? Such confusion would never have been created had Plaintiff drafted a SAC that complied with this Court's Order.

4832-0540-4674.1

-8-

Plaintiff created this problem by failing to comply this Court's February 5th Order. Its refusal to correct this problem (by withdrawing the SAC) is not warranted by existing law or supported by a nonfrivolous argument for modifying such law. The practical consequence of this is that Defendants cannot determine what claims Plaintiff is asserting, and against *whom* they are asserted, so as to draft a cogent Answer.[6] This in turn has unnecessary delayed, and needlessly increased the cost of, this litigation.

**D. Plaintiff and/or Plaintiff's Counsel Are Subject to Sanctions Under FRCP 11(b).**

Under Rule 11, Plaintiff and Mr. Goonan should be sanctioned for failing to conduct the legal research necessary under the circumstances to determine whether, in light of this Court's February 5th Order: (1) the claims and legal contentions set forth in the SAC were warranted by existing law (or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law); and (2) the contentions set forth in the SAC have evidentiary support in light of that same Order. *See* FRCP 11(b).

The Ninth Circuit has held that when, as here, a complaint "is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. (Nev.) 2005) (internal quotations omitted). The Ninth Circuit uses the term "frivolous" as "shorthand for this test." *Id.*

---

[6] In his letter of February 26th, Mr. Goonan attempts to clarify this by stating that SAC contains three categories of claims: those "against SDSU, claims against Rauch in his official capacity, and claims against Rauch in his individual capacity," only the latter of which Plaintiff is pursuing at this time. (Exhibit "C.") The SAC says nothing about this differentiation. It continues to assert *all* claims against *all* defendants just as Plaintiff did in the FAC. In short, it is a mess!

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

The *Holgate* test, as applied below, demonstrates that in light of this Court's February 5th Order, Plaintiff's SAC is frivolous as drafted.

**1. *Lacks adequate legal or factual basis***

Plaintiff's SAC alleges that:

- "Mr. Rauch and the SDSU Center for Hospitality and Tourism Research are guilty of infringing Plaintiff's copyright rights, and are also guilty of conversion and unfair business practices under California law." (SAC ¶ 12.)

- "Plaintiff brings this action to secure . . . disgorgement of all profit and gain that Defendants, and each of them, have achieved from their wrongful acts." (SAC ¶ 13.)

- The Trustees are a defendant in this action. (SAC ¶ 18.)

- Mr. Rauch in his official capacity is a defendant in this action. (SAC ¶ 21.)

- "Plaintiff is entitled to recover from [all] Defendants the damages it has sustained and will sustain . . . in an amount according to proof at trial." (SAC ¶ 55.)

- "[U]nless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and profit from Plaintiff's copyrighted material. . . ." (SAC ¶ 56.)

- "The wrongful acts of Defendants as alleged herein constitute conversion of the Property under California law." (SAC ¶ 63.)

- "The actions of Defendants as alleged herein constitute the misappropriation of Plaintiff's confidential and proprietary information and trade secrets in violation of the Uniform Trade Secrets Act, California Civil Code § 3426 *et seq.*" (SAC ¶ 73.)

- "Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain . . . according to proof at trial." (SAC ¶ 75.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

- "Defendants have engaged in activities which constitute unlawful and unfair business practices . . . ."   (SAC ¶ 82; *see also* SAC ¶ 84.)

Plaintiff makes the foregoing allegations despite knowing that this Court dismissed *with prejudice* all claims asserted against the Trustees and Mr. Rauch (in his official capacity), and despite acknowledging that it could not pursue such claims. (*See* Exhibit "C.") In short, despite the undeniable legal authority addressing the effect of a dismissal with prejudice, Plaintiff filed a legally and factually baseless SAC – and *refuses* to withdraw it.

### 2. *Reasonable inquiry*

In *Holgate, supra*, the court found that "even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the Holgates' complaint did not allege." *Holgate*, 425 F.3d 671, 677 *citing Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). This finding led to the determination that the district court did not abuse its discretion in concluding that plaintiff had failed to conduct an adequate inquiry before filing its Complaint. *Id.*

Similarly here, had Plaintiff's counsel conducted "even the most cursory legal inquiry," it would have learned that a dismissal with prejudice prohibited Plaintiff from filing a SAC that continued to allege dismissed claims against the dismissed parties.

As set forth above, this Court's February 5th Order permitted Plaintiff to proceed in this case *only* against Mr. Rauch in his *individual* capacity. The claims set forth in Plaintiff's SAC go well beyond that boundary. Plaintiff's over pleading is both symptomatic of and attributable to Plaintiff's failure to conduct a reasonable inquiry into the legal effect of a dismissal with prejudice before filing the subject SAC. Mr. Goonan's failure to do so subjects him and his client to sanctions under FRCP 11(b).

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

**E. This Court Should Impose Monetary Sanctions Against Plaintiff and Its Counsel in the Amount of $7,000.**

Because neither Plaintiff nor Mr. Goonan can muster any substantial justification for its failure to comply with this Court's February 5, 2008 Order, and because both have thus caused Defendants to incur legal expenses that would have been otherwise unnecessary, this Court should impose monetary sanctions against Plaintiff and Mr. Goonan in the amount of $7,000.

This figure is based on the following: Defendants' counsel spent approximately three hours researching, drafting and responding to correspondence with Plaintiff's counsel in an effort to avoid the need for filing this motion. Defendants' counsel spent approximately fifteen hours researching and preparing this motion, and further expects to spend an equal amount of time on Defendants' reply brief, as well as approximately 5 hours traveling to/from and attending the hearing on this Motion. Pink Decl., ¶8.) The current blended billing rate for these Defendants is $185/hr. (Pink Decl., ¶8.)

## III. CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their motion for sanctions under Rule 11, and pray for an order granting (1) an award of Defendants' reasonable attorney fees and costs expended in the defense of this action; and (2) for such other and further relief as the Court sees fit.

DATED:  February 29, 2008          Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By _____
Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendants, the Board of
Trustees of the California State University, and
Robert A. Rauch, an individual

**MOTION FOR SANCTIONS UNDER
RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## DECLARATION OF JONATHAN S. PINK

I, JONATHAN S. PINK, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am partner in the law firm of Lewis Brisbois Bisgaard & Smith, LLP, counsel of record for Defendants the Board of Trustees of the California State University (the "Trustees), and Robert A. Rauch (collectively, "Defendants") in the above-entitled lawsuit. As such, I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify to the below facts which are personally known to me.

2. Attached hereto as Exhibit "A" is a true and correct copy of this Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order").

3. Attached hereto as Exhibit "B" is a true and correct copy of a letter I sent to plaintiff's counsel, Greg Goonan, on February 26, 2008, one day after I received plaintiff's Second Amended Complaint ("SAC").

4. Attached hereto as Exhibit "C" is a true and correct copy of Mr. Goonan's written response to Exhibit "B."

5. In a further effort to avoid filing this Motion, on February 27, 2008, I sent Mr. Goonan an e-mail which provided the legal authority for Defendants' position that it was inappropriate for plaintiff to have filed a SAC that continued to make allegations and assert claims against parties that this Court had dismissed with prejudice. Attached hereto as Exhibit "D" is a true and correct copy of that e-mail.

6. Attached hereto as Exhibit "E" is a true and correct copy of Mr. Goonan's written response to Exhibit "D."

7. Because Plaintiff refused to withdraw the SAC – or to provide any authority that supported its filing of a complaint that continued to make allegations and assert claims against parties this Court had dismissed with prejudice –

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

Defendants served this Motion on on February 29, 2008 with the intention of filing it 21 later.

8. I spent approximately three hours researching and drafting correspondence to Mr. Goonan in an effort to avoid this motion. I spent approximately fifteen hours researching and preparing this Motion. I expect to spend an equal amount of time on Defendants' reply brief, as well as approximately 5 hours traveling to/from and attending the hearing on this Motion. My usual billing rate is $350/hour. However, in this case, the Defendants are afforded a "most favored nation" blended rate of $185/hour.

9. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of February, 2008 at Costa Mesa, California.

Jonathan Pink

Exhibit A
Page 15

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  SOUTHERN DISTRICT OF CALIFORNIA
9   MARKETING INFORMATION              )   Civil No. 06cv1682 JAH (JMA)
    MASTERS, INC., a California         )
10  corporation,                       )   **ORDER GRANTING IN PART AND**
                                        )   **DENYING IN PART**
11                   Plaintifff,        )   **DEFENDANT'S MOTION TO**
    v.                                  )   **DISMISS [Doc. No. 12]**
12                                      )
    THE BOARD OF TRUSTEES OF THE        )
13  CALIFORNIA STATE UNIVERSITY         )
    SYSTEM, et. al.,                    )
14                                      )
                     Defendants.        )
15  _____ )

16        On November 20, 2006, Defendant Board of Trustees of California State University
17  ("Board of Trustees") and Defendant Robert A. Rauch (collectively "Defendants") filed a motion
18  to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).   Plaintiff Marketing
19  Information Masters, Inc. ("MIM") filed an opposition on January 4, 2007.  Defendants filed
20  a reply on January 10, 2007. After a thorough review of the parties' submissions, the Court
21  GRANTS IN PART AND DENIES IN PART Defendant's motion.
22                              **INTRODUCTION**
23        Plaintiff, a California corporation in the business of performing marketing research
24  studies, filed a complaint on August 18, 2006, and an amended complaint ("FAC") on
25  November 8, 2006, alleging copyright infringement, conversion, misappropriation and unfair
26  business practices. The Board of Trustees and Robert A. Rauch, an affiliate with the San Diego
27  State University Center for Hospitality and Tourism Research ("the Center"), were named as
28  defendants. Plaintiff alleges it performed studies of the economic impact of the Holiday Bowl

                                                                       06cv1682

1  on the San Diego community which it recorded in written reports protected under copyright
2  laws and provided to the Holiday Bowl organization at fees below market rate. FAC ¶ 4 at 2.
3  Plaintiff prepared a report of the impact of the 2003 Holiday Bowl and provided the report
4  to the Holiday Bowl Committee in February 2004. Id. ¶ 6 at 2.  After delivering the report,
5  Michael Casinelli, owner of Marketing Information Masters, notified the organization it would
6  need to pay market rates for any additional impact studies. Id.  ¶ 7 at 2.  Thereafter, the
7  Holiday Bowl organization contracted with the Center to conduct the impact study for the
8  2004 Holiday Bowl. Id. ¶ 8 at 2 -3.  Plaintiff alleges the Center copied and  plagiarized
9  Plaintiff's 2003 report to prepare the 2004 report.  Id. ¶ 10 at 3.

10                                    **DISCUSSION**

11         Defendants maintain they are entitled to sovereign immunity and seek dismissal of the
12  action in its entirety and further argue the state law claims are preempted by the Federal
13  Copyright Act.  Plaintiff opposes Defendants' motion to dismiss on the grounds that state
14  sovereign immunity is abrogated by the Copyright Clarification Act, Defendant Rauch is not
15  entitled to state sovereign immunity, and Plaintiff's state law claims are not preempted by
16  federal law.

17  **I.    Legal Standard**

18         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency
19  of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of a claim
20  under this rule is appropriate only where "it appears beyond doubt that the plaintiff can prove
21  no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson,
22  355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732.  Dismissal is warranted under Rule
23  12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter
24  Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); See Neitzke v. Williams, 490 U.S. 319, 326
25  (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue
26  of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal
27  theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

28         In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth

                                          2                                    06cv1682

1  of all factual allegations and must construe all inferences from them in the light most favorable
2  to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v.
3  Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need
4  not be taken as true merely because they are cast in the form of factual allegations. Ileto v.
5  Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d
6  618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the
7  facts alleged in the complaint, documents attached to the complaint, documents relied upon
8  but not attached to the complaint when authenticity is not contested, and matters of which
9  the Court takes judicial notice. Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998);
10 Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

11 **II.     Eleventh Amendment Immunity**

12 **A.  Copyright Infringement Claim**

13       Defendants maintain the copyright claim must be dismissed, because they are entitled
14 to Eleventh Amendment Immunity.

15 **1.     Legal Standard**

16       The Eleventh Amendment provides a state immunity from suit unless the state consents
17 to be sued or Congress validly overrides the state's immunity. See Green v. Mansour, 474
18 U.S. 64, 68 (1985).   In order to determine whether a state's immunity has been validly
19 overridden by Congress, the court looks to two factors: (1) whether Congress expressed a clear
20 intent to override the state's immunity and (2) whether Congress acted pursuant to a
21 constitutional grant of authority. See Blatchford v. Native Village,501 U.S. 775, 786 (1991);
22 Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) (citations omitted).  Congress
23 may not validly abrogate State immunity under Article I of the Constitution.   See id.
24 However, Congress does have the ability to abrogate state sovereign immunity under the
25 enforcement clause of the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445,
26 456 (1976); Florida Prepaid v. College Savings Bank, 527 U.S. 627, 637(1999). Under §5 of
27 the Fourteenth Amendment, Congress has the power of enforcement but not the power to
28 deem an action a constitutional violation. The Supreme Court outlined a test for determining

1  whether an act constitutes a valid exercise of Congress's powers under § 5 of the Fourteenth
2  Amendment in <u>City of Boerne v. Flores</u>, 521 U.S. 507 (1997), known as the "congruence and
3  proportionality" test. The test was further clarified in <u>Florida Prepaid</u>. In order "to invoke §5,
4  [Congress] must identify conduct transgressing the Fourteenth Amendment's substantive
5  provisions, and it must tailor its legislative scheme to remedying or preventing such conduct."
6  <u>Florida Prepaid</u>, 527 at 639.

7  2. Analysis

8      The Copyright Remedy Clarification Act ("CRCA") was passed with the intent to
9  subject states to liability for copyright infringement. The Copyright Clarification Act, Hearing
10  before the Subcommittee on Patents, Copyrights and Trademarks, Pla's Exh. A at 8 (Doc. No.
11  13). Pursuant to the CRCA, the Copyright Act was modified to state:

12      Any State, any instrumentality of a State, and any officer or employee of
    a State or instrumentality of a State ...shall not be immune, under the
13      Eleventh Amendment ...from suit in Federal Court...for a violation of any
    of the exclusive rights of a copyright owner ...
14      17 U.S.C.A. section 511(a) (1994).

15      Defendants contend the CRCA was not passed pursuant to a constitutional grant of
16  power, and therefore does not validly provide a waiver of Eleventh Amendment Immunity.
17  Specifically, Defendants argue the CRCA was improperly passed by Congress based upon
18  Article I of the Constitution. Furthermore, Defendants argue the CRCA fails as a Fourteenth
19  Amendment enactment because Congress did not identify a pattern of copyright infringement
20  by states, Congress did not limit the scope of the CRCA, and Congress did not consider
21  alternative methods through which copyright holders may obtain relief.

22      Plaintiff argues that the CRCA is a valid abrogation of the state's sovereign immunity,
23  because it was enacted pursuant to Congress's enforcement power under the Fourteenth
24  Amendment.

25      Neither the Supreme Court, nor the Ninth Circuit has addressed the issue of whether
26  the CRCA is a valid abrogation of state sovereign immunity. However, the Supreme Court
27  struck down as unconstitutional two similar "remedy clarification" acts involving intellectual
28  property rights; the Patent and Plant Remedy Clarification Act and the Trademark Remedy

1  Clarification Act. See Florida Prepaid 527 at 627; College Savings Bank v. Florida Prepaid
2  Postsecondary Education Expense Fund, 527 U.S. 666 (1999).  In Florida Prepaid, the
3  Supreme Court found Congress identified no pattern of patent infringement by the states and
4  barely considered availability of state remedies thus failing to support "the proposition that
5  Congress sought to remedy a Fourteenth Amendment violation in enacting the Patent Remedy
6  Act." 527 U.S. at 642-47. The Court in College Savings Bank, found the right to be free from
7  a business competitor's false advertising and the right to be secure in one's business interests
8  did not qualify as property rights protected by the due process clause, and therefore the
9  Trademark Remedy Clarification Act, which was enacted to remedy those deprivations, was
10 not a valid abrogation of Eleventh Amendment immunity. 527 U.S. at 672-75.

11        The Fifth Circuit, the only circuit court addressing the issue, has held that the CRCA
12 is not a proper exercise of Congress' power under §5 of the Fourteenth Amendment, and
13 therefore is not a valid abrogation of state sovereign immunity. Chavez v. Arte Publico Press,
14 204 F.3d 601,608 (5th Cir. 2000). Applying the analytical framework of Florida Prepaid, the
15 court found that Congress, in its enactment of the CRCA, failed to uncover a pattern of
16 constitutional violations by states regarding infringement of the copyright act, failed to
17 consider alternative methods of obtaining relief, and failed to limit the reach of the CRCA in
18 any manner. Id. at 605 - 608.

19        This Court agrees that the CRCA does not constitute a valid abrogation of state
20 sovereign immunity. Based upon the clear language of the CRCA, this Court finds Congress
21 intended to abrogate States' immunity through its enactment. The CRCA specifically states
22 Eleventh Amendment immunity does not apply in cases of copyright infringement. See 17
23 U.S.C. § 511(a). However, this Court finds the CRCA was not passed pursuant to a valid
24 exercise of Fourteenth Amendment enforcement powers.

25        According to the Fifth Circuit in Chavez, the relevant inquiry for determining whether
26 the CRCA constitutes a valid exercise of Congress's Fourteenth Amendment powers is:
27 (1) whether there is a pattern of copyright infringement by states; (2) whether adequate state
28 remedies for copyright infringement exist; and (3) the coverage of the legislation. Chavez, 204

1  F.3d at 605 (citing Florida Prepaid, 527 U.S. at 640 - 645. This Court concurs with the Fifth
2  Circuit's application of the analytical framework presented in Florida Prepaid to the CRCA.
3  In its enactment of the CRCA, Congress considered several factors, including incidents of past
4  infringement by states as well as anticipation of future infringement by states.   Hearing
5  Documents for the CRCA, Pla's Exh A-C (Doc. No. 13). Anecdotal evidence was considered
6  along with eight recent cases involving state infringement of copyrights. See id.; Pla's Exh. A
7  at 17.   Witnesses also provided examples of states refusing to negotiate over licenses,
8  photocopying copyrighted material, and copying parts of books where permission from the
9  copyright owner was denied.  Pla's Exh. A at 23, 27; Exh. B at 29.    The testimony and
10 evidence demonstrated at most sporadic violations, not widespread violations by states.
11 Furthermore, the committee notes there was no evidence of "any significant number of
12 wholesale takings of copyright rights by States and State entities." Kastenmeier Testimony,
13 Pla's Exh. B at 6.  Additionally, Ralph Oman, Register of Copyrights, reported during his
14 testimony that states are "respectful of the copyright law" and he believes they will remain so.
15 Pla's Exh. A at 8.  As noted by the Fifth Circuit in Chavez, the reports and testimony do not
16 demonstrate a pattern of unremedied copyright infringement by states. 204 F.3d at 606.
17 Instead, the testimony describes the potential for violations by states if they were not held
18 accountable for copyright infringement. As such, there is no evidence of a pattern of copyright
19 infringement by the states.

20     Additionally, the evidence demonstrates the committee minimally considered adequacy
21 of state remedies.  There are references in the testimony to the exclusivity of jurisdiction over
22 copyright actions in Federal court. See e.g. Oman Statement, Exh. A at 7.; Exh. A at 18, 26;
23 Exh. B at 9; Comments of National Music Publisher's Association, Inc. Exh. C (Part 1) at 34;
24 Exh. C (Part 2) at 2.  However, the discussion regarding available remedies focuses primarily
25 on the inadequacy of injunctive relief. There is minimal discussion of waivers by the state and,
26 as noted by the Fifth Circuit, no discussion of other state remedies such as breach of contract
27 claims.

28     Finally, the coverage of the CRCA is not sufficiently narrow to address conduct that

6

06cv1682

1  violates the due process clause of the Fourteenth Amendment. The Supreme Court in <u>Florida</u>
2  <u>Prepaid</u> noted that a state's negligent act does not violate the due process clause and the
3  legislative history of the Patent Remedy Act suggested Congress enacted the legislation "in
4  response to a handful of instances of patent infringement that do not necessarily violate the
5  Constitution." 527 U.S. at 645-56. The Court found the provisions of the Act, which did not
6  require any showing of intent to infringe, were not sufficiently tailored to remedy
7  unconstitutional behavior. <u>Id.</u> at 646. The discussion in <u>Florida Prepaid</u> teaches "that a
8  deprivation, to fit the meaning of the due process clause, must be intentional.. ." <u>Chavez</u>, 204
9  F.3d at 607. Like patent infringement, copyright infringement does not require a showing of
10 intent. <u>See Florida Prepaid</u> 527 U.S. at 645; <u>Chavez</u>, 204 F.3d at 607. Congress failed to
11 limit the reach of the CRCA to infringement which violates the due process clause of the
12 Fourteenth Amendment. As such, the CRCA is not proportionate to ends legitimate under §
13 5 of the Fourteenth Amendment.

14      This Court finds the CRCA fails to meet the "congruence and proportionality" test and
15 is not a valid exercise of Congress's power under § 5 of the Fourteenth Amendment.
16 Accordingly, Defendant Board of Trustees and Robert A. Rauch, in his official capacity, are
17 entitled to immunity.

18 **3.    Individual Capacity Suit Against Defendant Rauch**
19 **a.    Legal Standard**

20      State sovereign immunity extends to government officials that are sued for damages in
21 their official capacity. <u>Cary v. White</u>, 457 U.S. 85 (1982); <u>Edelman v. Jordan</u>, 415 U.S. 651
22 (1974). An individual capacity suit against a government official is one that directly attaches
23 that individual's assets and is one that will not lead to monetary liability of the state.
24 <u>Kentucky v. Graham</u>, 473 U.S. 159, 168 (1985). The deciding factor for ascertaining whether
25 a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by
26 the plaintiff, but rather the nature of the suit. <u>Larson v. Domestic & Foreign Commerce Corp.</u>,
27 337 U.S. 682, 714 (1948). Where the suit is in fact against the individual, the individual is
28 not automatically immune from suit by virtue of the fact that the act was undertaken in the

1    course of his or her employment. Id. Based on this finding, the Fourth Circuit has held that
2    a public relations director of a state university director may be held liable for committing
3    copyright infringement in the course of her employment. See Richard Anderson Photography
4    v. Brown, 852 F.2d 114 (4th Cir. 1988).

5    b.    **Analysis**

6        Plaintiff alleges that Defendant Rauch and the Center copied and plagiarized Plaintiff's
7    survey without permission. FAC ¶ 10 at 3. At the time of the alleged copyright infringement,
8    Defendant Rauch was the acting director of the Center and oversaw the preparation of the
9    2004 study and report. Id. ¶ 9 at 3, ¶ 33 at 7. Plaintiff further alleges Defendant Rauch was
10   "affiliated" with the Center for Hospitality and Tourism, but admits it "does not know whether
11   Mr. Rauch was an employee of San Diego State University or an outside consultant." Id. ¶ 20
12   at 5. According to the FAC, Rauch has "actively advertised and promoted [his] involvement
13   in and preparation of the" 2004 study and has "generated contracts for further and additional
14   work." Id. ¶ 44, 8. Plaintiff asserts Mr. Rauch engaged in the wrongful acts in both his
15   individual and official capacity. Id. ¶ 20 at 5.

16       Defendants allege the FAC demonstrates the real defendant is the Trustees, not Rauch,
17   as Plaintiff makes no distinction between Rauch's and the Trustees's acts and Plaintiff fails to
18   allege when, where or how Rauch engaged in a wrongful act in his individual capacity. They
19   further argue Defendant Rauch acted purely in his official capacity, and therefore is protected
20   from suit by the Eleventh Amendment. Specifically, Defendants argue that the actions
21   undertaken by Defendant Rauch were during the course of his employment, for the benefit of
22   his employer, the state university, and therefore, the suit against Defendant Rauch is in his
23   official capacity and is disallowed. Plaintiff argues that Defendant Rauch is subject to suit
24   because Plaintiff is suing Defendant Rauch in his individual capacity, as well as his official
25   capacity as demonstrated by the allegations he personally committed copyright infringement.

26       Based upon the FAC, which includes allegations that Rauch personally engaged in the
27   infringing behavior, the Court finds Plaintiff seeks relief from Rauch in his individual capacity
28   as well as official capacity. Accordingly, Rauch is not entitled to sovereign immunity from the

1  suit seeking relief against him in his individual capacity.

2  **B.  State Law Claims**

3      Plaintiff asserts state law claims against Defendants pursuant to pendant or
4  supplemental jurisdiction. Eleventh Amendment immunity extends to claims brought against
5  a state in federal court under supplemental jurisdiction.  See Raygor v. Regents of the
6  University of Minnesota, 534 U.S. 533, 541-41 (2002). Absent a waiver, Defendants are
7  entitled to immunity. Plaintiff fails to address this issue entirely, much less demonstrate a
8  waiver. Accordingly, the state law claims shall be dismissed against the Board of Trustees and
9  Defendant Rauch in his official capacity.

10  **II.    Preemption of State Law Claims**

11     Defendants contend that Plaintiff's conversion, misappropriation, and unfair business
12  practices claims under state law are preempted by 17 U.S.C. § 301(a).

13  **A.    Legal Standard**

14     Section 301(a) states that all legal rights stemming from copyright ownership are to be
15  governed by federal law. The Ninth Circuit employs a two-part test to determine whether a
16  claim is preempted by the Copyright Act. Laws v. Sony Music Entertainment, Inc., 448 F.3d
17  1134 (9th Cir. 2006); Kodadek v. MTV, 152 F.3d 1209 (9th Cir. 1998); Del Madera Properties
18  v. Rhodes and Gardner, Inc., 820 F.2d 973 (9th Cir. 1987) (overruled on other grounds). First,
19  preemption will only occur if the work in question falls within the scope of the Copyright Act
20  as set forth in 17 U.S.C. §§102, 103. Id. Second, the specific state law rights claimed must
21  be commensurate to rights that are protected by the Copyright Act in 17 U.S.C. § 301(a). Id.
22  "A 'right which is equivalent to copyright' is one which is infringed by the mere act of
23  reproduction, performance, distribution, or display." Balboa v. Trans Global, 218 Cal.App.3d
24  1327(1990)(Quoting 1 *Nimmer on Copyright* §1.01[b] at pages 1-12). If the state law contains
25  an element that is not present in the Copyright Act which materially changes the cause of
26  action, the state law claim will not be preempted. Balboa, 218 Cal.App.3d 1327.

27  **B.    Analysis**

28     Plaintiff asserts claims for conversion, misappropriation, and unfair business practices

1  under California state law. With respect to Plaintiff's conversion claim, Plaintiff alleges it is
2  the owner of "tangible materials and intangible ideas" created by Plaintiff in connection with
3  the work on various economic impact studies and reports, including questionnaires and work
4  papers. FAC ¶ 58 at 10. Plaintiff further alleges Defendants "interfered with Plaintiff's right,
5  title, and interest" to the work and their acts constitute conversion. Id. ¶¶ 59, 60 at 10. With
6  respect to Plaintiff's misappropriation claim, Plaintiff alleges the tangible and intangible
7  property "not expressly incorporated into the economic impact reports prepared by Plaintiff
8  constitutes confidential, proprietary and trade secret information owned by Plaintiff" and
9  derives it value from not being known to the public. Id. ¶¶ 64, 65  at 11. Plaintiff alleges
10  Defendant used the confidential and proprietary information and trade secrets in preparing
11  the 2004 report, which constitutes misappropriation. Id. ¶¶ 67, 68 at 11. With respect to
12  Plaintiff's unfair business practices claim, Plaintiff alleges Defendants received unjust
13  enrichment through "unlawful and unfair business practices" pursuant to California Business
14  and Professions Code § 17200 et seq. Complaint ¶ 77 - 81 at 12.

15      Defendant argues the conversion and misappropriation claims, as alleged, fall within the
16  purview of section 301, because they involve copyright subject matter. Specifically, Defendant
17  argues the claims seek relief for the ideas and concepts giving rise to the 2003 survey.
18  Defendants maintain Plaintiff's state law claims which seek relief for theft of ideas, text and
19  concepts giving rise to the 2003 survey fall within the scope of the Copyright Act and are
20  therefore preempted.

21      Because Defendant completely fails to address the unfair competition claim, the motion
22  is denied as to that claim.

23      Plaintiff maintains the preemption argument is based upon a misinterpretation of the
24  nature of its state claims and explains the misappropriation and conversion claims seek relief
25  for the theft of the methodologies for evaluation, the questionnaires developed by Plaintiff,
26  work papers generated while conducting the impact studies and "other intangible property and
27  ideas" not contained in the 2003 survey. This property, Plaintiff argues, is not just ideas in
28  the 2003 survey, but is separate and distinct property.

06cv1682

1    In reply, Defendants contend Plaintiff's assertions in the opposition attempt to bolster
2  the FAC are not relevant to a motion brought pursuant 12(b)(6) which tests the sufficiency
3  of the complaint, not the opposition.  Defendants further argue, even with the additional
4  information, the state law claims are still preempted.  Specifically, Defendants maintain the
5  tangible property, questionnaires and work papers are only valuable to the extent they contain
6  intellectual property subject to copyright law.    Additionally, Defendants maintain the
7  intangible property and ideas fall under the Copyright Act.

8  **1.  The Scope of the Copyright Act**

9    Upon review of the FAC, Plaintiff seeks relief for the theft of "tangible materials,"
10  including questionnaires and work papers" and "intangible ideas." FAC ¶ 58. The Court finds,
11  the tangible property which includes, questionnaires and work papers are "tangible works of
12  authorship" within the scope of the Copyright Act.  See Del Madera Properties; see also 17
13  U.S.C. §§ 101, 102.  Furthermore, the questionnaires and work papers were created in
14  connection with the copyrighted economic impact studies.

15    Although "ideas" are excluded from copyright protection, courts have determined
16  "ideas" contained in copyrighted material are within the scope of the Copyright Act, because
17  the scope of the Act is broader than the protection.  See U.S. Ex. Rel. Berge v. Trustees of the
18  University of Alabama, 104 F.3d 1453 (4th Cir. 1997) (finding state claim for conversion for
19  "ideas" contained in copyrighted doctoral thesis is preempted by the Copyright Act); Entous
20  v. Viacom Intern., Inc., 151 F.Supp.2d 1150 (C.D.Cal. 2001); Selby v. New Line Cinema
21  Corp., 96 F.Supp.2d 1053 (C.D.Cal. 2001); Firoozye v. Earthlink Network, 153 F.Supp.2d
22  1115 (N.D.Cal. 2001). The Court finds the "intangible ideas" generated in connection with
23  the impact studies, as alleged in the complaint, are also within the scope of the Copyright Act.
24  Accordingly, the first prong of the test is met.

25  **2.  Equivalent to Right Protected Under the Copyright Act**

26    Defendants fail to identify the elements of the claims they argue are preempted, and
27  do not articulate how or why Plaintiff's conversion, and misappropriation of trade secrets,
28  implicate rights that are equivalent to the rights federal copyright law protects.  However, the

11

06cv1682

1  Court has reviewed the allegations and determines the claims are equivalent to the copyright
2  claim.

3        To state a claim for conversion under California law, a plaintiff must establish: (1) the
4  plaintiff's ownership or right to possession of certain property; (2) the defendant's conversion
5  of the property by a wrongful act or disposition of property rights; and (3) damages. <u>Oakdale</u>
6  <u>Village Group v. Fong</u>, 43 Cal.App.4th 539, 543-44 (1996). While conversion is generally
7  immune from preemption because it involves tangible property, conversion actions seeking
8  only damages for reproduction of the property - not return of tangible property - are preempted
9  by the Copyright Act. <u>Firoozye v. Earthlink Network</u>, 153 F.Supp.2d 1115, 1130 (N.D.Cal.
10  2001). As alleged, Plaintiff is not seeking the return of property, but damages for its use. The
11  rights asserted in the conversion claim are the same as those protected by the Copyright Act.
12  As such, the second prong of the test is met and the conversion claim is preempted.

13        The tort of misappropriation under California law generally involves an issue of secrecy.
14  Plaintiff does allege Defendant used its confidential, proprietary trade secret information in
15  preparing its report. However, Plaintiff makes no allegation that Defendant disclosed the
16  confidential information. Accordingly, Plaintiff's misappropriation of trade secret claim lacks
17  the "'extra element' of 'disclosure' of a secret in contravention of a specific duty to keep that
18  information confidential." <u>Idema v. Dreamworks, Inc.</u>, 162 F.Supp.2d 1129, 1195 (C.D.Cal.
19  2001). As such, the misappropriation claim, as alleged, is preempted by the Copyright Act.

20  **3. Amending the FAC**

21        Plaintiff requests leave to amend its complaint to assert sufficient allegations supporting
22  its state law claims in the event the Court finds the claims are preempted. Defendant opposes
23  the request, arguing Plaintiff should not be given a third bite at the apple.

24

25

26

27  //

28

06cv1682

1   The Court finds it appropriate to dismiss the preempted state law claims without
2   prejudice and to provide Plaintiff an opportunity to amend.

3                          **CONCLUSION AND ORDER**

4   **IT IS HEREBY ORDERED:**

5   1.   Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN
6        PART**. It is **GRANTED** as to the claims against the Board of Trustees and
7        Defendant Rauch in his official capacity, and the conversion claim and
8        misappropriation claim.   The motion is **DENIED** as to the claims against
9        Defendant Rauch in his individual capacity and the unfair competition claim.

10  2.   The Board of Trustees is **DISMISSED with prejudice**.

11  3.   All claims against Defendant Rauch in his official capacity are **DISMISSED
12       with prejudice**.

13  3.   The conversion claim and the misappropriation claim against Defendant Rauch
14       in his individual capacity are **DISMISSED without prejudice**.

15  4.   Plaintiff's request for leave to amend to cure the deficiencies of his state law
16       claims is **GRANTED**.  Plaintiff shall file a second amended complaint no later
17       than **February 25, 2008**.

18

19  DATED: February 5, 2008

20

21

22                                                  JOHN A. HOUSTON
                                                    United States District Judge
23

24

25

26

27

28

                                  13                                  06cv1682

Exhibit A
Page 28

**EXHIBIT B**

Exhibit B

Page 29

# LEWIS BRISBOIS BISGAARD & SMITH LLP

## ATTORNEYS AT LAW

650 TOWN CENTER DRIVE, SUITE 1400, COSTA MESA, CA 92626
PHONE: 714.545.9200 | FAX: 714.850.1030 | WEBSITE: www.lbbslaw.com

JONATHAN PINK
DIRECT DIAL: 714.668.5589
E-MAIL: pink@lbbslaw.com

February 26, 2008

FILE NO.
24363-53

Gregory P. Goonan
The Affinity Law Group, APC
600 West Broadway, Suite 400
San Diego, California 92101

> Re: *Marketing Information Masters, Inc., v. CSU*
> USDC Case No.: 06CV1682 JAH JMA
> OGC File No. 06-2379

Dear Mr. Goonan:

This office is in receipt of your client's Second Amended Complaint ("SAC").

That SAC is nearly identical to your client's First Amended Complaint ("FAC"). As you know, the Court in this matter issued a significant ruling with respect to the allegations set forth in the FAC. Specifically, it dismissed with prejudice the claims asserted against the Board of Trustees of the California State University System (the "Trustees") and Robert Rauch when acting in his official capacity. See Order on Motion to Dismiss dated February 5, 2008 ("Order")). Even more significantly, it ruled that the Copyright Remedy Clarification Act ("CRCA") "is not a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment," thereby holding that "Defendant Board of Trustees and Robert A. Rauch, in his official capacity, are entitled to immunity." *Id.* at page 7.

Despite that ruling, your client's SAC again asserts claims of copyright infringement, conversion, misappropriation and unfair practices against the Trustees and Mr. Rauch in his official capacity. Indeed, the SAC is identical to the FAC but for the inclusion of approximately four insignificant paragraphs.

Such pleading suggests that either you failed to read, or have simply chosen to ignore, the Court's Order. In any event, the SAC is so diametrically opposed to that Order that it must be

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON

immediately withdrawn. Absent its withdrawal by the close of business on Wednesday, February 27, 2008, defendants will serve a Rule 11 sanctions motion on you by the end of the week. (To the extent you wish to file a Third Amended Complaint that complies with the Court's Order, you will have to seek the Court's approval for doing so.)

Rule 11(b)(1) and (2) subjects an attorney to sanctions where he or she files a pleading "for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation [, or where] the claims [asserted] are [un]warranted by existing law. . . ." Here, the SAC falls squarely within the prohibition set forth in Rule 11. That is, despite the Court's express ruling that a State, employee of a State (acting within his or her official capacity) or instrumentality of a State cannot be held liable for copyright infringement, you have filed a pleading that asserts precisely this claim (and related ones) against the State and its employee, Mr. Rauch, when acting within his official capacity.

Please take a closer look at the Court's Order. We believe you will find that the Court expressly limited your client's claims to those asserted against Mr. Rauch in his individual capacity (provided your client can legitimately support such a claim). In light of this, we have no doubt that after taking more than a year to draft such a significant ruling, the Court will not take kindly to your having simply ignored it. In short, we fully expect that if filed, the Court will grant our Rule 11 motion and award all appropriate sanctions.

Finally, please be advised that, in addition to a Rule 11 motion, to the extent you fail to withdrawal of the SAC, this office will also file a motion to dismiss the SAC and ultimately a motion for summary judgment with respect to any claims asserted against Mr. Rauch in his individual capacity. In light of this, and recognizing the Sysiphisian task you face of establishing a claim against Mr. Rauch, we *again* suggest that you and client reconsider any benefit to proceeding. Quite frankly, enough is enough: your client should consider a "walk-away" more than appropriate, and defendants' willingness to grant one more than generous.

Very truly yours,

Jonathan Pink of
LEWIS BRISBOIS BISGAARD & SMITH LLP

**EXHIBIT C**

Exhibit C

Page 32

# THE AFFINITY LAW GROUP APC

BUSINESS AND INTELLECTUAL PROPERTY LAW MATTERS

LOS ANGELES OFFICE:
6080 CENTER DRIVE, 6TH FLOOR
LOS ANGELES, CA 90045
TEL: (310) 601-7683
FAX: (310) 694-9064

600 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101-3352

AUTHOR DIRECT CONTACT:
GREGORY P. GOONAN

TELEPHONE: (619) 955-7708
FACSIMILE: (619) 243-0088

DIRECT TELEPHONE: (619) 702-4335
EMAIL: GGOONAN@AFFINITY-LAW.COM

WWW.AFFINITY-LAW.COM

FILE NO.

February 26, 2008

**VIA FACSIMILE** (714-850-1030)
**AND FIRST CLASS MAIL**

Jonathan Pink, Esq.
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626

Re: Casinelli v. SDSU

Dear Mr. Pink:

I send this letter in response to your letter to me dated February 26, 2008 and communicated via e-mail on such date. As a preliminary matter, I suggest that you adopt a more temperate tone in your future communications with me. I do not know who you think you are, but I certainly am not going to stand by and get lectured by you about our Rule 11 responsibilities or the meaning of the Court's February 5, 2008 Order.

I take my reputation quite seriously and will do whatever I must to protect it including responding strongly to any attempts by you to suggest that I have engaged in improper conduct. You can be assured that I am well acquainted with the requirements of Rule 11. In more than 22 years of practicing law, I have never been accused of even violating Rule 11, and certainly have never had any Rule 11 sanctions ordered against me. Moreover, contrary to your ridiculous suggestion, I did not "fail to read" or "simply chose to ignore" the Court's February 5 order. On the contrary, I read and studied the February 5 Order quite carefully and am well aware of what the Court ordered. Frankly, I find it hard to believe that you seriously made such an accusation and am not sure what you hope to accomplish with such a personal attack.

I assume you are knowledgeable about federal procedure, so you should know that there can only be one operative pleading in a particular case. The operative pleading now is the Second Amended Complaint. Such complaint contains three categories of claims: claims against SDSU, claims against Rauch in his official capacity, and claims against Rauch in his individual capacity.

Exhibit C

Page 33

The Court already has ruled that the claims against SDSU and Rauch in his official capacity are dismissed with prejudice so we acknowledge that those claims will not go forward. Instead, such claims will be resolved when final judgment is entered at the end of the case and SDSU and Rauch will not have to defend such claims given the February 5 Order.

But such claims must remain a part of the operative pleading until final judgment is in fact entered or the judgment will not make sense. You cannot have one judgment on the First Amended Compliant and a separate judgment on the Second Amended Complaint – there can only be one operative pleading and one judgment. Keeping the claims against SDSU and Rauch in his official capacity in the Second Amended Complaint also is necessary to facilitate the appellate review of the February 5 Order that Mr. Casinelli will seek following the entry of final judgment. Indeed, as you note, we made sure the claims against SDSU and Rauch in his official capacity remained the same in the Second Amended Compliant. We did so to make sure we were in compliance with the February 5 Order. There is no need for me to "take a closer look" at the Court's Order.

The claims against Rauch in his individual capacity will go forward and will be litigated to conclusion notwithstanding your threats and absurd attempts at bullying. We have amended the complaint to include allegations in accordance with the Court's February 5 Order that make clear that Mr. Casinelli's claims against Rauch individually are not preempted. You may believe that such additional allegations are "insignificant" but please be assured that Mr. Casinelli does not share your cavalier attitude about copyright infringement and the theft of his ideas and materials by Rauch.

On the contrary, Mr. Casinelli views Rauch's theft and infringement to be quite serious, and intends to make sure he is held accountable for all losses suffered by Mr. Casinelli and all illegal gain by Rauch. Indeed, if you really believe that we face a "Sysiphisian task" of establishing claims against Rauch individually, it is you that either does not understand the law, have not been fully apprised of the facts by Rauch (or simply are choosing to ignore the facts), or needs to go back and take a closer look at the Court's February 5 Order and the cases cited therein.

You apparently are of the view that we had some obligation to delete all references to claims against SDSU and Rauch in his official capacity when we filed the Second Amended Complaint. As I explain above, that is not our understanding of the law or the proper procedure. But if you have any authority you want to cite to support your argument, we will consider it. Indeed, in the future, our communications will be more productive if you just calmly explain your position and cite whatever legal authority you believe may support your position instead of sending overheated letters like your February 26 letter.

Exhibit C

Page 34

But unless you can cite some legal authority that shows we adopted an incorrect strategy, we stand by the Second Amended Complaint. For the reasons I have explained herein, your accusation that we filed the Second Amended Complaint in violation of Rule 11 to harass your clients, needlessly increase the cost of this litigation, and/or to assert claims that are unwarranted by existing law is ridiculous. So, if you follow through on your threat to file a Rule 11 motion, it will be you who are wasting the Court's time and violating Rule 11.

Sincerely,



Gregory P. Gloohan

Exhibit C

Page 35

**<u>EXHIBIT D</u>**

Exhibit D

**From:**     JONATHAN PINK
**To:**       ggoonan@affinity-law.com
**Date:**     02/27/08 3:57 PM
**Subject:**  RE: Your Second Amended Complaint -- Notice of Rule 11 Violation

Mr. Goonan,

In further response to your letter of yesterday, and in light of the fact that our forth coming Rule 11 motion -- and motion to dismiss -- with seek significant sanctions, I feel obligated to provide you with the legal authority you may have overlooked when deciding to include dismissed claims and dismissed parties in plaintiff's Second Amended Complaint (SAC).

Well established federal law holds that a dismissal "with prejudice" constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial. See, e.g. Creek Indians Natl Council v. Sinclair Prairie Oil Co., 142 F.2d 842, 845 (10th Cir. 1944). Thus, where a dismissal is with prejudice, the dismissed claims cannot be refiled in the court that dismissed them. See Styskal v. Weld County Bd. of County Com'rs, 365 F. 3d 855 (10th Cir. 2004); see also Lawlor v. National Screen Service Corp., 349 U.S. 322, 327 (1955) (dismissal of cause of action with prejudice with prejudice amounts to a final judgment on the merits that bars a later claim for the same cause of action). Finally, if the foregoing does not convince you that your that plaintiff's SAC violates the Court's February 5th Order (and is thus a violation of FRCP Rule 11(b)), you may wish to simply consult the definition of "dismissal with prejudice" in Blacks Law Dictionary as it too support's Defendants' position.

In light of the foregoing, and as previously indicated, our Rule 11 motion will be served by Friday absent your prior withdrawal of the SAC.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: 714.668.5589
Fax: 714.850.1030
Email: pink@lbbslaw.com
>>> "Greg Goonan" <ggoonan@affinity-law.com> 02/26/08 2:44 PM >>>
Response to your letter is attached. We have been trying to fax but your fax machine is not answering.

———

From: JONATHAN PINK [mailto:PINK@lbbslaw.com]
Sent: Tuesday, February 26, 2008 12:50 PM
To: Greg Goonan
Subject: Your Second Amended Complaint -- Notice of Rule 11 Violation

Please see attached.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive

Suite 1400
Costa Mesa, California 92626
Telephone: 714.668.5589
Fax: 714.850.1030
Email: HYPERLINK "mailto:pink@lbbslaw.com"pink@lbbslaw.com

Named a Southern California Super Lawyer by the Editors of Los Angeles
Magazine

To read Mr. Pink's latest publications, please visit HYPERLINK
"http://californialawyermagazine.com/cle.cfm"http://californialawyermagazine
.com/cle.cfm and HYPERLINK
"http://www.ipfrontline.com/depts/article.asp?id=17554&deptid=7"http://www.i
pfrontline.com/depts/article.asp?id=17554&deptid=7

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM

**EXHIBIT E**

**From:**          "Greg Goonan" <ggoonan@affinity-law.com>
**To:**             "'JONATHAN PINK'" <pink@lbbslaw.com>
**Date:**          02/27/08 4:16 PM
**Subject:**      RE: Your Second Amended Complaint -- Notice of Rule 11Violation

The problem with your analysis is that, at least in my view, we did not
"re-file" the same claims in a "later action." Let's say that the Court had
denied the motion to dismiss on preemption grounds so that we did not have
to file an amended complaint to provide further allegations in support of
the allegedly preempted claims. The first amended complaint then would be
the operative pleading. Such complaint would include the claims pleaded
against SDSU and Rauch in his official capacity even though the motion to
dismiss would have been granted as to such claims. At least in my
experience, we would not have had to file a new pleading that would have
deleted the claims that were dismissed. The present situation is no
different, and with respect it seems that your position is arguing form over
substance.

By my letter yesterday, I asked that you provide me with authority to
support your position. If your position is as clear as you think it is, I
would expect that you could cite me to a case that involves the same
situation here. But you have not done so. Having failed to cite the
authority I requested, I assume you were not able to find any such
authority. The cases you have cited only state general principles of law
and are of no help here.

Given your inability to find any on-point legal authority, I do not see how
you can claim a Rule 11 violation. If you follow through on your
ill-advised threat to file a Rule 11 motion, all you will be doing is
fighting a procedural battle that, while interesting, has no meaning here
for the reasons I articulated in my letter to you yesterday. And in filing
a Rule 11 motion, it will be you who is guilty of unnecessarily driving up
the legal fees in this case and making the Court decide an unnecessary
motion. Rest assured that we will vigorously oppose any Rule 11 motion you
may file and file a Rule 11 motion against you since your motion itself will
violate Rule 11. So I urge you to think carefully before filing your motion
because it is a serious proceeding that could have serious consequences.

Gregory P. Goonan
The Affinity Law Group APC
Business Law and Intellectual Property Matters
600 West Broadway, Suite 400
San Diego, CA 92101

direct dial: 619-702-4335
direct fax: 619-243-0088
www.affinity-law.com

-----Original Message-----
From: JONATHAN PINK [mailto:pink@lbbslaw.com]
Sent: Wednesday, February 27, 2008 3:57 PM
To: ggoonan@affinity-law.com
Subject: RE: Your Second Amended Complaint -- Notice of Rule 11Violation

Mr. Goonan,

Exhibit E

Page 40

In further response to your letter of yesterday, and in light of the fact
that our forth coming Rule 11 motion -- and motion to dismiss -- with seek
significant sanctions, I feel obligated to provide you with the legal
authority you may have overlooked when deciding to include dismissed claims
and dismissed parties in plaintiff's Second Amended Complaint (SAC).

Well established federal law holds that a dismissal "with prejudice"
constitutes an adjudication on the merits as fully and completely as if the
order had been entered after trial.  See, e.g. Creek Indians Natl Council v.
Sinclair Prairie Oil Co., 142 F.2d 842, 845 (10th Cir. 1944).  Thus, where a
dismissal is with prejudice, the dismissed claims cannot be refiled in the
court that dismissed them.  See Styskal v. Weld County Bd. of County Com'rs,
365 F. 3d 855 (10th Cir. 2004); see also Lawlor v. National Screen Service
Corp., 349 U.S. 322, 327 (1955) (dismissal of cause of action with prejudice
with prejudice amounts to a final judgment on the merits that bars a later
claim for the same cause of action).  Finally, if the foregoing does not
convince you that your that plaintiff's SAC violates the Court's February
5th Order (and is thus a violation of FRCP Rule 11(b)), you may wish to
simply consult the definition of "dismissal with prejudice" in Blacks Law
Dictionary as it too support's Defendants' position.

In light of the foregoing, and as previously indicated, our Rule 11 motion
will be served by Friday absent your prior withdrawal of the SAC.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone:  714.668.5589
Fax:  714.850.1030
Email:  pink@lbbslaw.com
>>> "Greg Goonan" <ggoonan@affinity-law.com> 02/26/08 2:44 PM >>>
Response to your letter is attached.  We have been trying to fax but your
fax machine is not answering.

——

From: JONATHAN PINK [mailto:PINK@lbbslaw.com]
Sent: Tuesday, February 26, 2008 12:50 PM
To: Greg Goonan
Subject: Your Second Amended Complaint -- Notice of Rule 11 Violation

Please see attached.

Jonathan Pink
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive
Suite 1400

Costa Mesa, California 92626
Telephone: 714.668.5589
Fax: 714.850.1030
Email: HYPERLINK "mailto:pink@lbbslaw.com"pink@lbbslaw.com


Named a Southern California Super Lawyer by the Editors of Los Angeles
Magazine

To read Mr. Pink's latest publications, please visit HYPERLINK
"http://californialawyermagazine.com/cle.cfm"http://californialawyermagazine
.com/cle.cfm and HYPERLINK
"http://www.ipfrontline.com/depts/article.asp?id=17554&deptid=7"http://www.i
pfrontline.com/depts/article.asp?id=17554&deptid=7


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1299 - Release Date: 2/26/2008
9:08 AM


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1301 - Release Date: 2/27/2008
8:35 AM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.21.1/1301 - Release Date: 2/27/2008
8:35 AM

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1

## CERTIFICATE OF SERVICE
CSU adv. Marketing Information Masters, Inc.

2    USDC Southern, Case #06CV 1682 JAH/JMA (Our 24363.53)

3        I hereby certify that a copy of the foregoing Motion for Sanctions Under Rule

4    11 of the Federal Rules of Civil Procedure; Declaration of Jonathan Pink in Support

5    of Same was this date served upon all counsel of record by placing a copy of the

6    same in the United States mail, postage prepaid, and sent to their last known address

7    as follows:

8

9    Gregory P. Goonan, Esq.          Attorney for Plaintiff MARKETING

    The Affinity Law Group APC      INFORMATION MASTERS, INC.

10   600 West Broadway, Suite 400

    San Diego, CA 92101          Phone:    619.702.4335

11                                         Fax:      619.243-0088

12

13       Executed on March 21, 2008, at Costa Mesa, California.

14

15

16                           CAROLYN J. REYES

17

18

19

20

21

22

23

24

25

26

27

28

4824-6824-1921.2

CASE NO. 06CV1682 JAH/JMA