JONATHAN PINK, SB# 179685
　E-Mail: pink@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
　E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants, THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and ROBERT A. RAUCH, an individual.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,,<br><br>　　Plaintiff,<br><br>　v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH, an individual,,<br><br>　　Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**DEFENDANTS REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL**<br><br>ACTION FILED:　08/18/06<br><br>Hearing Date:　05/05/08<br>Time:　2:30 p.m.<br>Dept.:　11 |

Defendants, THE BOARD OF CALIFORNIA TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (the "Trustees") and ROBERT A. RAUCH ("Rauch") acting within his official capacity (collectively "Defendants") hereby file this Reply in Support of their Motion for Sanctions against plaintiff MARKETING INFORMATION MASTERS, INC. ("MIM" or "Plaintiff") and its counsel, Gregory P. Goonan pursuant to Rule 11 of the Federal Rules of Civil Procedure.

4824-7128-1666.1                            -1-

## I. INTRODUCTION

On March 21, 2008, Defendants filed a Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure ("Motion for Sanctions") citing Plaintiff's failure to comply with this Court's February 5th Order (the "Order"). Specifically, the Motion argued that Plaintiff's Second Amended Complaint (SAC) improperly asserted claims against the Trustees and Professor Rauch in his official capacity, despite the fact that both the Trustees and Professor Rauch were expressly dismissed from this lawsuit with prejudice pursuant to this Court's Order.

The Motion further argued that the SAC, as drafted, was inappropriate under existing law and was unsupported by any nonfrivolous argument for the extension, modification, or reversal of that existing law, or for the the establishment of new law. Indeed, as set forth in the moving papers, while Defendants provided Plaintiff's counsel with authority in support of Defendants' position that the SAC was improper and should be withdrawn, Plaintiff *never* provided any contrary authority despite steadfastly refusing to withdraw the pleading.

In short, Defendants' Motion argued that as drafted, the SAC was: (1) inappropriate in light of the Order; and (2) inappropriate under existing law and unsupported by any nonfrivolous argument for the extension, modification, or reversal of existing law, or for the establishment of new law. *See generally* FRCP 11(b).

Plaintiff's Opposition to the Motion was due to be filed and served no later than April 21, 2008. No such Opposition was ever filed, nor has Plaintiff filed a written statement that it does not intend to oppose the Motion. Pursuant to the Local Rules, therefore, Plaintiff's nonresponse may constitute its implicit consent to the granting of the Motion for Sanctions. Accordingly, Defendants respectfully submit that this Court should Grant Defendants' Motion for Rule 11 Sanctions.

/ / /

/ / /

## II. LEGAL ARGUMENT

Local Rule 7.1(e)(2) provides in relevant part:

> "[e]ach party opposing a motion, application or order to show cause shall file that opposition or statement of non-opposition with the clerk and serve the movant or movant's attorney not later than 14 days prior to the notice hearing. (For example, for a motion to be heard on a Monday, the opposition papers must be filed and served no later than two Mondays prior to the noticed hearing.)"

Local Rule 7.1.(f)(3)(c) provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Here, as stated above, Plaintiff failed to file any Opposition to Defendants' timely filed Motion. That Opposition should have been filed, if at all, no later than Monday, April 21, 2008. Accordingly, pursuant to the Local Rules, Plaintiff's failure to oppose the Motion may constitute its consent to the relief sought in that Motion. Defendants respectfully submit that this Court should indeed regard Plaitniff's failure to oppose in this manner, and thereby grant the Motion in its entirety.

///

///

-3-

## III. CONCLUSION

Based on the foregoing Defendants respectfully request that this Court Grant their Motion for Sanctions Pursuant Under Rule 11 of the Federal Rules of Civil Procedure.

DATED: April 28, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Jonathan Pink
Attorneys for Defendants, THE BORAD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY(erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH.