JONATHAN PINK, SB# 179685
    E-Mail: pink@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
    E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants, THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and ROBERT A. RAUCH, an individual.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH, an individual,,<br><br>Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>The Hon. John A. Houston<br><br>ACTION FILED:  08/18/06<br><br>Hearing Date:  05/05/08<br>Time:  2:30 p.m.<br>Dept.:  11 |

## I. INTRODUCTION

Plaintiff's *ex parte* request to belatedly file opposition briefs is too little, too late.

Plaintiff's opposition to defendants' Motion to Dismiss and a Motion for Rule 11 Sanctions were due to be filed on or before April 21, 2008. Plaintiff failed to file any opposition or request an extension of time by that date.

-1-

4826-5504-5122.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Dockets.Justia.com

Defendants timely filed their reply briefs on April 28, 2008. *Thirty-minutes later* – and *seven days* after plaintiff's oppositions were due – plaintiff filed the instant *ex parte* application. That application is not only untimely, it is completely devoid of any "good cause" to support plaintiff's dilatory request.

## II. ARGUMENT

### A. Plaintiff's Knowing and Intentional Failure to File Any Opposition Cannot Constitute "Good Cause" for Granting an Extension of Time.

Plaintiff was fully aware of the deadline for filing its oppositions. Plaintiff admits this, saying it was "preparing to file such papers by the April 21, 2008 due date" until the computer belonging to its counsel crashed on April 16, 2008. (*Ex Parte*, page 3, lines 1-3.) Thus, there is no dispute as to whether plaintiff simply forgot or miscalculated the opposition deadline. In this case, plaintiff acknowledges that it was fully aware of the filing deadline, but nonetheless let that deadline pass without filing an opposition or seeking an extension of time to do the same.

Plaintiff's counsel, Greg Goonan, knew or should have known the Rules of Civil Procedure well enough to understand the ramifications of failing to meet a statutory filing deadline. By his own admission, Mr. Goonan has been practicing law for "more than 22 years." (See Exhibit "C" to Motion for Rule 11 Sanctions, at page 1, ¶2.) In short, he is no novice. Moreover, it is reasonable for this Court to expect that Mr. Goonan would be sufficiently familiar with this Court's own Local Rules, especially given that Mr. Goonan's practice is located in San Diego.[1]

Thus, there is no dispute that plaintiff knew the deadline for filing its opposition, and knew or should have known the ramifications for failing to comply with that deadline. In light of this, it is reasonable to describe plaintiff's failure to timely file its oppositions as "intentional." Plaintiff's intentional failure to timely

---

[1] Local Rule 7.1(f)(3)(c) expressly provides that a party's failure to timely file opposition papers may be deemed to constitute that party's "consent to the granting of a motion. . . ." There is no reason to believe that Mr. Goonan was unaware of that Rule. Indeed, the *ex parte* application makes no such representation.

4826-5504-5122.1 -2-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

file its oppositions cannot serve as the "good cause" necessary for the granting of an order extending the time for the filing those briefs. Indeed, it would be incongruous to hold that an intentional failure to timely comply with a statutory filing deadline justifies an untimely request for an extension of time in which to extend that deadline. This is precisely the mental gymnastics plaintiff asks this Court to engage in how. Defendants respectfully submit that this Court should deny that request and rule that plaintiff's intentional failure to timely file its opposition warrants a denial of plaintiff's request for an extension of time.

**B. Plaintiff's Computer Crash Five Days Prior to its Filing Deadline Does Not Constitute "Good Cause" for Granting an Extension of Time.**

It is regrettable that Mr. Goonan's computer crashed "late in the day on April 16, 2008." (*Ex Parte*, page 3, lines 2-3.) However, that computer crash does not support plaintiff's belated request to file oppositions because the computer error occurred *five days* before plaintiff's April 21, 2008 filing deadline. Within those five days, Mr. Goonan could have redrafted his oppositions or *timely* brought an *ex parte* application seeking an extension of time. Notably, Mr. Goonan did neither.

It also appears that Mr. Goonan made no effort whatsoever contact this Court to alert it to his predicament, and he certainly never communicated with defendants' counsel to seek a stipulation regarding an extension of time. (Pink Decl., ¶ 2.) If Mr. Goonan's computer was beyond repair, the five days between April 16th and April 21st afforded him ample opportunity to buy, rent or borrow another computer. Nothing prevented Mr. Goonan from using such an alternate computer to draft his oppositions or his *ex parte* application for an extension of time. Again, it appears that Mr. Goonan took no such affirmative steps to resolve the unfortunate predicament in which he found himself. (*Ex Parte*, page 3, lines 6-8.)

Therefore, while defendants do not question Mr. Goonan's tale of computer woes, his computer crash does not constitute the "good cause" required for granting plaintiff's *ex parte* application. That computer crashed sufficiently in advance of

plaintiff's filing deadline to allow Mr. Goonan ample time to take appropriate corrective measures without jeopardizing his client's right to oppose defendants' motions. The fact that Mr. Goonan did not take those corrective measures does not justify his much belated request for relief, and certainly does not amount to the "good cause" required for the granting of plaintiff's *ex parte* application.[2/]

**C. Plaintiff Needed Only Thirty-Minutes to Request An Extension of Time Prior to its Filing Deadline, Yet Failed to Make Such a Request Until *After* the Defendants Filed their Reply Briefs.**

Plaintiff's counsel would have this Court believe that he was too busy to timely seek an extension of time to file plaintiff's oppositions. This is nonsense. A review of the filing record will reveal a thirty-minute passage of time between defendants' filing of their reply briefs and plaintiff's filing of its *ex parte* application. Defendants filed their replies at 10:48 a.m. and 10:51 a.m. respectively on the morning of April 28, 2008. Plaintiff filed its *ex parte* application at 11:22 a.m. that same morning. At the most, this amounts to 34 *minutes*.

Even assuming Mr. Goonan was extremely busy with his appellate argument (scheduled for hearing on April 23, 2008 – two days *after* plaintiff's oppositions were due) and his pretrial conference (scheduled for hearing on April 25, 2008 – *four days after* plaintiff's oppositions were due), plaintiff's filing of the instant *ex parte* application demonstrates that plaintiff needed no more than thirty minutes to file an application for an extension of time. When one considers that Mr. Goonan's computer crashed on April 16th, this means that Mr. Goonan had approximately 120 *hours* (or 240 half-hour increments) in which to draft and file a request for an extension *before* missing plaintiff's statutory deadline to oppose. It is beyond credulity to suggest that Mr. Goonan did not have a spare thirty minutes within those 120 hours to accomplish this.

---

[2/] Any contrary conclusion would unjustly shift any potentially negative impact of Mr. Goonan's failure to act from himself and his client to the defendants.

4826-5504-5122.1
-4-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Because plaintiff needed only thirty-minutes to request an extension of time prior to its filing deadline, and affirmatively failed to do so, Mr. Goonan's busy schedule does not establish the good cause required for the relief plaintiff now seeks.

**D. Defendants Will be Unduly Prejudiced if this Court Grants Plaintiff's *Ex Parte* Application.**

Under Local Rule 7.1(f), this Court may regard plaintiff's failure to oppose defendants' motions as an implied consent for the granting of those motions. If plaintiff is now given the right to belatedly oppose those motions, defendants will lose the beneficial impact of Local Rule 7.1(f), and will be forced to incur the substantial cost of drafting further reply briefs. That cost will be in addition to the cost they have already incurred drafting the previously filed reply briefs, and opposing plaintiff's dilatory *ex parte* application. Thus, it is specious to suggest, as plaintiff does, that defendants will not be prejudiced by a granting of plaintiff's application. Defendants most certainly will be.

It also bears mentioning – as discussed in defendants' underlying motions – that if plaintiff had simply filed an appropriate Second Amended Complaint, defendants would not have had to file their motions. Those motions were necessary only after plaintiff's counsel insisted, without *any* legal support, that he was under no obligation to amend the Second Amended Complaint. Consistent such recalcitrance, plaintiff now seeks to drag defendants into a costly, time consuming and unnecessary battle to reclaim a deadline that plaintiff knowingly and affirmatively let pass. This Court should not reward such conduct; it should resolutely <u>deny</u> plaintiff's *ex parte* application.

**III. <u>CONCLUSION</u>**

Plaintiff has failed to establish any "good cause" that would justify its belated request for an extension of time. Plaintiff's computer crash occurred sufficiently in advance of plaintiff's deadline to oppose defendants' motions that plaintiff could – and *should* – have moved for any desired extension of time *before* April 21, 2008.

4826-5504-5122.1

-5-

Plaintiff's failure to do this must be deemed intentional and knowing. Accordingly, defendants respectfully submit that this Court should deny plaintiff's *ex parte* application in its entirety.

DATED: April 29, 2008　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Jonathan Pink
Attorneys for Defendants, THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA UNIVERSITY SYSTEM, a public entity acting through its subdivision SAN DIEGO STATE UNIVERSITY); and ROBERT A RAUCH

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# DECLARATION OF JONATHAN PINK

I, JONATHAN S. PINK, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am partner in the law firm of Lewis Brisbois Bisgaard & Smith, LLP, counsel of record for Defendants the Board of Trustees of the California State University (the "Trustees), and Robert A. Rauch (collectively, "Defendants") in the above-entitled lawsuit. As such, I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify to the below facts which are personally known to me.

2. At no time following my filing of the defendants' underlying Motion to Dismiss the Second Amended Complaint and Motion for Rule 11 Sanctions did I ever receive any correspondence or telephonic communication from Mr. Goonan of any kind. Mr. Goonan did not contact me or my office to alert us of his computer problems, or to seek our stipulation regarding an extension of time for plaintiff to file its oppositions. The first I heard from Mr. Goonan following defendants' filing of its motions was when I received a copy of his proposed order with respect to plaintiff's instant *ex parte* application.

3. In addition to filing this Opposition electronically, I have provided a pdf copy of the same to Mr. Goonan and have directed my secretary to send Mr. Goonan a copy of this document by fax.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of April, 2008 at Costa Mesa, California.

Jonathan Pink

4826-5504-5122.1

-7-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION