|  |  |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>    Plaintifff,<br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, et. al.,<br><br>    Defendants. | Civil No. 06cv1682 JAH (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS [Doc. No. 25]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On April 28, 2008, Plaintiff filed a application to continue the hearing on Defendants' motion to dismiss and motion for sanctions and for an extension of time to file an opposition to the motions. Counsel for Plaintiff contends a computer crash in his office on April 16, 2008, and out-of-state travel for an appellate argument in the Sixth Circuit on April 21, 2008, preventing him from filing his opposition papers by the April 21, 2008 deadline.

Defendants oppose the application. They maintain counsel for Plaintiff was fully aware of the deadline and should have been aware of the consequences for failing to meet the deadline. Defendants further argue they will be prejudiced if Plaintiff is given additional time to respond to the pending motions, because they will lose the beneficial impact of Local 7.1(f) which allows a court to consider the failure to respond as a consent to granting the motion and they will incur the "substantial cost" of drafting reply briefs.

Contrary to Defendants' contention, the Court finds they will not be unduly prejudiced

Dockets.Justia.com

if Plaintiff is given an opportunity to respond to its motions. Although the local rule allows a Court to consider a failure to respond as a consent to granting the motion, it is completely within the discretion of the Court. The Court is also not persuaded that filing a reply would result in substantial costs to Defendant.[1]

While it is questionable whether a computer crash that is resolved five days before a deadline sufficient demonstrates Plaintiff's inability to respond to the motions by the deadline, the computer crash in conjunction with the required travel out of town demonstrate good cause. Additionally, the Court finds Plaintiff should be given an opportunity to properly respond to the motions which seek dismissal of its claims and sanctions.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's application for an extension of time is **GRANTED**.

2. Plaintiff shall file a response to Defendants' motion to dismiss and a response to Defendants' motion for sanctions **no later than May 5, 2008**.

3. Any replies shall be filed **no later than May 19, 2008**.

4. The hearing on Defendants' motion to dismiss and motion for sanctions set for May 5, 2008 is **VACATED** and continued to **June 9, 2008 at 2:30 p.m.**

DATED: April 29, 2008

JOHN A. HOUSTON
United States District Judge

---

[1] It is normal practice for a movant to file a reply in further support of its motion after receiving a response. Defendants previously filed "replies" simply stated Plaintiff failed to respond to the motions and the Court should consider the failure as a consent to granting the motions and contained no substantive arguments. See Doc. Nos. 23, 24. Any reply Defendants may wish to file after receiving Plaintiff's responses to the motions will not entail duplicative effort.