Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088

Attorneys for Plaintiff
Marketing Information Masters, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marketing Information Masters, Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>The Board of Trustees of the California State University System, a public entity acting through its subdivision San Diego State University; and Robert A. Rauch, an individual,<br><br>Defendants. | Case No. 06 CV 1682 JAH (JMA)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: June 6, 2008<br>Time: 2:30 p.m.<br>Court: 11 (Hon. John A. Houston) |

---

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT*

- 1 -

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . 4

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Defendants' Request To Dismiss The Claims Against
           SDSU And Rauch In His Official Capacity Should Be Denied As Moot . . . . . . . . 5

    B.    Rauch's Request To Dismiss MIMI's State Law Claims Should
           Be Denied Because The State Law Claims Are Not Preempted . . . . . . . . . . . . 10

        1.    Conversion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

        2.    Misappropriation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        3.    Unfair Business Practices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

Cases:

*Balboa v. Trans Global*, 218 Cal. App. 3d 1327 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bullen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal. 4th 163 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*G.S. Rasmussen & Assoc. v. Kalita Flying Service, Inc.*,
958 F.2d 896 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ogansalu v. Nair*, 2008 WL 187050 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rules:

Fed. R. Civ. Proc. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Defendants Board of Trustees of the California State University System, acting through and representing its subdivision San Diego State University (hereinafter "SDSU") and the individual defendant Robert Rauch bring this motion to seek dismissal of the second complaint of plaintiff Marketing Information Masters, Inc. ("MIMI"). MIMI hereby respectfully submits this memorandum of points and authorities in opposition to the motion to dismiss by SDSU and Rauch.

## I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

As the Court is aware, on February 5, 2008, the Court entered an order (the "February 5 Order") granting in part and denying in part a motion to dismiss brought by SDSU and Rauch against MIMI's first amended complaint. By the February 5 Order, the Court found that SDSU and Rauch in his official capacity only were immune from all of MIMI's claims pursuant to the Eleventh Amendment to the United States Constitution. The Court further found that Rauch was not entitled to Eleventh Amendment immunity against MIMI's claims brought against him in his individual capacity. Finally, by the February 5 Order, the Court gave MIMI leave to file a second amended complaint to assert additional allegations to establish that its state law claims against Rauch in his individual capacity were not preempted.

MIMI filed its second amended complaint (the complaint subject to the present motion) on February 25, 2008. In preparing such complaint, counsel was faced with a dilemma. The Court's February 5 Order did not specify what form the second amended complaint should take, and specifically did not address whether the allegations and claims against SDSU and Rauch in his official capacity should remain as part of the second amended complaint or should be stricken from the second amended complaint. Consequently, counsel for MIMI had to determine whether the allegations against SDSU and Rauch in his individual capacity needed to be deleted as part of the amendment of the complaint.

As explained further in the Declaration of Gregory P. Goonan submitted herewith in

support of this opposition and Defendants' companion Rule 11 motion, MIMI's counsel researched the issue carefully and concluded (for the reasons discussed below) that the allegations against SDSU and Rauch in his official capacity needed to remain in the second amended complaint,  Accordingly, the only changes that MIMI's counsel made from the first amended complaint to the second amended complaint was to include the additional allegations that establish that MIMI's state law claims are not preempted.

By the present motion, Defendants now move to dismiss the claims against SDSU and Rauch in his official capacity because SDSU and Rauch (in his official capacity) because SDSU and Rauch (in his official capacity) enjoy immunity from such claims.  But the Court already has found that SDSU and Rauch (in his official capacity) are immune from such claims.  So the issue of the immunity of SDSU and Rauch in his official capacity already has been resolved and the present motion to dismiss based on such grounds is moot and should be denied.

Defendants also once again ask the Court to dismiss MIMI's state law claims on preemption grounds.  As the Court explained at page 9 of the February 5 Order, a state law claim like MIMI's state claims here are not preempted if such claim contains "an element that is not present in the Copyright Act which materially changes the cause of action . . . ."  Here, MIMI has added allegations in paragraphs 24, 58, 60, 61, 64, 68 71 and 72 that establish the required "extra elements" necessary to avoid preemption.  Accordingly, Defendants' motion to dismiss MIMI's state law claims on preemption grounds also should be denied.

II. **ARGUMENT**

    A. <u>Defendants' Request To Dismiss The Claims Against SDSU And Rauch In His Official Capacity Should Be Denied As Moot</u>

MIMI and its counsel want to make one thing clear at the outset: they fully understand and do not dispute that the Court by the February 5 Order already has decided that SDSU and Rauch in his official capacity enjoy immunity from MIMI's copyright infringement and state law claims here.  Consequently, that issue does not need to be addressed or decided again by this motion.

But the fact that SDSU and Rauch in his official capacity are immune from MIMI's claims

does not answer the question whether MIMI was obligated to delete from the second amended complaint all of the allegations against SDSU and Rauch in his official capacity. Contrary to Defendants' unseemly rhetoric, MIMI did not "shamelessly" include such allegations in the second amended complaint just for the fun of it. On the contrary, MIMI kept such allegations in its second amended complaint after careful research and analysis of the case law and the common sense of the situation by its counsel.

As outlined above, the Court's February 5 Order posed a dilemma because it did not expressly state whether or not the allegations about SDSU and Rauch in his official capacity should remain in or be deleted from MIMI's second amended complaint. As the Court can see from the present motion and the companion Rule 11 motion, Defendants feel strongly that all such allegations should have been deleted.[1] The problem for Defendants, however, is that its argument finds no support in the case law or in common sense.[2]

Upon receipt of the Court's February 5 Order, MIMI's counsel determined that MIMI would file a second amended complaint to add additional allegations to demonstrate that MIMI's state law claims were not preempted. As explained in the Goonan Declaration, MIMI's counsel

---

[1] It should be noted that the allegations in paragraphs 1 through 44 of the second amended complaint all would have been included in the second amended complaint even if MIMI had determined to delete its claims against SDSU and Rauch in his official capacity because such allegations are necessary to provide the background facts for MIMI's claims against Rauch in his individual capacity. Indeed, the only changes that would have been made from MIMI's first amended complaint to MIMI's second amended complaint, even if MIMI had determined to delete its claims against SDSU and Rauch officially, would have been to change the word "Defendants" to "Rauch;" eliminate the reference to wrongdoing by SDSU in paragraphs 12, 24, 36, 37, and 38; delete paragraphs 18 and 19; and delete the reference to Rauch in his official capacity in paragraph 21. Given such minor changes, MIMI submits it is hard to take seriously Defendants' argument that its attack on the second amended complaint is not a textbook example of a "form over substance" argument.

[2] Indeed, as set forth in the Goonan Declaration and as discussed in MIMI's opposition to Defendants' Rule 11 motion, MIMI's counsel asked Defendants' counsel to provide case authority that specifically held that MIMI was obligated to delete the allegations against SDSU and Rauch in his official capacity because of the Court's immunity ruling. While defense counsel cited some general cases (which also are cited in Defendants' present motion and Rule 11 motion) which provided that a plaintiff could not re-file in another action claims that had already been dismissed, such cases really were of no help because they did not address the issue raised here – whether claims had to be deleted from an amended pleading because of an immunity ruling. Critically, defense counsel was not able to cite a single case that dealt with the specific situation presented here. One would think there would be some case law right on point if the issue was as clear as Defendants seem to think it is.

---

identified that there was an issue whether the claims against SDSU and Rauch should be kept in the second amended complaint or should be deleted. As explained in the Goonan Declaration, MIMI's counsel carefully researched the issue but surprisingly could not locate any case law on point. So MIMI's counsel was forced to decide the correct course of action based on analysis of general principles of pleading.

The law has long been settled that an amended pleading replaces and supersedes the prior pleading that is amended by the amended pleading. As the Ninth Circuit explained in its recent decision in <u>Ogansalu v. Nair</u>, 2008 WL 187050 (9th Cir. 2008), "an amended pleading supersedes the original pleading such that 'after amendment the original pleading no longer performs any function and is treated thereafter as nonexistent' (citing and quoting <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992);" <u>see also</u> <u>Bullen v. De Bretteville</u>, 239 F.2d 824 (9th Cir. 1956) (accord).] An important corollary of this principle is that all causes of action in an original complaint that are not alleged in an amended complaint are deemed waived. [<u>See</u>, <u>e.g.</u>, <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).] Another important corollary of these concepts is the familiar rule that there can be only one judgment in a case.

As explained in the Goonan Declaration, based on the foregoing well-settled pleading concepts, counsel for MIMI determined that it was necessary and appropriate for MIMI to include the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint. MIMI's counsel reached this conclusion for several reasons. First, given the foregoing authorities, it cannot be disputed that MIMI's second amended complaint replaced and superseded its first amended complaint, thereby rendering the first amended complaint "nonexistent."

But more importantly, it was MIMI's analysis that filing a second amended complaint without the allegations and claims against SDSU and Rauch in his official capacity would result in a waiver of MIMI's claims against SDSU and Rauch in his official capacity. While MIMI understands and accepts that the Court has found that SDSU and Rauch officially are immune from MIMI's claims, MIMI does not want to waive such claims. Indeed, MIMI ultimately may seek review of the Court's immunity ruling by the Ninth Circuit, and accordingly was concerned that such appellate review might be adversely impacted or rendered impossible is MIMI did not

include its allegations and claims against SDSU and Rauch in its second amended complaint, thereby waiving such claims.

And finally, as noted, only one final judgment can be rendered in this case. MIMI was concerned that judgment could not be entered in favor of SDSU and Rauch in his official capacity if MIMI did not include its claims against SDSU and Rauch in his official capacity in the second amended complaint. Stated another way, given that MIMI's second amended complaint superseded the first amended complaint and the first amended complaint became a nullity for pleading and judgment purposes, it is not possible in this action for one judgment to be rendered on the second amended complaint on MIMI's claims against Rauch individually, and a separate judgment in favor of SDSU and Rauch in his official capacity on the first amended complaint. MIMI did not have this concern out of any altruistic motive – instead, MIMI's concern about having judgment properly entered in favor of SDSU and Rauch in his official capacity was motivated by a concern that such a judgment is required to allow for appellate review of the Court's immunity ruling.

As explained in the Goonan Declaration, MIMI's counsel tested his conclusions as explained above against common sense to make sure his conclusions were grounded in reality. In undertaking such analysis, MIMI's counsel considered two other scenarios that might have occurred in this case. Under one scenario, MIMI could have decided not to file an amended complaint to address the preemption issues, but rather just to proceed on its copyright infringement claim against Rauch individually. Under another scenario, the Court might have decided that that SDSU and Rauch in his official capacity were immune, but that MIMI's state law claims were not preempted.

The critical point about both of the foregoing scenarios is that the first amended complaint would have stood as the operative pleading in this case. In such case, the first amended complaint would have contained and retained all of the allegations and claims against SDSU and Rauch in his official capacity that now are in dispute by this motion.

Certainly, under either of these scenarios, MIMI would not have had any obligation to file an amended complaint which deleted all allegations against SDSU and Rauch in his official

capacity just because the Court found them immune. Instead, the allegations and claims against SDSU and Rauch in his official capacity would remain a part of the operative pleading but neither SDSU nor Rauch in his official capacity would be required to file an answer to such claims. On the contrary, only Rauch in his individual capacity would be required to file an answer to the operative complaint. The filing of the second amended complaint is the functional equivalent of the two scenarios discussed above.

MIMI submits the foregoing analysis shows clearly why MIMI did not do anything improper in retaining the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint notwithstanding the Court's immunity ruling. Indeed, the foregoing analysis makes crystal clear that Defendants' request to dismiss the claims against SDSU and Rauch individually is an unfortunate yet textbook example of an argument that elevates form over substance.

The bottom line here is that the Court already has found that SDSU and Rauch in his official capacity enjoy immunity against MIMI's claims. Nevertheless, for the reasons discussed above, it was necessary and appropriate for MIMI to retain the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint.[3] However, because of the Court's prior immunity ruling, it is not necessary for the Court to again find that SDSU and Rauch in his official capacity are immune. Simply put, Defendants' request for dismissal of MIMI's claims against SDSU and Rauch in his official capacity is moot and should be denied.[4]

---

[3] The notion articulated at pages 4 through 5 of Defendants' memorandum in support of this motion that the second amended complaint supposedly does not provide Rauch in his individual capacity with "fair notice and the ability to draft a cogent answer" is, with all respect, so nonsensical that it borders on the absurd. There are only four causes of action in the second amended complaint, and it is clear from the allegations of the second amended complaint (as well as the Court's February 5 Order) that all four causes of action have been asserted against Rauch in his individual capacity. The second amended complaint is no different than any other complaint in a multiple defendant case. Rauch's obligation is to respond to those allegations that he reasonably determines set forth the claims against him individually (which are all of the allegations in the second amended complaint). Under such circumstances, it strains credibility (to be charitable) for Rauch to assert that he cannot understand the complaint or the claims against him, or formulate a "cogent" answer.

[4] The cases cited at page 3 of Defendants' memorandum in support of this motion have no application in this case and do not compel a different result. None of the cited cases deal with the specific situation presented here, which involves whether claims subject to immunity need to be

B. Rauch's Request To Dismiss MIMI's State Law Claims Should

Be Denied Because The State Law Claims Are Not Preempted

As noted above, the Court correctly explained at page 9 of the February 5 Order that state law claims like MIMI's state claims here are not preempted if such claims contain "an element that is not present in the Copyright Act which materially changes the cause of action . . . (citing *Balboa v. Trans Global*, 218 Cal. App. 3d 1327 (1990) ." Here, MIMI has asserted claims for conversion, misappropriation of trade secrets, and unfair business practices under California law against Rauch in his individual capacity. As discussed below, the allegations in support of each of these claims establish the "extra element" necessary to avoid preemption, so Rauch's request to dismiss MIMI's state law claims on preemption grounds should be denied.

1. Conversion: MIMI's conversion claim is based on the Ninth Circuit decision in *G.S. Rasmussen & Assoc. v. Kalita Flying Service, Inc.*, 958 F.2d 896 (9th Cir. 1992). At page 12 of the February 5 Order, the Court explained that it believed that MIMI's conversion claim was preempted by the Copyright Act because MIMI's conversion claim was seeking damages for Rauch's improper use of MIMI's property, not the return of such property. However, in its decision in *G.S. Rasmussen*, the Ninth Circuit expressly held that a conversion claim under state law based upon the defendant's use of the plaintiff's tangible materials and intangible ideas as a shortcut to obtain financial and other benefits was not preempted by the Copyright Act. [*G.S. Rasmussen*, 958 F.2d at 904.]

The facts in *G.S. Rasmussen* are similar to those here. In that case, the defendant improperly misappropriated and used the plaintiff's written materials and intangible methodologies to obtain an FAA airworthiness certificate for an airplane that was modified in a particular way. Based on such facts, the Ninth Circuit found that the plaintiff's claim for conversion damages based upon the improper use by the defendant of the plaintiff's materials was

---

deleted from an amended pleading. On the contrary, all of the cited cases deal with a situation where a court has dismissed claims and the plaintiff then sought to assert the dismissed claims in a new and separate action. That clearly is not the situation here, so the cases relied upon by Defendants at page 3 of their memorandum are inapposite.

not preempted. [*Id.*]

Likewise, in this case MIMI alleges that Rauch used MIMI's tangible and intangible materials and things to conduct the 2004 economic impact study for the Holiday Bowl as well as to be able to obtain the benefit of being hired to conduct other economic impact studies and surveys. [See Second Amended Complaint ¶¶ 60-64.] In accordance with the Ninth Circuit decision in <u>G.S. Rasmussen</u>, such a claim is not preempted by the Copyright Act. Accordingly, Rauch's request to dismiss MIMI's conversion claim should be denied.

2. <u>Misappropriation of Trade Secrets</u>: At page 12 of the February 5 Order, the Court explained that MIMI's state law claim for misappropriation of trade secrets as alleged in MIMI's first amended complaint was preempted because the first amended complaint did not contain any allegation that Rauch disclosed MIMI's confidential information. MIMI's second amended complaint specifically addresses the issue raised by the Court – paragraph 72 expressly alleges that Rauch disclosed MIMI's confidential and proprietary information to multiple third persons and entities, and in doing so violated the confidentiality and secrecy that protected MIMI's materials. Such allegations establish the "extra element" necessary to avoid preemption so Rauch's request to dismiss MIMI's misappropriation claim should be denied.[5]

3. <u>Unfair Business Practices</u>: MIMI's unfair business practices claim is brought pursuant to Section 17200 of the California Business & Professions Code. The coverage of Section 17200 is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law . . . It governs anti-competitive business practices as well as injuries

---

[5] Rauch argues at page 9 of Defendants' memorandum that the misappropriation claim is preempted because MIMI supposedly has not alleged that Rauch had a duty to maintain the confidentiality of MIMI's materials. Such argument is nothing but a hypertechnical pleading argument that is contrary to the notice pleading requirements embodied in Rule 8 of the Federal Rules of Civil Procedure. MIMI submits that any fair reading of paragraphs 68 through 73 of the second amended complaint will result in the conclusion that such allegations are sufficient to put Rauch on notice that MIMI is alleging that Rauch had a duty to maintain the secrecy of MIMI's materials. After all, if Rauch did not have such duty, MIMI's allegations that Rauch violated the confidentiality and secrecy of MIMI's materials by disclosing them would not make much sense. However, to the extent the Court is persuaded by Rauch's argument, MIMI requests leave to file an amended complaint for the simple purpose of adding one additional allegation that Rauch had a duty to maintain the secrecy of MIMI's materials.

to consumers, and has as a major purpose the preservation of fair business competition." [*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).]

Here, the allegations of the second amended complaint establish a claim for violation of Section 17200 by Rauch in his individual capacity. For the same reasons as have been discussed in connection with the conversion and misappropriation of trade secrets claims, MIMI's Business & Professions Code section 17200 claim is not preempted.

## III. CONCLUSION

For the reasons discussed herein, MIMI respectfully submits that further amendment of its complaint is not required. Instead, MIMI asks the Court to deny Defendants' motion to dismiss and order Rauch in his individual capacity to file an answer to MIMI's second complaint within 20 days.

If the Court determines that MIMI needs to specifically allege as part of its misappropriation claim that Rauch had a duty not to disclose MIMI's confidential and proprietary information, MIMI requests leave to file an amended complaint to include such allegation. If such amendment is required, MIMI requests clarification and guidance from the Court whether the allegations and claims against SDSU and Rauch in his official capacity should be retained in the amended complaint (as MIMI believes is necessary and appropriate for the reasons discussed herein) or deleted from the amended complaint (as argued by Defendants).

DATED: May 5, 2008                THE AFFINITY LAW GROUP APC

By:    */s/ Gregory P. Goonan*
      Gregory P. Goonan
      Attorneys for Plaintiff
      Marketing Information Masters, Inc.
      E-Mail: ggoonan@affinity-law.com

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS*
- 12 -

**Certificate of Service**

The undersigned hereby certifies that on this 5th day of May 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

>Jonathan S. Pink, Esq.
>Lewis Brisbois Bisgaard & Smith LLP
>650 Town Center Drive, Suite 1400
>Costa Mesa, CA  92626
>Attorneys for Defendants

                                               */s/ Gregory P. Goonan*