# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

650 TOWN CENTER DRIVE, SUITE 1400, COSTA MESA, CA 92626
PHONE: 714.545.9200 | FAX: 714.850.1030 | WEBSITE: www.lbbslaw.com

JONATHAN PINK
DIRECT DIAL: 714.668.5589
E-MAIL: pink@lbbslaw.com

February 26, 2008

FILE NO.
24363-53

Gregory P. Goonan
The Affinity Law Group, APC
600 West Broadway, Suite 400
San Diego, California 92101

    Re:    *Marketing Information Masters, Inc., v. CSU*
           USDC Case No.: 06CV1682 JAH JMA
           OGC File No. 06-2379

Dear Mr. Goonan:

        This office is in receipt of your client's Second Amended Complaint ("SAC").

        That SAC is nearly identical to your client's First Amended Complaint ("FAC"). As you know, the Court in this matter issued a significant ruling with respect to the allegations set forth in the FAC. Specifically, it dismissed <u>with prejudice</u> the claims asserted against the Board of Trustees of the California State University System (the "Trustees") and Robert Rauch when acting in his official capacity. See Order on Motion to Dismiss dated February 5, 2008 ("Order")). Even more significantly, it ruled that the Copyright Remedy Clarification Act ("CRCA") "is not a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment," thereby holding that "Defendant Board of Trustees and Robert A. Rauch, in his official capacity, are entitled to immunity." *Id.* at page 7.

        Despite that ruling, your client's SAC again asserts claims of copyright infringement, conversion, misappropriation and unfair practices against the Trustees and Mr. Rauch in his official capacity. Indeed, the SAC is identical to the FAC but for the inclusion of approximately four insignificant paragraphs.

        Such pleading suggests that either you failed to read, or have simply chosen to ignore, the Court's Order. In any event, the SAC is so diametrically opposed to that Order that it must be

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON

4827-3302-1186.1

immediately withdrawn. Absent its withdrawal by the close of business on Wednesday, February 27, 2008, defendants will serve a Rule 11 sanctions motion on you by the end of the week. (To the extent you wish to file a Third Amended Complaint that complies with the Court's Order, you will have to seek the Court's approval for doing so.)

Rule 11(b)(1) and (2) subjects an attorney to sanctions where he or she files a pleading "for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation [, or where] the claims [asserted] are [un]warranted by existing law. . . ." Here, the SAC falls squarely within the prohibition set forth in Rule 11. That is, despite the Court's express ruling that a State, employee of a State (acting within his or her official capacity) or instrumentality of a State <u>cannot</u> be held liable for copyright infringement, you have filed a pleading that asserts precisely this claim (and related ones) against the State and its employee, Mr. Rauch, when acting within his official capacity.

Please take a closer look at the Court's Order. We believe you will find that the Court expressly limited your client's claims to those asserted against Mr. Rauch in his <u>individual</u> capacity (provided your client can legitimately support such a claim). In light of this, we have no doubt that after taking more than a year to draft such a significant ruling, the Court will not take kindly to your having simply ignored it. In short, we fully expect that if filed, the Court will grant our Rule 11 motion and award all appropriate sanctions.

Finally, please be advised that, in addition to a Rule 11 motion, to the extent you fail to withdrawal of the SAC, this office will also file a motion to dismiss the SAC and ultimately a motion for summary judgment with respect to any claims asserted against Mr. Rauch in his individual capacity. In light of this, and recognizing the Sysiphisian task you face of establishing a claim against Mr. Rauch, we *again* suggest that you and client reconsider any benefit to proceeding. Quite frankly, enough is enough: your client should consider a "walk-away" more than appropriate, and defendants' willingness to grant one more than generous.

Very truly yours,

Jonathan Pink of
LEWIS BRISBOIS BISGAARD & SMITH LLP