# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

650 TOWN CENTER DRIVE, SUITE 1400, COSTA MESA, CA 92626
PHONE: 714.545.9200 | FAX: 714.850.1030 | WEBSITE: www.lbbslaw.com

JONATHAN PINK
DIRECT DIAL: 714.668.5589
E-MAIL: pink@lbbslaw.com

March 5, 2008

FILE NO.
24363-53

Gregory P. Goonan
The Affinity Law Group, APC
600 West Broadway, Suite 400
San Diego, California 92101

Re:  *Marketing Information Masters, Inc., v. CSU*
     USDC Case No.: 06CV1682 JAH JMA
     OGC File No. 06-2379

Dear Mr. Goonan:

    As this office prepares its Motion to Dismiss your client's Second Amended Complaint ("SAC") (and having recently served a Rule 11 sanctions motion), we would like to again broach the issue of settlement. While your client has rebuffed all prior efforts in this regard, we suggest that he now reconsider.

    As you know, on February 5, 2008, the Court in this matter ruled that the Copyright Remedy Clarification Act of 1990 ("CRCA"), which purported to subject the States to suit for copyright infringement, was not a valid exercise of Congressional power under both Article I of the United States Constitution and Section 5 of the Fourteenth Amendment. That ruling constitutes a clear reaffirmation of the principle of sovereign immunity as contemplated by the Eleventh Amendment and effectively means that the States, State instrumentalities, and State employees acting within their official capacity, cannot be sued for copyright infringement.

    While you have indicated that your client intends to appeal this ruling, doing so would be an expensive exercise in futility. To understand the Court's conclusion, one must consider both the history of the CRCA and the Supreme Court's ensuing federalism jurisprudence. As Professor David Nimmer has explained in his treatise, Congress expressly relied on the Supreme Court's ruling in *Pennsylvania v. Union Gas Co.*, 490 U.S. 1 (1989) as its basis for the amending the Copyright Act to provide that a State "shall not be immune, under the Eleventh Amendment."

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON

4834-9592-8066.1

dockets.Justia.com

The Supreme Court's subsequent rulings in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)), *City of Boerne v. Flores*, 521 U.S. 507 (1997), and *Florida Prepaid v. College Savings Bank*, 527 U.S. 627 (1999)) collectively sounded a death knell that rendered the CRCA constitutionally infirm. The Fifth Circuit likewise said as much in *Chavez v. Arte Publico Press*, 204 F.3d 601, 608 (5th Cir. 2000), and of course the Court in our case agreed.

If despite the foregoing, your client elects to spend the tens-of-thousands of dollars required to appeal this issue, there is every indication that – if provided with the opportunity – the Supreme Court would likewise hold the CRCA invalid. The reason for this is two-fold. First, as noted above, the Supreme Court has already invalidated the efforts of Congress to subject the States to suit for patent and trademark infringement based on statutes nearly identical to the CRCA. *See Florida Prepaid, supra*, 527 U.S. 507 (1999); and *College Savings Bank v. Florida Prepaid, supra*, 527 U.S. 666 (1999). Second, the Supreme Court has already intimated that the CRCA does not pass constitutional muster. Specifically, in examining the Fifth Circuit's ruling *Chavez* (which originally found the CRCA to be constitutionally valid), the Supreme Court vacated that judgment and remanded the case for consideration in light of *Seminole Tribe*. *University of Houston, Texas v. Chavez*, 517 U.S. 1184 (1996) The Fifth Circuit's resulting opinion found the CRCA unconstitutional. *Chavez, supra*, 204 F.3d at 608. Based on such holdings, the Supreme Court would likely find that the CRCA was not "proportionate and congruent," and thus does not pass muster.

Finally, a negotiated settlement is the only rational resolution to this matter because of the minimal damages your client can hope to obtain even if it prevails at trial. 17 U.S.C. §504(b) states in pertinent part that "[t]he copyright owner is entitled to recover . . . any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringers is required to prove his or her deductible expenses and the elements of the profits attributable to factors other than the copyrighted work." While "profits" may include indirect profits, a recovery of these has been "limited to those that are non-speculative and directly attributable to the infringement." *Associated Residential Design, LLC v. Molotky*, 226 F.Supp.2d 1251, 1255 (D. Nev. 2002). As such, claims for indirect profits are "frequently unsuccessful." *Id.*

      In light of the foregoing, this office again invites your client to engage in settlement discussions. If your client is interested in this, given we will rely on you to make a settlement demand.

      Very truly yours,

      Jonathan Pink of
      LEWIS BRISBOIS BISGAARD & SMITH LLP

JSP:cjr