1  Gregory P. Goonan (Cal. Bar #119821)
   **The Affinity Law Group APC**
2  600 West Broadway, Suite 400
   San Diego, CA 92101
3  Tel: 619-702-4335
   Fax: 619-243-0088
4
   Attorneys for Plaintiff
5  Marketing Information Masters, Inc.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 Marketing Information Masters, Inc., a      Case No. 06 CV 1682 JAH (JMA)
   California corporation,
12
              Plaintiff,
13                                             **PLAINTIFF'S MEMORANDUM OF**
       vs.                                     **POINTS AND AUTHORITIES IN**
14                                             **OPPOSITION TO DEFENDANTS' RULE**
   The Board of Trustees of the California State   **11 MOTION**
15 University System, a public entity acting
   through its subdivision San Diego State
16 University; and Robert A. Rauch, an         Date: June 6, 2008
   individual,                                 Time: 2:30 p.m.
17                                             Court: 11 (Hon. John A. Houston)
              Defendants.
18

---

Plaintiff Marketing Information Masters, Inc. ("MIMI") hereby respectfully submits this memorandum of points and authorities in opposition to the motion for Rule 11 sanctions by defendants Board of Trustees of the California State University System, acting through and representing its subdivision San Diego State University (hereinafter "SDSU") and the individual defendant Robert Rauch.[1]

I. **PRELIMINARY STATEMENT**

The present motion presents an unfortunate yet textbook example of how the Rule 11 procedure can be misused by a party to try to gain a tactical advantage in litigation. As a preliminary matter, it must be noted that the present Rule 11 motion is premature and reveals a high level of arrogance in its prosecution. By the present motion, Defendants accuse MIMI and its counsel of a Rule 11 violation because MIMI retained allegations against SDSU and Rauch in his official capacity when MIMI filed its second amended complaint in this matter.

But Defendants' arrogance is revealed when it is considered that Defendants have not yet even prevailed on the motion to dismiss they brought to challenge MIMI's inclusion of the allegations against SDSU and Rauch in his official capacity in the second amended complaint. Yet they nevertheless accused MIMI and its counsel of a Rule 11 violation one day after the filing of the second amended complaint and then rushed to file this motion even though the motion to dismiss has not yet been decided.[2] Of course, if Defendants do not prevail on their motion to dismiss (as should be the case), the entire basis for this Rule 11 motion is destroyed.

As the Court knows, Rule 11 is not a strict liability statute. So, Rule 11 sanctions cannot be automatically granted against MIMI even if the Court determines that the allegations against SDSU and Rauch in his individual capacity should not have been retained in the second amended

---
[1] The factual support for this opposition is set forth in the Declaration of Gregory P. Goonan (MIMI's counsel) submitted herewith under separate cover.

complaint. On the contrary, as discussed more below, Rule 11 sanctions can only be awarded if the Court concludes that (1) the inclusion of the SDSU and Rauch allegations was baseless; and (2) that the inclusion of the challenged allegations against SDSU and Rauch was made without a reasonable inquiry.

Defendants cavalierly accuse MIMI's counsel of either failing to read the Court's February 5 Order or choosing to intentionally ignore such order (Def. Memo. At p. 4). Defense counsel cannot seriously believe such a ridiculous assertion and cannot honesty believe that MIMI's counsel would not read or would intentionally ignore a pivotal order like the February 5 Order. Without any basis whatsoever, defense counsel also engages in the wild speculation that MIMI's counsel supposedly did not research at all the issue of whether to retain the allegations against SDSU and Rauch in his official capacity before filing the second amended complaint (Def. Memo at p. 8). Again, it is hard to imagine that defense counsel honestly and seriously believes that MIMI's counsel did not conduct any research before filing the second amended complaint – certainly, Defendants have not offered any factual basis or relevant legal authority to demonstrate that they really have an honest belief in their accusations.

Instead, what should be painfully apparent is that Defendants and their counsel must resort to the bizarre and ridiculous rhetoric found in their motion because they do not have any legitimate basis for bringing this motion. On the contrary, as discussed below and in the accompanying Declaration of Gregory P. Goonan filed in support of this opposition, MIMI's counsel in fact thoroughly researched the issue of whether the accusations against SDSU and Rauch in his official capacity should be retained in the second amended complaint, and had a sound legal basis for retaining such allegations in the second amended complaint.

In the final analysis, the present motion is frivolous and wholly lacking in merit, even if the Court were to conclude that the allegations against SDSU and Rauch in his official capacity should have been omitted from the second amended complaint. Indeed, in correspondence

---

[2] The true purpose of the present motion was made clear by a letter dated March 5, 2008 from Jonathan Pink, lead counsel for Defendants, to MIMI's counsel by which Mr. Pink used the threat of the present Rule 11 motion to try to extort a settlement from MIMI. [See Exhibit 3 hereto.]

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' RULE 11 MOTION*

- 3 -

between counsel prior to the filing of this motion, MIMI's counsel explained in detail his reason for including the challenged allegations against SDSU and Rauch in the second amended complaint. But defense counsel was undeterred and completely close-minded to the idea that there could be a legitimate point of view besides his own.[3]

Under the circumstances here, the pleading that should be subject to Rule 11 sanctions is the present motion given the tremendous waste of the time and resources of the Court and MIMI's counsel that has resulted from the filing of this motion. However, in sharp contrast to the approach of defense counsel as revealed by the present motion, MIMI's counsel does not believe in using a Rule 11 motion as a weapon in his litigation arsenal.

MIMI's counsel believes that cases should be litigated in a professional manner, recognizes that there can be legitimate differences between counsel on issues (especially where, as here, there is no case law directly on point), and (in contrast to defense counsel) understands that not every dispute rises to the level of a Rule 11 problem. So, MIMI and its counsel do not seek Rule 11 sanctions against Defendants and their counsel for filing the present frivolous Rule 11 motion. Instead, MIMI and its counsel simply ask that the Court deny this baseless motion so we finally can proceed to litigate this case on the merits.

## II.  ARGUMENT

### A.  There Has Not Been Any Rule 11 Violation

The law is well settled that Rule 11 sanctions can only be granted where a filing is frivolous. A frivolous filing is both (1) baseless and (2) made without a reasonable and competent inquiry. [*In re Keegan Management Co. Securities Litigation*, 78 F.3d 431, 434 (9th Cir. 1996).] Alternatively, sanctions Rule 11 sanctions may be granted where a filing has an improper purpose. [*See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990). As the Court

---

[3] The principal correspondence between counsel prior to the filing of this motion is submitted herewith as Exhibits 1 and 2. Such correspondence (as well as the e-mail correspondence submitted with Defendants' motion) will demonstrate for the Court the difficulty that MIMI's

knows, Rule 11 sanctions are very serious (especially given that they may trigger a State Bar reporting requirement) so such sanctions should not be granted lightly. [*See Ibid*.]

As discussed below, MIMI's second amended complaint is neither frivolous nor filed for an improper purpose so the present motion should be denied:

MIMI and its counsel want to dispel several false and scurrilous accusations by Defendants at the outset: MIMI and its counsel fully understand and do not dispute that the Court by the February 5 Order decided that SDSU and Rauch in his official capacity enjoy immunity from MIMI's copyright infringement and state law claims here. It is important for the Court to understand that, contrary to Defendants' suggestion, MIMI did not retain the allegations against SDSU and Rauch in his official capacity in the second amended complaint out of any attempt to defy or disregard the Court's order but rather (as discussed below) based on the good faith belief following extensive legal research that it was necessary and appropriate to retain such allegations in the second amended complaint to protect MIMI's rights and interests (primarily for appeal).

MIMI's counsel also wants to make crystal clear that (as discussed more below) contrary to defense counsel's ridiculous claim that MIMI's counsel either did not read or chose to ignore the February 5 Order, MIMI's counsel in fact read the February 5 Order very carefully and did not choose to ignore (and did not ignore) such order, but rather researched quite thoroughly the pleading issues raised by the February 5 Order.

As explained in the accompanying Goonan Declaration, the Court's February 5 Order posed a dilemma for MIMI's counsel because it did not expressly state whether or not the allegations about SDSU and Rauch in his official capacity should remain in or be deleted from MIMI's second amended complaint.[4]

---

counsel has had in dealing with defense counsel about the issues raised by this motion and the companion motion to dismiss.

[4] It should be noted that the allegations in paragraphs 1 through 44 of the second amended complaint all would have been included in the second amended complaint even if MIMI had determined to delete its claims against SDSU and Rauch in his official capacity because such allegations are necessary to provide the background facts for MIMI's claims against Rauch in his individual capacity. Indeed, the only changes that would have been made from MIMI's first amended complaint to MIMI's second amended complaint, even if MIMI had determined to delete

Upon receipt of the Court's February 5 Order, MIMI's counsel determined that MIMI would file a second amended complaint to add additional allegations to demonstrate that MIMI's state law claims were not preempted. As explained in the Goonan Declaration, MIMI's counsel identified that there was an issue whether the claims against SDSU and Rauch should be kept in the second amended complaint or should be deleted. As explained in the Goonan Declaration, MIMI's counsel carefully researched the issue but surprisingly could not locate any case law on point. So MIMI's counsel was forced to decide the correct course of action based on analysis of general principles of pleading.

The law has long been settled that an amended pleading replaces and supersedes the prior pleading that is amended by the amended pleading. As the Ninth Circuit explained in its recent decision in *Ogansalu v. Nair*, 2008 WL 187050 (9th Cir. 2008), "an amended pleading supersedes the original pleading such that 'after amendment the original pleading no longer performs any function and is treated thereafter as nonexistent' (citing and quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992);" *see also* *Bullen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956) (accord).] An important corollary of this principle is that all causes of action in an original complaint that are not alleged in an amended complaint are deemed waived. [*See*, *e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).] Another important corollary of these concepts is the familiar rule that there can be only one judgment in a case.

As explained in the Goonan Declaration, based on the foregoing well-settled pleading concepts, counsel for MIMI determined that it was necessary and appropriate for MIMI to include the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint. MIMI's counsel reached this conclusion for several reasons. First, given the foregoing authorities, it cannot be disputed that MIMI's second amended complaint replaced and superseded

---

its claims against SDSU and Rauch officially, would have been to change the word "Defendants" to "Rauch;" eliminate the reference to wrongdoing by SDSU in paragraphs 12, 24, 36, 37, and 38; delete paragraphs 18 and 19; and delete the reference to Rauch in his official capacity in paragraph 21. Given such minor changes, MIMI submits it is hard to take seriously Defendants' argument that its attack on the second amended complaint is not a textbook example of a "form over substance" argument.

its first amended complaint, thereby rendering the first amended complaint "nonexistent."

But more importantly, it was MIMI's analysis that filing a second amended complaint without the allegations and claims against SDSU and Rauch in his official capacity would result in a waiver of MIMI's claims against SDSU and Rauch in his official capacity. While MIMI understands and accepts that the Court has found that SDSU and Rauch in his official capacity are immune from MIMI's claims, MIMI does not want to waive such claims. Indeed, MIMI ultimately may seek review of the Court's immunity ruling by the Ninth Circuit, and accordingly was concerned that such appellate review might be adversely impacted or rendered impossible is MIMI did not include its allegations and claims against SDSU and Rauch in its second amended complaint, thereby waiving such claims.

And finally, as noted, only one final judgment can be rendered in this case. MIMI was concerned that judgment could not be entered in favor of SDSU and Rauch in his official capacity if MIMI did not include its claims against SDSU and Rauch in his official capacity in the second amended complaint. Stated another way, given that MIMI's second amended complaint superseded the first amended complaint and the first amended complaint became a nullity for pleading and judgment purposes, it is not possible in this action for one judgment to be rendered on the second amended complaint on MIMI's claims against Rauch individually, and a separate judgment in favor of SDSU and Rauch in his official capacity on the first amended complaint. MIMI did not have this concern out of any altruistic motive – instead, MIMI's concern about having judgment properly entered in favor of SDSU and Rauch in his official capacity was motivated by a concern that such a judgment is required to allow for appellate review of the Court's immunity ruling.

As explained in the Goonan Declaration, MIMI's counsel tested his conclusions as explained above against common sense to make sure his conclusions were grounded in reality. In undertaking such analysis, MIMI's counsel considered two other scenarios that might have occurred in this case. Under one scenario, MIMI could have decided not to file an amended complaint to address the preemption issues, but rather just to proceed on its copyright infringement claim against Rauch individually. Under another scenario, the Court might have

decided that that SDSU and Rauch in his official capacity were immune, but that MIMI's state law claims were not preempted.

The critical point about both of the foregoing scenarios is that the first amended complaint would have stood as the operative pleading in this case. In such case, the first amended complaint would have contained and retained all of the allegations and claims against SDSU and Rauch in his official capacity that now are in dispute by this motion.

Certainly, under either of these scenarios, MIMI would not have had any obligation to file an amended complaint which deleted all allegations against SDSU and Rauch in his official capacity just because the Court found them immune. Instead, the allegations and claims against SDSU and Rauch in his official capacity would remain a part of the operative pleading but neither SDSU nor Rauch in his official capacity would be required to file an answer to such claims because of the Court's immunity ruling. On the contrary, only Rauch in his individual capacity would be required to file an answer to the operative complaint. The filing of the second amended complaint is the functional equivalent of the two scenarios discussed above.

MIMI submits the foregoing analysis shows clearly why MIMI and its counsel did not do anything improper and did not violate Rule 11 in retaining the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint notwithstanding the Court's immunity ruling.[5] On the contrary, the foregoing analysis makes crystal clear that the retention of the allegations against SDSU and Rauch in his official capacity had a solid basis in law and was done only after thorough and careful legal research and analysis.

Simply put, the second amended complaint was neither frivolous nor motivated by an improper purpose.[6] On the contrary, the second amended complaint was the product of extensive

---

[5] The cases cited at page 7 of Defendants' memorandum in support of this motion have no application in this case and do not compel a different result. None of the cited cases deal with the specific situation presented here, which involves whether claims subject to immunity need to be deleted from an amended pleading. On the contrary, all of the cited cases deal with a situation where a court has dismissed claims and the plaintiff then sought to assert the dismissed claims in a new and separate action. That clearly is not the situation here, so the cases relied upon by Defendants at page 3 of their memorandum are inapposite.

[6] As explained in MIMI's opposition to Defendants' companion motion to dismiss, the notion articulated in Defendants' memorandum in support of this motion that the second amended

legal research and well-developed legal analysis that far surpassed he requirements of Rule 11.[7] The present motion accordingly is itself frivolous and without basis, and consequently should be denied. This is so even if the Court ultimately concludes that the allegations and claims against SDSU and Rauch in his official capacity should have been omitted from the second amended complaint. [*See, e.g., DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185 (S.D. Cal. 2001) (Rule 11 sanctions not warranted where pleadings, although defective, were the product of extensive research and well-developed inquiry).]

B. The Amount Of Sanctions Sought By Defendants Is Outrageous

Defendants request the incredible amount of $7,000.00 in sanctions for filing the present motion. Such outrageous amount provides further evidence that this motion is not legitimate and has been brought for an improper purpose.

As discussed herein, MIMI and its counsel submit that there is no basis to impose any sanctions at all in this case. But even if some amount of sanctions was warranted (which it is not), there is no way to justify an award of $7,000.00 for a very simple motion like the present one. Indeed, most the request (20 hours) is based on pure speculation about the amount of time it

---

complaint supposedly does not provide Rauch in his individual capacity with "fair notice and the ability to draft a cogent answer" is, with all respect, so nonsensical that it borders on the absurd. There are only four causes of action in the second amended complaint, and it is clear from the allegations of the second amended complaint (as well as the Court's February 5 Order) that all four causes of action have been asserted against Rauch in his individual capacity. The second amended complaint is no different than any other complaint in a multiple defendant case. Rauch's obligation is to respond to those allegations that he reasonably determines set forth the claims against him individually (which are all of the allegations in the second amended complaint). Under such circumstances, it strains credibility (to be charitable) for Rauch to assert that he cannot understand the complaint or the claims against him, or formulate a "cogent" answer.

[7] Indeed, as set forth in the Goonan Declaration, MIMI's counsel asked Defendants' counsel to provide case authority that specifically held that MIMI was obligated to delete the allegations against SDSU and Rauch in his official capacity because of the Court's immunity ruling. While defense counsel cited some general cases (which also are cited in Defendants' memorandum in support of the present motion) which provided that a plaintiff could not re-file in another action claims that had already been dismissed, such cases really were of no help because they did not address the issue raised here – whether claims had to be deleted from an amended pleading because of an immunity ruling. Critically, defense counsel was not able to cite a single case that dealt with the specific situation presented here. One would think there would be some case law right on point if the issue was as clear as Defendants would have the Court believe by this motion.

1 supposedly will take to prepare the reply brief and attend the hearing on this motion.

2 The amount of time (3 hours) that defense counsel claims he spent researching and drafting
3 the short letter submitted herewith as Exhibit 1 is excessive. The amount of time (15 hours) that
4 defense counsel claims he spent drafting the present simple and straightforward motion similarly
5 is excessive. And there is no basis at all for the 20 hours claimed for the reply brief and
6 attendance at the hearing on this motion (if there even will be one).

7 Consequently, if the Court determines to award some amount of sanctions notwithstanding
8 that MIMI's second amended complaint is well grounded in law and was thoroughly researched
9 prior to filing, MIMI asks that the Court order defense counsel to make a supplemental filing,
10 supported by actual time sheets, setting forth the exact number of hours defense counsel claims he
11 spent on this matter and then give MIMI an opportunity to respond to such supplemental filing.

DATED: May 5, 2008                THE AFFINITY LAW GROUP APC


                                  By:   */s/ Gregory P. Goonan*
                                       Gregory P. Goonan
                                       Attorneys for Plaintiff
                                       Marketing Information Masters, Inc.
                                       E-Mail: ggoonan@affinity-law.com

## Certificate of Service

The undersigned hereby certifies that on this 5th day of May 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

> Jonathan S. Pink, Esq.
> Lewis Brisbois Bisgaard & Smith LLP
> 650 Town Center Drive, Suite 1400
> Costa Mesa, CA 92626
> Attorneys for Defendants

                                       */s/ Gregory P. Goonan*