Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088

Attorneys for Plaintiff
Marketing Information Masters, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marketing Information Masters, Inc., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>The Board of Trustees of the California State University System, a public entity acting through its subdivision San Diego State University; and Robert A. Rauch, an individual,<br><br>    Defendants. | Case No. 06 CV 1682 JAH (JMA)<br><br>**DECLARATION OF GREGORY P. GOONAN IN SUPPORT OF (1) PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT; AND (2) PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 11 MOTION**<br><br>Date: June 6, 2008<br>Time: 2:30 p.m.<br>Court: 11 (Hon. John A. Houston) |

I, Gregory P. Goonan, state as follows for my declaration:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a shareholder in The Affinity Law Group APC, attorneys of record for plaintiff Marketing Information Masters, Inc. ("MIMI").

2. I offer this declaration in support of MIMI's opposition to Defendants' motion to dismiss MIMI's second amended complaint and in support of MIMI's opposition to Defendants' Rule 11 motion.

---

*GOONAN DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND RULE 11 MOTION*

3. I have personal knowledge of the facts stated in this declaration and if called as a witness I could and would testify competently thereto.

Introduction

4. At the outset, I want to make clear that I am extremely angered and insulted by Defendants' claim that I somehow violated Rule 11 by retaining allegations and claims against defendants SDSU and Rauch in his official capacity. I take my personal reputation and ethical responsibilities both in general and under Rule 11 in particular very seriously, and do not take lightly unfounded accusations like those leveled by Defendants and their counsel here that I violated Rule 11. It is particularly infuriating to have to address and respond to such allegations because, in this case, such accusations have been leveled by defense counsel solely to try to get a tactical advantage in this case and to try to bully me and MIMI into abandoning this case.

5. The Court also needs to understand from the outset that I am and have been at all times during this case fully aware of my obligations under Rule 11. I was admitted to the California Bar in 1985, so I now have been practicing law for more than 22 years. My first year following graduation from law school, I had the privilege of serving as the law clerk for the Honorable A. Andrew Hauk, Senior Judge and Chief Judge Emeritus of the United States District Court for the Central District of California. As a result of my work with Judge Hauk, I became intimately familiar both with the requirements of Rule 11 as well as the type of conduct that violates Rule 11.

6. Since entering private practice, I literally have litigated well over 100 cases in federal courts all over the United States. I am proud to state that until the present motion, I never have even been accused of violating Rule 11 and have never even had a Rule 11 motion filed against me. Indeed, I never have had a penny of monetary sanctions imposed against me in over 22 years. That is why I am so infuriated that I now have to confront the present motion and respond to a Rule 11 accusation because defense counsel has deemed it appropriate to try to use the Rule 11

*GOONAN DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND RULE 11 MOTION*

- 2 -

procedure to gain a tactical advantage for his clients.

7. As I will discuss below, there has not been any Rule 11 violation in this case. Upon receipt of the Court's February 5, 2008 order (the "February 5 Order") I carefully researched whether the allegations and claims against SDSU and Rauch in his official capacity should be retained in the second amended complaint or deleted. As I will explain below, I concluded following hours of research that it was in fact necessary and appropriate for such allegations to be retained in the second amended complaint.

8. In short, as the Court will see, Defendants' claim that I either did not read the February 5 Order or simply chose to ignore it is as ridiculous as it is insulting. As I explain, I included the allegations and claims against SDSU and Rauch in his official capacity only after detailed research that more than satisfied the "reasonable inquiry" requirement under Rule 11. The inclusion of such allegations and claims is supported by existing law and has not been done for any improper purpose.

9. So, there is no basis to find that there has been any violation of Rule 11 here and Defendants' motion should be denied.

<u>There Has Not Been Any Improper Conduct Or Rule 11 Violation In Connection With The Filing Of The Second Amended Complaint</u>

10. As the Court is aware, the February 5 Order granted in part and denied in part a motion to dismiss brought by SDSU and Rauch against MIMI's first amended complaint. By the February 5 Order, the Court found that SDSU and Rauch in his official capacity only were immune from all of MIMI's claims pursuant to the Eleventh Amendment to the United States Constitution. The Court further found that Rauch was not entitled to Eleventh Amendment immunity against MIMI's claims brought against him in his individual capacity. Finally, by the February 5 Order, the Court gave MIMI leave to file a second amended complaint to assert additional allegations to establish that its state law claims against Rauch in his individual capacity

were not preempted.

11. MIMI filed its second amended complaint on February 25, 2008. In preparing such complaint, I found myself faced with a dilemma. The Court's February 5 Order did not specify what form the second amended complaint should take, and specifically did not address whether the allegations and claims against SDSU and Rauch in his official capacity should remain as part of the second amended complaint or should be stricken from the second amended complaint. Consequently, I had to determine whether the allegations against SDSU and Rauch in his individual capacity should be retained or needed to be deleted as part of the amendment of the complaint.

12. I want to make one thing crystal clear: I read the February 5 Order very carefully as soon as I received it and understood that the Court by the February 5 Order decided that SDSU and Rauch in his official capacity enjoy immunity from MIMI's copyright infringement and state law claims here.

13. But the fact that SDSU and Rauch in his official capacity are immune from MIMI's claims does not answer the question whether MIMI was obligated to delete from the second amended complaint all of the allegations against SDSU and Rauch in his official capacity.

14. As I already have stated, the Court's February 5 Order posed a dilemma because it did not expressly state whether or not the allegations about SDSU and Rauch in his official capacity should remain in or be deleted from MIMI's second amended complaint.

15. After determining that MIMI would file a second amended complaint to add additional allegations to demonstrate that MIMI's state law claims were not preempted, I carefully and thoroughly researched the issue whether the allegations and claims against SDSU and Rauch in his official capacity needed to be omitted from the second amended complaint because of the Court's immunity ruling. Surprisingly, I was not able to locate any case law on point. So I was forced to decide the correct course of action based on my research and analysis of general principles of pleading.

16. Based on my research, I determined that the law has long been settled that an amended pleading replaces and supersedes the prior pleading that is amended by the amended pleading. As

the Ninth Circuit explained in its recent decision in *Ogansalu v. Nair*, 2008 WL 187050 (9th Cir. 2008), "an amended pleading supersedes the original pleading such that 'after amendment the original pleading no longer performs any function and is treated thereafter as nonexistent' (citing and quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992);" *see also Bullen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956) (accord).]

17. My research also revealed an important corollary of this principle: all causes of action in an original complaint that are not alleged in an amended complaint are deemed waived. [*See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).] Moreover, my research also brought to mind the familiar rule that there can be only one judgment in a case.

18. Based on these well-settled pleading concepts, I determined that it was necessary and appropriate for MIMI to include the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint. I reached this conclusion for several reasons. First, given the foregoing authorities, I determined it could not be disputed that MIMI's second amended complaint replaced and superseded its first amended complaint, thereby rendering the first amended complaint "nonexistent."

19. But more importantly, it was my analysis that filing a second amended complaint without the allegations and claims against SDSU and Rauch in his official capacity would result in a waiver of MIMI's claims against SDSU and Rauch in his official capacity. While MIMI understands and accepts that the Court has found that SDSU and Rauch officially are immune from MIMI's claims, MIMI does not want to waive such claims. Indeed, MIMI ultimately may seek review of the Court's immunity ruling by the Ninth Circuit. Accordingly, I was concerned that such appellate review might be adversely impacted or rendered impossible if MIMI did not include its allegations and claims against SDSU and Rauch in its second amended complaint, thereby waiving such claims.

20. And finally, as I noted, only one final judgment can be rendered in this case. Given this rule, I was concerned that judgment could not be entered in favor of SDSU and Rauch in his official capacity if MIMI did not include its claims against SDSU and Rauch in his official capacity in the second amended complaint.

21. In my analysis, given that MIMI's second amended complaint superseded the first amended complaint and the first amended complaint became a nullity for pleading and judgment purposes, it would not be possible in this action for one judgment to be rendered on the second amended complaint on MIMI's claims against Rauch individually, and a separate judgment in favor of SDSU and Rauch in his official capacity on the first amended complaint.

22. My concern about having judgment properly entered in favor of SDSU and Rauch in his official capacity was motivated by a concern that such a judgment is required to allow for appellate review of the Court's immunity ruling.

23. Even though I was confident in my research and the conclusions I reached based on my research, I nevertheless decided that my conclusions needed to be scrutinized based on common sense given the absence of any case law right on point.

24. To test my conclusions, I considered two other scenarios that might have occurred in this case. Under one scenario, MIMI could have decided not to file an amended complaint to address the preemption issues, but rather just to proceed on its copyright infringement claim against Rauch individually. Under another scenario, the Court might have decided that that SDSU and Rauch in his official capacity were immune, but that MIMI's state law claims were not preempted.

25. I concluded that the critical point about both of the foregoing scenarios is that the first amended complaint would have stood as the operative pleading in this case. In such case, the first amended complaint would have contained and retained all of the allegations and claims against SDSU and Rauch in his official capacity that now are in dispute by this motion.

26. Under either of these scenarios, MIMI would not have had any obligation to file an amended complaint which deleted all allegations against SDSU and Rauch in his official capacity just because the Court found them immune. Instead, the allegations and claims against SDSU and Rauch in his official capacity would remain a part of the operative pleading but neither SDSU nor Rauch in his official capacity would be required to file an answer to such claims. On the contrary, only Rauch in his individual capacity would be required to file an answer to the operative complaint.

*GOONAN DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND RULE 11 MOTION*

- 6 -

27. In my mind, retaining the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint was the functional equivalent of the foregoing scenarios.

28. I submit that the foregoing analysis shows clearly why MIMI did not do anything improper in retaining the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint notwithstanding the Court's immunity ruling.

29. MIMI does not dispute that SDSU and Rauch in his official capacity are immune and MIMI has not included the claims against SDSU and Rauch because it intends to try to litigate such claims. Nevertheless, for the reasons I have discussed, I believed (and still believe) it was necessary and appropriate for MIMI to retain the allegations and claims against SDSU and Rauch in his official capacity in the second amended complaint.

30. I also want to make it crystal clear that I did not retain the allegations and claims against SDSU and Rauch in his official capacity for any improper purpose such as to harass SDSU or Rauch, or to increase the burden or expense of this lawsuit to them. On the contrary, as I have explained, I included such allegations and claims based solely on my good faith belief that it was necessary and appropriate to retain such allegations and claims in the second amended complaint to protect MIMI's rights and interests. Never in my wildest imagination could I or did I anticipate that the inclusion of such allegations would morph into another motion to dismiss and the first Rule 11 motion in my career.

<u>Interactions With Defense Counsel After Filing Of Second Amended Complaint</u>

31. As I noted above, I filed MIMI's second amended complaint on February 25, 2008. One day later, on February 26, 2008, I received a letter from defense counsel Jonathan Pink that was a supposed "Notice of Rule 11 Violation.

32. A true and correct copy of Mr. Pink's February 26 letter is submitted herewith as Exhibit 1.

33. Two things struck me immediately when I first read Mr. Pink's February 26 letter.

First, the tone and substance of the letter is extremely arrogant, and is among the most unprofessional and intemperate of letters that I have received in recent years. I frankly was surprised that a partner in a firm with a good reputation like Mr. Pink's firm would send such an unseemly letter.

34. The other thing that struck me about Mr. Pink's February 26 letter is how soon it was sent after the filing of the second amended complaint. Knowing how much time I myself had spent researching and analyzing the question whether the allegations and claims against SDSU and Rauch in his individual capacity should remain in the second amended complaint, it was obvious to me that Mr. did not spend – and could not have spent – sufficient time researching the issues and relevant case law before deciding to fire off his Rule 11 accusation.

35. Given the seriousness of the accusations in Mr. Pink's February 26 letter, I immediately drafted and sent a response to Mr. Pink on February 26. A true and correct copy of my February 26 letter to Mr. Pink is submitted herewith as Exhibit 2. As the Court will see when it reviews Exhibit 2, I explained in detail to Mr. Pink why I had retained the allegations against SDSU and Rauch in the second amended complaint.

36. But most importantly, by my February 26 letter, I asked Mr. Pink to provide me with citation to any legal authority that he believed demonstrated that it was improper to retain the allegations against SDSU and Rauch in his official capacity in the second amended complaint.

37. Critically, Mr. Pink never has provided such authority because such authority simply does not exist. One would think that if the issue was as clear cut as Defendants would have the Court believe, it would be a simple matter for Mr. Pink to provide me with some relevant and on-point legal authority.

38. But he has not done so. On the contrary, the only case citations that Mr. Pink ever provided to me were the cases cited at page 3 of Defendants' memorandum in support of their

---

*GOONAN DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND RULE 11 MOTION*

- 8 -

motion to dismiss. However, as discussed in MIMI's opposition to Defendants' motion to dismiss, the cases cited by Mr. Pink are inapposite here.

39. The true motivation for the present Rule 11 motion unfortunately soon became apparent. On March 5, 2008, Mr. Pink sent me a letter that purports to be a settlement letter, even though the supposed offer set forth therein is not a legitimate, good faith offer at all.

40. A true and correct copy of Mr. Pink's March 5, 2008 is submitted herewith as Exhibit 3. As the Court will see when it reviews Exhibit 3, the critical point about Mr. Pink's March 5 letter is that he plainly and explicitly is trying to use the threat of the present Rule 11 motion to bully MIMI into agreeing to a low ball settlement offer. The tactics embodied by the March 5 letter speak volumes both about the merits and the good faith of the present Rule 11 motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on May 5, 2008 at San Diego, California.

　　　　　　　　　　　　　　　　　　__/s/ Gregory P. Goonan_

**Certificate of Service**

The undersigned hereby certifies that on this 5th day of May 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

>Jonathan S. Pink, Esq.
>Lewis Brisbois Bisgaard & Smith LLP
>650 Town Center Drive, Suite 1400
>Costa Mesa, CA  92626
>Attorneys for Defendants

  */s/ Gregory P. Goonan*

*GOONAN DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND RULE 11 MOTION*

- 10 -