# THE AFFINITY LAW GROUP APC
BUSINESS AND INTELLECTUAL PROPERTY LAW MATTERS

600 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101-3352

LOS ANGELES OFFICE:
6080 CENTER DRIVE, 6TH FLOOR
LOS ANGELES, CA 90045
TEL: (310) 601-7883
FAX: (310) 694-9064

AUTHOR DIRECT CONTACT:
GREGORY P. GOONAN

TELEPHONE: (619) 955-7708
FACSIMILE: (619) 243-0088

DIRECT TELEPHONE: (619) 702-4335
EMAIL: GGOONAN@AFFINITY-LAW.COM

WWW.AFFINITY-LAW.COM

FILE NO.

February 26, 2008

**VIA FACSIMILE** (714-850-1030)
**AND FIRST CLASS MAIL**

Jonathan Pink, Esq.
Lewis Brisbois Bisgaard & Smith LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626

      Re:    <u>Casinelli v. SDSU</u>

Dear Mr. Pink:

I send this letter in response to your letter to me dated February 26, 2008 and communicated via e-mail on such date. As a preliminary matter, I suggest that you adopt a more temperate tone in your future communications with me. I do not know who you think you are, but I certainly am not going to stand by and get lectured by you about our Rule 11 responsibilities or the meaning of the Court's February 5, 2008 Order.

I take my reputation quite seriously and will do whatever I must to protect it including responding strongly to any attempts by you to suggest that I have engaged in improper conduct. You can be assured that I am well acquainted with the requirements of Rule 11. In more than 22 years of practicing law, I have never been accused of even violating Rule 11, and certainly have never had any Rule 11 sanctions ordered against me. Moreover, contrary to your ridiculous suggestion, I did not "fail to read" or "simply chose to ignore" the Court's February 5 order. On the contrary, I read and studied the February 5 Order quite carefully and am well aware of what the Court ordered. Frankly, I find it hard to believe that you seriously made such an accusation and am not sure what you hope to accomplish with such a personal attack.

I assume you are knowledgeable about federal procedure, so you should know that there can only be one operative pleading in a particular case. The operative pleading now is the Second Amended Complaint. Such complaint contains three categories of claims: claims against SDSU, claims against Rauch in his official capacity, and claims against Rauch in his individual capacity.

The Court already has ruled that the claims against SDSU and Rauch in his official capacity are dismissed with prejudice so we acknowledge that those claims will not go forward. Instead, such claims will be resolved when final judgment is entered at the end of the case and SDSU and Rauch will not have to defend such claims given the February 5 Order.

But such claims must remain a part of the operative pleading until final judgment is in fact entered or the judgment will not make sense. You cannot have one judgment on the First Amended Compliant and a separate judgment on the Second Amended Complaint – there can only be one operative pleading and one judgment. Keeping the claims against SDSU and Rauch in his official capacity in the Second Amended Complaint also is necessary to facilitate the appellate review of the February 5 Order that Mr. Casinelli will seek following the entry of final judgment. Indeed, as you note, we made sure the claims against SDSU and Rauch in his official capacity remained the same in the Second Amended Compliant. We did so to make sure we were in compliance with the February 5 Order. There is no need for me to "take a closer look" at the Court's Order.

The claims against Rauch in his individual capacity will go forward and will be litigated to conclusion notwithstanding your threats and absurd attempts at bullying. We have amended the complaint to include allegations in accordance with the Court's February 5 Order that make clear that Mr. Casinelli's claims against Rauch individually are not preempted. You may believe that such additional allegations are "insignificant" but please be assured that Mr. Casinelli does not share your cavalier attitude about copyright infringement and the theft of his ideas and materials by Rauch.

On the contrary, Mr. Casinelli views Rauch's theft and infringement to be quite serious, and intends to make sure he is held accountable for all losses suffered by Mr. Casinelli and all illegal gain by Rauch. Indeed, if you really believe that we face a "Sysiphisian task" of establishing claims against Rauch individually, it is you that either does not understand the law, have not been fully apprised of the facts by Rauch (or simply are choosing to ignore the facts), or needs to go back and take a closer look at the Court's February 5 Order and the cases cited therein.

You apparently are of the view that we had some obligation to delete all references to claims against SDSU and Rauch in his official capacity when we filed the Second Amended Complaint. As I explain above, that is not our understanding of the law or the proper procedure. But if you have any authority you want to cite to support your argument, we will consider it. Indeed, in the future, our communications will be more productive if you just calmly explain your position and cite whatever legal authority you believe may support your position instead of sending overheated letters like your February 26 letter.

But unless you can cite some legal authority that shows we adopted an incorrect strategy, we stand by the Second Amended Complaint. For the reasons I have explained herein, your accusation that we filed the Second Amended Complaint in violation of Rule 11 to harass your clients, needlessly increase the cost of this litigation, and/or to assert claims that are unwarranted by existing law is ridiculous. So, if you follow through on your threat to file a Rule 11 motion, it will be you who are wasting the Court's time and violating Rule 11.

Sincerely,

Gregory P. Goonan