**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN PINK, SB# 179685
Email:     pink@lbbslaw.com
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone:  (714) 545-9200
Facsimile:  (714) 850-1030

Attorneys for Defendant The Board of Trustees
of the California State University

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, WHICH IS THE STATE OF CALIFORNIA ACTING IN ITS HIGHER EDUCATION CAPACITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, A PUBLIC ENTITY ACTING THROUGH ITS SUBDIVISION SAN DIEGO STATE UNIVERSITY); and ROBERT A. RAUCH, an individual,<br><br>         Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**<br><br>ACTION FILED: August 18, 2006<br><br>Hearing Date:  June 9, 2008<br>Time:          2:30 p.m.<br>Dept:          11 |

4817-1965-1074.1

CASE NO. 06CV 1682 JAH JMA

## TABLE OF CONTENTS

I. INTRODUCTION ................................................ 1

II. LEGAL ARGUMENT .............................................. 2

    A. Plaintiff's SAC Violates Rule 11 ......................... 2

    B. The Amount of Sanctions Sought By Defendants is Appropriate .... 4

III. CONCLUSION .................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

While Plaintiff's Counsel, Greg Goonan, seeks to portray himself as the victim in this Rule 11 Motion, the fact is that he brought it on himself.[1]

As set forth in the moving papers, Mr. Goonan filed a Second Amended Complaint ("SAC") that failed to comport with the practical dictates of this Court's February 5, 2008 Order (the "February 5 Order"). When the Defendants brought this to Mr. Goonan's attention, and requested that he correct his pleadings so Defendants could provide an answer, he refused.[2] When Defendants provided him with the legal authority for their position, Mr. Goonan again refused. Mr. Goonan also failed to provide the Defendants any authority for his refusal. He simply pointed to his own *personal* opinion that no correction was necessary.

It is significant to note that Mr. Goonan never provided any authority on this topic until serving Plaintiff's opposition brief, more than two <u>months</u> after this issue was brought to his attention. If Mr. Goonan based his filing of the SAC on sound legal research, as he claims, why did he never provide that research to Defendants when doing so might have avoided this Motion? If he competently reviewed the law on this topic, why didn't he find the Rutter Guide on California Practice, which clearly sets forth the procedure for appealing claims that have been dismissed with

---

[1] Contrary to Plaintiff's assertions, Defendants did not bring its Motion for Sanctions to "gain a tactical advantage in litigation." *Opposition to Defendants' Rule 11 Motion* ("Opposition"), Page 2. Indeed, Defendants see no tactical advantage to seeking sanctions against Mr. Goonan. They do, however, see a justified basis for seeking a recovery of the cost they incurred in filing a *third* motion to dismiss, which motion would not have been required but for Mr. Goonan's refusal to simply amend the Second Amended Complaint as reasonably requested.

[2] The Board of Trustees of the California State University System ("The Trustees") and Robert A. Rauch (" Professor Rauch") in his official capacity are collectively referred to herein as "Defendants."

4817-1965-1074.1                    -1-
                                          CASE NO. 06CV 1682 JAH JMA

prejudice?[3] If Mr. Goonan *had* conducted that research, this matter would never have come before this Court. By ignoring – or never looking for – the readily accessible legal authority, Mr. Goonan left the Defendants with no alternative but to file this Motion.

## II. LEGAL ARGUMENT

### A. Plaintiff's SAC Violates Rule 11

Rule 11 Sanctions are appropriate where a "frivolous" filing is made. A frivolous filing consists of one that is both (1) baseless and (2) made without a reasonable and competent inquiry. *In re Keegan Management Co. Securities Litigation*, 78 F.3d 431, 434 (9th Cir. 1996). As set forth below, Plaintiff's SAC is both baseless and made without a reasonable and competent inquiry.

Plaintiff's counsel argues that the SAC was justified. He maintains that this Court's February 5 Order did not "expressly state" that Plaintiff could not refile the claims dismissed with prejudice. *Opposition*, Page 6. He contends that Plaintiff refiled those claims only to preserve them for appeal, and that it did so "after careful research and analysis of the case law and the common sense of the situation by its counsel." *Id.* There is no merit to these arguments.

It is axiomatic that claims dismissed <u>with prejudice</u> may not be refiled. *See Creek Indians Natl Council v. Sinclair Prairie Oil* Co., 142 F.2d 842, 845 (10th Cir. 1944) (a dismissal "with prejudice" constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial); *see also Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327 (1955) (dismissal with prejudice amounts to a final judgment on the merits that bars a later suit on the same cause of action). As such, unless Mr. Goonan is suggesting that this Court was obligated to delineate the legal ramifications of a dismissal "with prejudice," he cannot

---

[3] *See e.g.* RUTTER'S CALIFORNIA PRACTICE GUIDE, 9:308(b) (West 2008).

legitimately contend that the February 5 Order failed to make clear that Plaintiff could not refile those claims.

Further, if Mr. Goonan had competently reviewed the law on this topic, he never would have refiled those claims in the first place. He would have found that a plaintiff wishing to appeal an order dismissing part of a complaint with prejudice has the option of: 1) seeking immediate review of the order by way of extraordinary writ; 2) seeking the right to file an interlocutory appeal under 28 U.S.C. §1292(b); 3) seeking an order entering a partial judgment on the partial dismissal and then filing an appeal from the partial judgment under Fed. R. Civ. P. 54(b); or 4) seeking leave of court to dismiss the remaining claims without prejudice in order to make the judgment appealable. *See* RUTTER GROUP CALIFORNIA PRACTICE GUIDE, *supra*, 9:308(b) (citing 28 U.S.C. §1292(b); Fed. R. Civ. P. 54(b); *James v. Price Stern Sloan, Inc.* 283 F3d 1064, 1069 (9th Cir. 2002)).[4]

Mr. Goonan did not pursue any of these options. Instead, he relied on "common sense" rather than common legal research, and pursued a totally baseless strategy of <u>refiling</u> the dismissed claims in contravention of established law. Adding insult to injury, he attempts to justify this conduct by presenting two imaginary scenarios that purport to show his "conclusions are grounded in reality." Opposition, Page 8. In both scenarios, he claims Plaintiff would not have been required to file a SAC, and summarily concludes that the SAC is the "functional equivalent of those two scenarios." *Id.* However, that argument overlooks one glaring detail: while the imaginary scenarios may have given the Defendants "fair notice" of Plaintiff's claims, the SAC leaves the Defendants with *no clue* as to which claims and

---

[4] While Defendants provided Mr. Goonan with case law discussing the impropriety of his pleading (which he lambasted as inadequate), he steadfastly failed to provided *any* authority in support of his novel position. If Mr. Goonan conducted "careful research and analysis of the case law" on this topic, he could have provided it to the Defendants well in advance of their filing this Motion. "Common sense" explains his failure to do so as: he didn't have it. If Mr. Goonan did not have the authority prior to the filing of this Motion, he could not have had it when he filed the SAC.

4817-1965-1074.1 -3-

allegations they must answer which they may ignore. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. Rules Civ. P. 8.

In short, without any reasonable, legal or legitimate reason for doing so, Plaintiff argues that Defendants should forego their right to an intelligible complaint. While that may work in a fantasy scenario, it doesn't work in reality. Plaintiff must be ordered to provide Defendants with an intelligible complaint, providing the "fair notice" to which they are entitled under Fed. R. Civ. P. 8. Its failure to do so with respect to the SAC was both baseless and (apparently) done without reasonable or competent inquiry. As such, Rule 11 Sanctions are appropriate.

### B. The Amount of Sanctions Sought By Defendants is Appropriate

The amount of monetary sanctions sought by Defendants is appropriate. First, the blended billing rate of $185/hr is more than fair, especially considering prevailing market rates for legal representation among intellectual property counsel. Further, the three hours Defendants spent researching, drafting, and corresponding with Plaintiff's counsel was not excessive considering it was done to educate Plaintiff's counsel and to avoid this costly motion practice. Indeed, Defendants submit that Mr. Goonan is in no position to criticize Defendants for this because no matter how much time he spent researching this topic, it was not long enough. He failed to locate even the most basic rule on appealing a dismissal with prejudice. Finally, the time Defendants spent researching and drafting their Motion and Reply was not excessive; it was exactly what was required to adequately represent the Defendants' rights.[5]

///

///

///

---

[5] To the extent this Court would like to review Defendants' legal bills on which these fees are indicated, Defendants will unquestionably provide them.

4817-1965-1074.1 -4-

CASE NO. 06CV 1682 JAH JMA

## III. CONCLUSION

Plaintiff's SAC is improper as written. Mr. Goonan refused to accept this when Defendants notified him, and when they provided him with the legal support for their position. This left the Defendants with no choice but to file this Motion. It was not brought to gain a tactical advantage; it was brought because Mr. Goonan left the Defendants with no choice but to pursue it. In light of the forgoing, Defendants respectfully submit that this Court should grant their Motion for Sanctions in its entirety.

DATED: May 16, 2008

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By _____
Jonathan Pink
Member of Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendant Board of Trustees of the
California State University