**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN PINK, SB# 179685
Email: pink@lbbslaw.com
650 Town Center Drive
Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030

Attorneys for Defendant The Board of Trustees
of the California State University

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, WHICH IS THE STATE OF CALIFORNIA ACTING IN ITS HIGHER EDUCATION CAPACITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, A PUBLIC ENTITY ACTING THROUGH ITS SUBDIVISION SAN DIEGO STATE UNIVERSITY); and ROBERT A. RAUCH, an individual,<br><br>Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>ACTION FILED: August 18, 2006<br><br>Hearing Date: June 9, 2008<br>Time: 2:30 p.m.<br>Dept: 11 |

4824-7246-2850.1

CASE NO. 06CV 1682 JAH JMA

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL ARGUMENT | 1 |
| | A. Plaintiff Must Amend Its Complaint to Provide Defendants With "Fair" and Intelligible Notice Pursuant to Fed. R. Civ. P. 8 | 1 |
| | B. Plaintiff's State Law Claims Against Professor Rauch are Preempted by Federal Copyright Law | 2 |
| |    1. Plaintiff's Conversion Claim falls within the purview of the Copyright Act and must be dismissed | 2 |
| |    2. Plaintiff's Misappropriation of Trade Secrets Claim falls within the Purview of the Copyright Act and Must be dismissed | 3 |
| |    3. Plaintiff's Unfair Business Practices Claim falls within the Purview of the Copyright Act and Must be dismissed | 4 |
| III. | CONCLUSION | 5 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its February 5, 2008 Order, ("February 5 Order"), this Court dismissed with prejudice all claims asserted against The Board of Trustees of the California State University System ("The Trustees") and Robert A. Rauch ("Rauch") in his official capacity. Despite that Order, Plaintiff reasserted the same claims against these same defendants ("Defendants") in its Second Amended Complaint ("SAC").

In its Opposition to Defendants' Motion to Dismiss the SAC, however, Plaintiff asserts that it fully understands and does not dispute that the Court has decided that SDSU and Professor Rauch in his official capacity enjoy immunity from MIMI's copyright infringement and state law claims . . . [and] that issue does not need to be addressed or decided again by this motion." Opposition, Page 5. Defendants accept this acknowledgment – better late than never – and will not address this point further other than to say that Plaintiff's operative pleading must now reflect this undisputed reality.[1] In light of this, the issues remaining in Defendants' Motion to Dismiss are fairly limited.

## II. LEGAL ARGUMENT

### A. Plaintiff Must Amend Its Complaint to Provide Defendants With "Fair" and Intelligible Notice Pursuant to Fed. R. Civ. P. 8

Defendants' right to an intelligible complaint that provides "fair notice" is not a question of "form over substance." It is supported by the strong public policy underpinning Fed. R. Civ. P. 8. Plaintiff's ill fated attempt to reallege dismissed claims, especially where it now acknowledges that it has no intention to pursuing those claims, has led to a hopelessly muddled SAC that hampers Defendants' ability to draft a cogent answer. Accordingly, this Court should dismiss Plaintiff's SAC in

---

[1] Plaintiff's steadfast refusal to amend its pleading to reflect this reality (for reasons that lacked legal support) is precisely why Defendants were forced to file a Rule 11 sanctions motion that is also scheduled for hearing on June 9, 2008.

4824-7246-2850.1 -1-

CASE NO. 06CV 1682 JAH JMA

its entirety, and order Plaintiff to provide "fair notice" pursuant to Rule 8 by setting forth <u>only</u> those claims that remain in this lawsuit.

### B. Plaintiff's State Law Claims Against Professor Rauch are Preempted by Federal Copyright Law

Section 301(a) of the Copyright Act establishes a two-prong test for preemption of state law claims. The test asks: (1) whether the subject matter of the claim comes within the subject matter of the Copyright Act, and (2) whether the rights protected by the state law claims are the equivalent to any of the exclusive rights protected by the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d at 1212. To survive a Federal Copyright Act preemption challenge, a state law claim must contain an "extra element" that "materially changes the cause of action." *Balboa v. Trans Global*, 218 Cal.App.3d 1327, 1340 (1990).

This Court previously dismissed without prejudice Plaintiff's claims for conversion and misappropriation of trade secrets because, as pled, they were preempted by the Copyright Act. In the SAC, Plaintiff again fails to allege any "extra elements" that removes those claims from the purview of §301.[2] Thus, those claims remain preempted by the Copyright Act.

#### 1. Plaintiff's Conversion Claim falls within the purview of the Copyright Act and must be dismissed

Plaintiff's conversion claim is premised on the allegation that Plaintiff owns certain"tangible materials and intangible ideas," which Defendants interfered with when conducting their own "economic impact studies and surveys." (SAC, ¶¶61, 62-63). That claim falls squarely within the purview of 17 U.S.C. §106(1) and (2), which provide that a copyright owner has the right to reproduce its copyrighted work and prepare derivative works based it.

---

[2] As discussed in subsection B3 below, the same is true with respect to Plaintiff's claim for unfair business practices.

4824-7246-2850.1

-2-

Plaintiff attempts to resuscitate this claim with a citation to *G.S. Rasmussen & Assoc. v. Kalita Flying Service, Inc.*, 958 F.2d 896 (9th Cir. 1992). But that case does not resurrect this cause of action. In *Rasmussen*, the Ninth Circuit held, under very specific facts, that a conversion claim was not preempted where the defendant converted a specific government privilege. 958 F2d 899-900. Conversely, the court held that had the plaintiff merely claimed an exclusive right to copy the manuals, drawings, and plans involved in implementing the certificate, or the right to copy the certificate itself, his claim would have been preempted by the Copyright Act. *Id.* at 904.

The facts here are readily distinguishable from those *G.S. Rasmussen*. Plaintiff here seeks conversion damages for Defendants' alleged copying of its "tangible materials and intangible ideas." This is precisely what the *G.S. Rasmussen* court explained *is* subject to preemption. Moreover, this Court has already ruled that "conversion actions seeking only damages for reproduction of the property-not return of the tangible property-are preempted by the Copyright Act." (Order, Page 12 (citing *Firoozye v. Earthlink Network*, 153 F.Supp.2d 115, 1130 (N.D. Cal. 2001)). Accordingly, unlike the facts in *G.S. Rasmussen*, Plaintiff here fails to assert any "extra element" that would remove this claim from the ambit of § 301. Thus this claim must be dismissed.[3]

### 2. **Plaintiff's Misappropriation of Trade Secrets Claim falls within the Purview of the Copyright Act and Must be dismissed**

Plaintiff's misappropriation claim is also preempted by the Copyright Act. It rests on the assertion that Plaintiff owns property that consists of "confidential, proprietary, and trade secret information" that "Defendants used . . . to conduct

---

[3] Given that Plaintiff has now plead this claim three times, Defendants submit that this Court should now dismiss Plaintiff's state law conversion claim with prejudice.

4824-7246-2850.1
-3-
CASE NO. 06CV 1682 JAH JMA

multiple economic impact studies and surveys." (SAC ¶ 68). Again, these allegations fall squarely within the ambit of Section 106.

Plaintiff's argument to the contrary rests on its assertion that the claim "expressly alleges" that Professor Rauch "disclosed [Plaintiff's] confidential and proprietary information to multiple third persons and entities, and in doing so violated the confidentiality and secrecy that protected [Plaintiff's] materials." (SAC, ¶72). This allegation, however, does not provide the "extra element" necessary to save this claim from preemption. Plaintiff must have pled that Professor Rauch communicated such information in contravention of a *duty* he owed to Plaintiff to maintain its secrecy. Plaintiff has not made such an assertion nor, in good faith, could it. Without a duty owed by Professor Rauch to the Plaintiff, Plaintiff's misappropriation claim is preempted and must be dismissed.[4]

### 3. **Plaintiff's Unfair Business Practices Claim falls within the Purview of the Copyright Act and Must be dismissed**

Plaintiff's state unfair competition claim is also preempted by the Copyright Act. While Plaintiff's Opposition does a fine job explaining the coverage afforded by Section 17200, it completely fails to provide any argument as to why – or how – Plaintiff's unfair competition claim includes the "extra element" required to survive preemption. (SAC, ¶¶ 78-87; Opposition, Page 11-12).

Indeed, Plaintiff's unfair competition claim is subject to preemption under established California law. *See Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). In *Del Madera*, the 9th Circuit held that an unfair competition claim premised on misappropriation of copyrighted materials lacks the "extra element" required to survive a preemption challenge. *Id.* at 977. In that case, the plaintiff alleged that the defendants had misappropriated materials for the purpose of developing certain real property. *Id.* The court reasoned that because the

---

[4] Again, Plaintiff has had three opportunities to plead this claim. It should not be given a fourth. This Court should dismiss this claim <u>with</u> prejudice.

-4-

CASE NO. 06CV 1682 JAH JMA

claim was premised on the plaintiff's alleged ownership of such material, and defendants' misappropriation of the same, the unfair competition claim was "part and parcel of the [plaintiff's] copyright claim." *Id.* As such, it preempted that claim under §301 of the Copyright Act.

The facts here are analogous to *Del Madera*. Plaintiff bases its unfair competition claim on the theory that "Defendants have received and continues [sic] to receive unearned commercial benefits" stemming from their alleged copying of Plaintiff's copyrighted materials. (SAC, ¶¶ 83, 87). Under the holding in *Del Madera,* however, such allegations lack the "extra element" required to survive a preemption challenge. As such, under the holding in that case, Plaintiff's unfair competition claim in this matter should be dismissed with prejudice.

## III. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully submit that Plaintiff should be ordered to: (1) rewrite its complaint to provide "fair notice" as required by Fed. R. Civ. P. Rule 8; and (2) rewrite its complaint to remove all claims and allegations that have been dismissed with prejudice from this lawsuit. Defendants further submit that this Court should dismiss Plaintiff's state law claims with prejudice as they are preempted pursuant to §301 of the Copyright Act.

DATED: May 16, 2008

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By_____
Jonathan Pink
Member of Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendant Board of Trustees of the
California State University