UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>    Plaintifff,<br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, et. al.,<br><br>    Defendants. | Civil No. 06cv1682 JAH (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Doc. No. 20] AND DENYING DEFENDANTS' MOTION FOR SANCTION [Doc. No. 22]** |

  Pending before the Court are Defendants Board of Trustees of the California State University and Robert A. Rauch's motion to dismiss and motion for sanctions. Plaintiff opposes both motions. After a thorough review of the parties' submissions and as discussed below the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss and DENIES the motion for sanctions.

**I. Motion to Dismiss**

  Defendants argue the complaint should be dismissed because Plaintiff improperly asserts claims against the Board of Trustees and Rauch in his official capacity this Court previously dismissed with prejudice and the state law claims are preempted by the Copyright Act.

**A. Claims Previously Dismissed with Prejudice**

  In the order granting in part and denying in part Defendants' motion to dismiss the First Amended Complaint, the Court dismissed with prejudice the Board of Trustees and all claims

06cv1682

1  against Rauch in his official capacity upon finding they were entitled to Eleventh Amendment
2  immunity.  The Court also dismissed the misappropriation claim and conversion claim against
3  Rauch in his individual capacity without prejudice and with leave to amend.  Plaintiff filed a
4  Second Amended Complaint ("SAC") and reasserted the claims against the Board of Trustees
5  and Rauch in his official capacity.

Defendants argue, by reasserting claims against the Board of Trustees and Rauch in his official capacity, Plaintiff's complaint fails to differentiate between claims and parties and, thereby "turn[s] Rule 8 on its head."  Motion at 4.  They maintain the SAC denies them fair notice of the claims against them and prevents them from filing a cogent answer.

Plaintiff argues the motion to dismiss the claims against the Board of Trustees and Rauch in his official capacity should be denied as moot in that counsel determined it was necessary and appropriate to include all the allegations to avoid a waiver of the claims against the Board of Trustees and Rauch in his official capacity.  Plaintiff maintains it may seek review of the Court's immunity ruling and its failure to reassert the allegations may waive appeal.

A review of the SAC demonstrates Plaintiff reasserts claims against the Board of Trustees and Rauch in his official capacity.  Plaintiff contends it reasserted these claims although they were dismissed with prejudice to avoid waiving the dismissal of the claims for immunity on appeal.  Plaintiff cites to no authority and this Court's own research found no authority for the contention that a plaintiff must reassert claims in an amended complaint previously dismissed with prejudice to preserve appeal rights.  The Court finds the minimal authority on this matter suggests a plaintiff may not reassert claims previously rejected by a court with prejudice.  See In re Calpins Corp. Erisa Litigation, 2005 WL 3288469 (N.D.Cal.); Miller v. Continental Airlines, Inc., 2003 WL 21557678 ( Finding the renewed presence of claims previously dismissed with prejudice in the amended complaint represented "impertinent material.").  Additionally, allowing the claims to remain in the amended pleading requires Defendants to defend against claims this Court previously rejected.  See FED.R.CIV.P. 8(d) ("An allegation. . .is admitted if a responsive pleading is required and the allegation is not denied.").  The claims against the Board of Trustees and Rauch in his official capacity are dismissed with prejudice.

**B. State Law Claims**

The Court dismissed the state law claims for misappropriation and conversion against Rauch in his individual capacity as preempted by the Copyright Act with leave to amend. Plaintiff's SAC asserts claim for conversion, misappropriation and unfair business practices. Defendant argues the claims for conversion, misappropriation and unfair business practices fall with the purview of the Copyright Act, because they involve copyright subject matter and do not allege an "extra element" that materially changes them. Plaintiff argues the allegations of the SAC establish the "extra element" necessary to avoid preemption.

**1. Legal Standard**

Section 301(a) states that all legal rights stemming from copyright ownership are to be governed by federal law. The Ninth Circuit employs a two-part test to determine whether a claim is preempted by the Copyright Act. <u>Laws v. Sony Music Entertainment, Inc.</u>, 448 F.3d 1134 (9th Cir. 2006); <u>Kodadek v. MTV</u>, 152 F.3d 1209 (9th Cir. 1998); <u>Del Madera Properties v. Rhodes and Gardner, Inc.</u>, 820 F.2d 973 (9th Cir. 1987) (overruled on other grounds). First, preemption will only occur if the work in question falls within the scope of the Copyright Act as set forth in 17 U.S.C. §§102, 103. <u>Id.</u> Second, the specific state law rights claimed must be commensurate to rights that are protected by the Copyright Act in 17 U.S.C. § 301(a). <u>Id.</u> "A 'right which is equivalent to copyright' is one which is infringed by the mere act of reproduction, performance, distribution, or display." <u>Balboa v. Trans Global</u>, 218 Cal.App.3d 1327(1990)(quoting 1 *Nimmer on Copyright* §1.01[b] at pages 1-12). If the state law contains an element that is not present in the Copyright Act which materially changes the cause of action, the state law claim will not be preempted. <u>Balboa</u>, 218 Cal.App.3d 1327.

**2. Analysis**

**a. The Scope of the Copyright Act**

Upon review of the FAC, Plaintiff seeks relief for the theft of "tangible materials," and "intangible ideas" including questionnaires, questionnaire design strategies, research strategies, mathematical equations, data gathering techniques, training techniques, sample selection, quality control procedures, data analysis techniques, work papers, methodologies and other

tangible and intangible property. SAC ¶ 60. The Court finds the tangible properties are "tangible works of authorship" within the scope of the Copyright Act. See Del Madera Properties; see also 17 U.S.C. §§ 101, 102. Furthermore, the questionnaires and work papers were created in connection with the copyrighted economic impact studies.

The Court further finds the "intangible ideas" generated in connection with the impact studies, as alleged in the complaint, are also within the scope of the Copyright Act. See U.S. Ex. Rel. Berge v. Trustees of the University of Alabama, 104 F.3d 1453 (4th Cir. 1997) (finding state claim for conversion for "ideas" contained in copyrighted doctoral thesis is preempted by the Copyright Act); Entous v. Viacom Intern., Inc., 151 F.Supp.2d 1150 (C.D.Cal. 2001); Selby v. New Line Cinema Corp., 96 F.Supp.2d 1053 (C.D.Cal. 2001); Firoozye v. Earthlink Network, 153 F.Supp.2d 1115 (N.D.Cal. 2001).

**b. Equivalent to Right Protected Under the Copyright Act**

**i. Conversion**

Defendants argue the conversion claim seeks only monetary damages and, therefore, fails to add any "extra element" to that which is covered by the Copyright Act. Relying on the holding in G.S.Rasmussen & Assoc. v. Kalita Flying Serv. Inc., 958 F.2d 896 (9th Cir. 1992), Plaintiff argues its conversion claim that seeks damages for use of copyrighted material is not preempted by the Copyright Act. Defendants argue G.S. Rasmussen does not resuscitate the claim, because the Ninth Circuit holding was based upon specific facts that are not present here; namely, that the conversion claim was not preempted where the defendant converted a specific government privilege.

In G. S. Rasmussen, the holder of a Supplemental Type Certificate ("STC") issued by the Federal Aviation Administration for an aircraft modification design sued a company for the use of the STC without a license for conversion and unjust enrichment. Upon finding the plaintiff sought relief for not only the copying of documents, but their use for "obtaining a valuable privilege-the right to modify an airplane in a particular way without going to the trouble and expense of proving that the modification meets FAA standards", the Ninth Circuit determined the Copyright Act did not preempt the plaintiff's claim for conversion. 958 F.2d

at 904.

In this action, Plaintiff alleges Rauch "simply copied and plagiarized substantial portions of Plaintiff's 2003 Economic Impact Report and other proprietary information and intellectual property, substituting different data, to prepare the 2004 SDSI economic impact report instead of creating their own original report." SAC ¶ 36. Plaintiff further alleges Defendant copied the report "rather than independently performing a legitimate economic impact study and then independently writing a report about such study." Id. ¶ 39. With regard to the conversion claim, Plaintiff alleges Defendant "used Plaintiff's tangible and intangible Property to conduct multiple economic impact studies and surveys." Id. ¶ 61. The Court finds G. S. Rasmussen is distinguishable from Plaintiff's claim. Based upon the allegations, the core of the conversion claim is the wrongful reproduction of Plaintiff's property in future economic impact studies. As such, the conversion claim is seeking relief for rights protected under the Copyright Act and is, therefore, preempted by the Act.

**ii. Misappropriation of Trade Secrets**

Defendants argue the misappropriation claim is preempted, because Plaintiff fails to allege Defendant Rauch was under any obligation to keep the material he disclosed secret. They maintain, absent any duty to keep the material secret, the misappropriation claim asserts rights equivalent to those protected under the Copyright Act. Plaintiff argues the complaint expressly alleges Rauch disclosed confidential and proprietary information to multiple third parties and, in doing so, violated the secrecy of the protected materials.

Plaintiff alleges the tangible and intangible property at issue constituted "confidential, proprietary and trade secret information owned by Plaintiff," subject to efforts to maintain the secrecy and Defendant disclosed the confidential information. SAC ¶¶ 68, 70, 72. The basis of Plaintiff's misappropriation claim is that Defendant wrongfully disclosed confidential and proprietary, trade secret information. As such, the claim is not based solely upon the reproduction of Plaintiff's protected information and, is therefore, not preempted by the Copyright Act. See Summit Mach. Tool Mgf. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1440 (9th Cir. 1993); Transdes Corp. v. Atkinson Co., 996 F.2d 655, 659 (4th Cir. 1993).

### iii. Unfair Business Practice

Defendants maintain the unfair business practices claim is founded entirely on the other claims of the complaint and are likewise preempted. Plaintiff argues, for the same reasons it asserts the other claims are not preempted, the unfair business practice claim is not preempted.

In the complaint, Plaintiff alleges Defendant engaged in "unlawful and unfair business practices prohibited by Business & Professions Code section 17200 *et. seq.*" through the conduct previously alleged in the complaint. SAC ¶ 82. To the extent the unfair business practice claim is based upon the copyright and conversion claims, it is preempted. To the extent it is based upon the misappropriation claim, the unfair business practice claim is not preempted.

### 3. Conclusion

Based upon the discussion above, the conversion claim and the unfair business practice claim based upon the copyright claim and the conversion claim are preempted and shall be DISMISSED.[1] Because the misappropriation claim and unfair business practice claim are not preempted the motion to dismiss those claims is DENIED.

## II. Motion for Sanctions

Defendants argue the amended complaint violates Rule 11 of the Federal Rules of Civil Procedure because it was improper to assert claims that were dismissed with prejudice. Rule 11 "requires that sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987) (citing Zuniga v. United Can Co., 812 F.2d 443, 452 (9th Cir. 1987)). An objective reasonableness standard is applied in determining whether sanctions are merited. See Rachel, 831 F.2d at 1508.

Defendants argue counsel for Plaintiff filed a "carbon copy" of their previous complaint, which included the claims dismissed with prejudice by this Court without first looking into the

---

[1] Defendants maintain Plaintiff has had "three bites at the apple" and is not entitled to another opportunity to amend the complaint. They ask that the state law claims be dismissed with prejudice. Plaintiff seek an opportunity to amend if the Court determines the misappropriation claim fails to allege a duty to maintain secrecy. Because the Court finds the misappropriation claim is not preempted and Plaintiff has been provided ample opportunity to amend the complaint to allege a conversion claim not preempted by the Copyright Act, the conversion claim and unfair business claim based upon the conversion claim shall be dismissed with prejudice.

legality of doing so. They maintain the SAC, as drafted, is frivolous. In refusing to correct the problem, after being informed of such, Defendants argue Plaintiff caused unnecessary delay and needless increased costs of litigation. Defendants seek sanctions in the amount of $7,000, which is based upon the time spent researching, drafting and responding to correspondence, researching and preparing the motion and reply brief, and an approximation of the travel time for attending a hearing on the motion.

Plaintiff argues there has been no Rule 11 violation. Plaintiff maintains counsel determined it was necessary and appropriate to include the allegations against the Board of Trustees and Rauch in his official capacity, to avoid a waiver of the claims and preserve its appeal of the dismissal of those claims. Plaintiff further maintains the amount of sanctions sought is outrageous.

As this Court mentioned previously, there is minimal authority on the appropriateness of reasserting claims dismissed with prejudice in an amended complaint. The Court finds Plaintiff's motivation and act of including the claims cannot be described as legally unreasonable nor frivoulous. Accordingly, sanctions are not warranted and the motion is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendant Board of Trustees is **DISMISSED with prejudice**. All claims against Defendant Rauch in his official capacity are **DISMISSED with prejudice**. The conversion claim and the unfair business practice claim based upon the conversion and copyright allegations are **DISMISSED with prejudice**. The motion is **DENIED** as to the misappropriation claim and the unfair business practice claim based upon the misappropriation allegations against Rauch in his individual capacity.

//

2. Defendants' motion for sanctions is **DENIED**.

DATED: December 2, 2008

JOHN A. HOUSTON
United States District Judge