DANIEL C. DECARLO, SB# 160307
  E-Mail: decarlo@lbbslaw.com
DEBORAH F. SIRIAS, SB# 102893
  E-Mail: sirias@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant The Board of Trustees
of the California State University and Robert Rauch

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETING INFORMATION MASTERS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, WHICH IS THE STATE OF CALIFORNIA ACTING IN ITS HIGHER EDUCATION CAPACITY (erroneously sued herein as THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, A PUBLIC ENTITY ACTING THROUGH ITS SUBDIVISION SAN DIEGO STATE UNIVERSITY); and ROBERT A. RAUCH, an individual,<br><br>Defendants. | CASE NO. 06CV 1682 JAH JMA<br><br>**ANSWER BY DEFENDANT ROBERT A RAUCH TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Action Filed: August 18, 2006<br>Trial Date: None |

Defendant Robert A. Rauch ("Defendant"), hereby answers the Second Amended Complaint of Plaintiff Marketing Information Masters, Inc. ("Plaintiff") according to the numbered Paragraphs, as follows:[1]

---

[1] Per this Court's Order on December 2, 2008, all claims against all other defendants named in this suit been dismissed with prejudice, and thus this Answer is on behalf of Defendant Robert A. Rauch only. As to Rauch, per this Court's Order,

4838-6554-2403.1                                    -1-
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINAT

1. Admitted in part; denied in part. Defendant denies the claim for Conversion as it was dismissed with prejudice per this Court's Order of December 2, 2008. Except as stated herein, Defendant admits Paragraph 1.

2. Defendant is without Knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and thus, deny same.

3. Admitted

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and thus, deny same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and thus, deny same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and thus, deny same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and thus, deny same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and thus, deny same.

9. Admitted.

10. As it relates to the allegations in paragraph 10, Defendant admits that he possessed a copy of the 2003 Economic Impact Report, as to all other allegations, such are denied.

11. As to Defendant Rauch, in his individual capacity, the allegations are denied.

12. Admitted in part; denied in part. Defendant denies the claim that he is guilty of copyright infringement, conversion, and unfair business practices. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and thus, deny same.

---

all claims against him in his official capacity have been dismissed with prejudice.

4838-6554-2403.1
-2-
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAIANT

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and thus, deny same.

14. Admitted.

15. Admitted.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and thus, deny same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and thus, deny same.

18. Admitted

19. Admitted

20. Admitted

21. Defendant admits that he was an employee of California State University San Diego ("CSUSD") and admits that all of the activity for which is alleged to have been undertaken by Rauch, was done in his capacity as an employee of CSUSD. As to all other allegations in paragraph 21, such are denied.

22. Admitted.

23. Defendant admits that all relevant times he was acting as the Agent, Servant and Employee of CSUSD, as to all other allegations in Paragraph 23, such are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and thus, deny same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and thus, deny same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and thus, deny same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and thus, deny same.

28. Defendant is without knowledge or information sufficient to form a

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAIANT

belief as to the truth of the allegations of Paragraph 28 and thus, deny same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and thus, deny same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and thus, deny same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and thus, deny same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and thus, deny same.

33. Admitted.

34. Defendant admits that on or about November of 2003 he contacted Mr. Casinelli and had a conversation with him. As to all other allegations in paragraph 34, such are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and thus, deny same.

36. As to Defendant Rauch, in his individual capacity, the allegations are denied.

37. As to Defendant Rauch, the allegations are denied.

38. As to Defendant Rauch, the allegations are denied.

39. As to Defendant Rauch, the allegations are denied.

40. As to Defendant Rauch, the allegations are denied.

41. As to Defendant Rauch, the allegations are denied.

42. Defendant admits that CSUSD conducted an internal investigation, as to all other allegations in paragraph 42 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and thus, deny same.

44. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 44 and thus, deny same.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

45. Defendant incorporates by reference his answers to Paragraphs 1 through 44 as if fully set forth herein.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and thus, deny same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and thus, deny same.

48. As to Defendant Rauch, the allegations are denied.

49. As to Defendant Rauch, the allegations are denied.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and thus, deny same.

51. As to Defendant Rauch, the allegations are denied.

52. As to Defendant Rauch, the allegations are denied.

53. As to Defendant Rauch, the allegations are denied.

54. As to Defendant Rauch, the allegations are denied.

55. As to Defendant Rauch, the allegations are denied.

56. As to Defendant Rauch, the allegations are denied.

57. As to Defendant Rauch, the allegations are denied.

58. As to Defendant Rauch, the allegations are denied.

## SECOND CLAIM FOR RELIEF
### (Conversion)

59 Defendant incorporates by reference his answers to Paragraphs 1 through 58 as if fully set forth herein.

60-66 Denied. Per this Court's Order of December 2, 2008, The Second Claim for Conversion has been dismissed with prejudice due to preemption of the

Copyright Act, thus the allegations are denied.

## THIRD CLAIM FOR RELIEF

### (Misappropriation)

67. Defendant incorporates by reference his answers to Paragraphs 1 through 66 as if fully set forth herein.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and thus, deny same.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and thus, deny same.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and thus, deny same.

71. As to Defendant Rauch, the allegations are denied.

72. As to Defendant Rauch, the allegations are denied.

73. As to Defendant Rauch, the allegations are denied.

74. As to Defendant Rauch, the allegations are denied.

75. As to Defendant Rauch, the allegations are denied.

76. As to Defendant Rauch, the allegations are denied.

77. As to Defendant Rauch, the allegations are denied.

78. As to Defendant Rauch, the allegations are denied.

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices)

79. Defendant incorporates by reference his answers to Paragraphs 1 through 78 as if fully set forth herein.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and thus, deny same.

81. Admitted

82. As to Defendant Rauch, the allegations are denied.

83. As to Defendant Rauch, the allegations are denied.

84. As to Defendant Rauch, the allegations are denied.

85. As to Defendant Rauch, the allegations are denied.

86. As to Defendant Rauch, the allegations are denied.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and thus, deny same.

88. As to Defendant Rauch, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

89. The complaint fails to set forth a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of The United State Constitution.

### THIRD AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, because Defendant is entitled to immunity for actions alleged to be wrongful herein.

///

///

///

///

///

///

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAIANT

## FOURTH AFFIRMATIVE DEFENSE

95. Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the plaintiff's claims. These additional defenses cannot be articulated at this time due to the Plaintiff's failure to properly describe its claim with sufficient particularity in the complaint.

WHEREFORE, Defendant demands judgement dismissing the Complaint, with prejudice, and awarding Defendant's attorneys' fees, costs and disbursements of this action, and such other further relief as this Honorable Court deems just, equitable, and proper.

DATED: December 23, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Daniel C. DeCarlo
Attorneys for Defendant